IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| ISABEL M. LOPERA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE RECEIVABLE MANAGEMENT SERVICES CORPORATION, and DISCOVER FINANCIAL SERVICES, INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   JURY DEMAND |

**COMPLAINT – CLASS ACTION**

1.  ISABEL M. LOPERA (hereinafter referred to as "Plaintiff") brings this action for damages, and other legal and equitable remedies, against The Receivable Management Services Corporation ("RMS") and Discover Financial Services, Inc., ("Discover") (collectively "Defendants") for negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without her prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA") and RMS' conduct in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The TCPA prohibits automated telephone calls to cellular telephones without prior express consent. The FDCPA prohibits the use of any conduct the natural consequences of which is to harass, oppress, or abuse any person.

2.  "Voluminous consumer complaints about abuses of telephone technology--for example, computerized calls dispatched to private homes-- prompted Congress to pass the TCPA. Congress determined that federal legislation was needed because

telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 744, 181 L.Ed.2d 881 (2012). In an effort to enforce this fundamental federal right to privacy, Plaintiff files the instant class action complaint alleging violations of the TCPA.

3. Defendants have caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies these calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such calls and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), §1337, 15 U.S.C. § 1692k(d) (FDCPA), and 47 U.S.C. §227 (TCPA). Venue in this District is proper because plaintiff resides here and Defendants transact business within this district.

## PARTIES

5. Plaintiff Isabel M. Lopera is, and at all times mentioned herein was, an individual citizen of the State of Illinois, who resides in the district.

6. Defendant RMS is a Delaware corporation with an office in Naperville, Il. Its registered agent in Illinois is CT Corporation, 208 S. LaSalle Street, Ste. 814, Chicago, Il. 60604. Defendant provides collection services on thousands of defaulted accounts including from individual consumers in Illinois.

7. Defendant Discover is a Delaware corporation with its principal executive office located at 2500 Lake Cook Road, Riverwoods, Illinois 60015

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

8. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. The TCPA regulates, among other things, the use of automated telephone equipment, or "auto-dialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

10. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

11. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

12.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

13.     In the same Declaratory Ruling, the FCC emphasized that both the creditor and the third party debt collector may be held liable under the TCPA for debt collection calls. ("A creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call….A third party collector may also be liable for a violation of the Commission's rules.")

## FACTS

14.     At all times relevant, Plaintiff was an individual residing in the State of Illinois.

15.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

16.     RMS was the original collections division of Dun and Bradstreet and was established as an independent business entity in 2001.  In  2010, RMS was acquired by

iQor Holdings, Inc., which is one of the largest and fastest growing technology and services companies in the world.

17. RMS used instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

18. RMS regularly collect, or attempt to collect, debts owed or due another.

19. RMS is a "debt collector" as defined by the FDCPA.

20. RMS is, and at all times mentioned herein were, a corporation and a "person", as defined by 47 U.S.C. § 153(10).

21. Plaintiff received calls from RMS on her cellular telephone within four years of filing this action. These telephone calls from RMS were an attempt to collect a debt relating to plaintiff's father.

22. Plaintiff did not incur the debt on which Defendant was attempting to collect, and therefore did not list her cellular phone number in or on any documents the transaction that resulted in the debt owed, nor did she verbally provide her phone number to or consent to any calls on her cellular phone by Defendant.

23. All telephone contact by Defendant to Plaintiff on her cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1). RMS' website promotes its use of Dialers, ACD (Automated Call Distribution), IVR (Integrated Voice Response) and its use of skip-tracing accounts to replace non-working phone numbers. http://www.rmsna.com/global-services/third-party-recovery-services/rms-collection-services.asp?link=nav. November 12, 2012. Further, RMS' dialer "automatically dial batches of phone numbers simultaneously."

24. All calls that are the subject of this complaint occurred within four years of the filing of this complaint.

25. Both RMS and Discover are, and at all times mentioned herein were "person[s]", as defined by 47 U.S.C. § 153(39)

26. The telephone number that Defendant dialed with an "automatic telephone dialing system" to contact Plaintiff was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

27. Defendant's telephone calls to Plaintiff's cellular phone were placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

28. Plaintiff did not provide "express consent" allowing either Defendant to place telephone calls to Plaintiff's cellular phone utilizing an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

29. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

## COUNT I - TCPA CLASS CLAIM (CELLULAR CALLS)

30. Plaintiff incorporates the above factual allegations herein.

31. RMS made automated telephone calls to the wireless telephone numbers of Plaintiff and the other class members using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

32. RMS has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . ." As a result of Defendant's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

33. If the court finds that RMS's misconduct was willful and knowing, the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the class.

34. Discover is a creditor on whose behalf an autodialed call was made to plaintiff and a portion of the class. As such, it bears responsibility for any violation of the TCPA by RMS for those calls.

35. Plaintiff and class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

## CLASS ALLEGATIONS

36. Plaintiff proposes the following three class definitions, subject to amendment as appropriate:

> (1) All persons in the United States (2) to whose cellular telephone number (3) RMS placed a non-emergency telephone call (4) using an automatic telephone dialing system or an artificial or prerecorded voice (5) on or after November 19, 2008 (6) with respect to a debt allegedly owed to Discover. Excluded from this class are any such persons who provided that cellular telephone number to either defendant.

> (1) All persons in the United States (2) to whose cellular telephone number (3) RMS placed a non-emergency telephone call (4) using an automatic telephone dialing system or an artificial or prerecorded voice (5) on or after November 19,

2008. Excluded from this class are any such persons who provided that cellular telephone number to either RMS or the original creditor.

(1) All persons in the United States (2) to whose cellular telephone number (3) Discover or a third party on its behalf placed a non-emergency telephone call (4) using an automatic telephone dialing system or an artificial or prerecorded voice (5) on or after November 19, 2008 (6) with respect to a debt allegedly owed to Discover. Excluded from this class are any such persons who provided that cellular telephone number to Discover in the transaction that resulted in the debt.

37. Plaintiff does not know the exact number of members in the Classes, but based upon the size and nationwide practices of Defendants, Plaintiff reasonably believes that class members number in the thousands or tens of thousands.

38. Plaintiff and all members of the class have been harmed by the acts of Defendant.

39. This Class Action Complaint seeks money damages and injunctive relief.

40. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The class can be identified easily through records maintained by Defendants.

41. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether, beginning in 2008, Defendants made nonemergency calls to Plaintiff and class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

b. Whether Defendants can meet their burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

c. Whether Defendants' conduct was knowing and/or willful;

d. Whether Defendants are liable for damages, and the amount of such damages; and

e. Whether Defendants should be enjoined from engaging in such conduct in the future.

42. As a person who received telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without her prior express consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of each class member. Plaintiff will fairly and adequately represent and protect the interests of the class, and she has no interests which are antagonistic to any member of the class.

43. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

44. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendants to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not

provide the prior express consent required under the statute to authorize calls to their cellular telephones.

45. Defendants have acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendants for:

a. As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

b. As a result of Defendants' willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

d. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative

of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

      f.    Such other relief as the Court deems just and proper.

## COUNT II – INDIVIDUAL FDCPA CLAIM AGAINST RMS

46. Plaintiff incorporates the above factual allegations herein.

47. RMS telephoned Plaintiff several times in connection with the collection of a debt that RMS knew or should have known was not owed by Plaintiff, the natural consequence of which was to harass, abuse, and/or oppress Plaintiff in violation of 15 USC 1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against RMS for:

      a.    Statutory damages;

      b.    Actual damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems appropriate.

      Respectfully submitted,

      /s/ Keith J. Keogh
      One of Plaintiff's attorneys

Keith J. Keogh
Craig Shapiro
Timothy J. Sostrin
Katherine M. Bowen
Keogh Law, Ltd.
101 North Wacker Drive, Suite 605
Chicago, Illinois 60606
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

Matthew W. Kiverts
Law Offices of Matthew W. Kiverts
27 North Wacker Drive, Suite 401
Chicago, Illinois 60606
312.632.1017 (office)
866.596.2210 (fax)
mkiverts@kivertslaw.com

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Keith J. Keogh