IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| ISABEL M. LOPERA, on behalf of herself and all others similarly situated, | ) ) ) | Judge James Zagel |
| | ) | Magistrate Daniel Martin |
| Plaintiff, | ) ) | 12-cv-9649 |
| v. | ) ) | |
| THE RECEIVABLE MANAGEMENT SERVICES CORPORATION | ) ) ) | |
| Defendant. | ) | JURY DEMAND |

**PLAINTIFF'S SECOND[1] AMENDED MOTION FOR CLASS CERTIFICATION**

Plaintiff, Isabel M. Lopera, respectfully requests that this Court enter an order determining that this action against The Receivable Management Services Corporation ("RMS") may proceed on behalf of a class.

Plaintiff proposes the following class definition[2], subject to amendment as appropriate:

(1) All persons in the United States (2) to whose cellular telephone number (3) RMS placed a non-emergency telephone call (4) using an automatic telephone dialing

---

[1] Plaintiff filed the amended motion for certification because Discover was dismissed from this action, which necessitated the need to remove one of the classes sought. The

[2] The Seventh Circuit expressly authorizes the modification of the class definition from the complaint.. *See e.g., Messner v. Northshore Univ. Healthsystem*, 669 F.3d 802, 825 (7th Cir. 2012)("either problem can and often *should* be solved by refining the class definition rather than by flatly denying class certification on that basis.")(Emphasis added and citations omitted); *In re Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004)("holding plaintiffs to the plain language of their definition would ignore the ongoing refinement and give-and- take inherent in class action litigation, particularly in the formation of a workable class definition"). Should the Court desire Plaintiff to amend the complaint to conform with the new definition, Plaintiff will do so without delay.

system or an artificial or prerecorded voice (5) on or after November 19, 2008 and (6) after obtaining that number from a third party skip trace company where said company indicated the number was a cellular telephone number.

A.     **NATURE OF THE CASE**

1.     In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA"), in response to a growing number of consumer complaints regarding certain telemarketing practices.

2.     The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

3.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

4.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent to the creditor, and that such number was provided during the transaction that resulted in the debt

2

owed."

5. In the same Declaratory Ruling, the FCC emphasized that both the creditor and the third party debt collector may be held liable under the TCPA for debt collection calls. ("A creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call... A third party collector may also be liable for a violation of the Commission's rules.")

6. At issue in this case are numerous telephone calls that Defendant placed to Plaintiff (and the proposed class members) through the use of an automatic telephone dialing system and prerecorded voice.

7. Defendant telephoned Plaintiff regarding a debt that Plaintiff did not incur and therefore did not list her cellular phone number in or on any documents at any time during the transaction that resulted in the debt, nor did she verbally provide her phone number to or consent to any calls on her cellular phone by Defendant.

8. Some of the calls by RMS to Plaintiff on her cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. §227(a)(1), and those calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

9. The complained of telephone calls did not constitute calls for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A)(I).

10. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling,

3

the burden is on RMS to demonstrate that Plaintiff provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

### B. REQUIREMENTS FOR CLASS CERTIFICATION

11. All requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied in each class

12. The classes are so numerous that joinder of all members is impractical. Fed. R. Civ. P. 23(a)(1). Defendant RMS is a major provider of nationwide collection services and regularly uses an autodialer to place collection calls. Plaintiff has attached her expert report which supports numerosity to her memorandum in support of class certification. At this point, it is not necessary that the precise number of class members be known: "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Litigation*, 95 F.R.D. 321, 324 (E.D.N.Y. 1982). The court may "make common sense assumptions in order to find support for numerosity." *Cannon v. Nationwide Acceptance Corp.*, No. 96 C 1136, 1997 U.S. Dist. LEXIS 3517, 1997 WL 139472, at *2 (N.D.Ill. March 25, 1997) (quoting *Evans v. United States Pipe & Foundry*, 696 F.2d 925, 930 (11th Cir. 1983)). "[T]he court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential in most cases in order to reach a class determination ... Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 *Newberg on Class Actions* (3d ed. 1992), §7.22.A.

13. There are questions of fact or law common to the classes, which predominate

over any questions affecting only individual members. Fed. R. Civ. P. 23(a)(2), Fed. R. Civ. P. 23(a)(3). These common questions include:

    A.    Whether Defendant made calls to cellular telephones with an autodialer or artificial or prerecorded voice; and

    B.    Whether Defendant's conduct was knowing or willful.

14. Plaintiff will fairly and adequately protect the interests of the members of the class. Fed. R. Civ. P. 23(a)(4). Plaintiff has no conflicting interests with the classes and is seeking relief on behalf of members of the class. Plaintiff has retained counsel who are experienced in pursuing class actions on behalf of consumers under the TCPA. A copy of counsel's affidavit is attached to the memorandum as *Exhibit 5*.

15. A class action is a superior method for the fair and efficient adjudication of this case. Fed. R. Civ. P. 23(b)(3). The claims brought by Plaintiff are shared by hundreds, if not thousands, of consumers. Fed. R. Civ. P. 23(a)(3). The resolution of all claims held by members of the classes in a single proceeding would promote judicial efficiency. Furthermore, members of the classes may not be aware of their rights under the law to recover for Defendant's practices.

WHEREFORE, Plaintiff respectfully requests that this Court certifying the class set forth above and requests that she be named as class representative and plaintiff's counsel be appointed counsel for the class.

Respectfully Submitted,

/s/ Keith J. Keogh
Keith J. Keogh

Keith J. Keogh
Timothy Sostrin
Katherine M. Bowen

5

KEOGH LAW, LTD.
55 W. Monroe, Ste. 3390
Chicago, IL 60606
312.726.1092/312.726.1093 (fax)
Keith@Keoghlaw.com