## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

| | | |
|---|---|---|
| ISABEL M. LOPERA, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Hon. James Zagel |
| v. | ) ) | 12-cv-9649 |
| THE RECEIVABLE MANAGEMENT SERVICES CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

## **MEMORAUNDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

Keith J. Keogh
Timothy J. Sostrin
Katherine M. Bowen
Keogh Law, Ltd.
55 W. Monroe, Ste. 3390
Chicago, Illinois 60603
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

Matthew W. Kiverts
Law Offices of Matthew W. Kiverts
27 North Wacker Drive, Suite 401
Chicago, Illinois 60606
312.632.1017 (office)
866.596.2210 (fax)
mkiverts@kivertslaw.com

**Table of Contents**

I.    THE TELEPHONE CONSUMER PROTECTION ACT. ...........................................1

II.   Background Facts.............................................................................................2

III.  RULE 23 ..........................................................................................................3

    A. Numerosity ................................................................................................3

    B. Commonality .............................................................................................4

    C. Typicality...................................................................................................5

    D. Adequacy..................................................................................................5

    E. Predominance............................................................................................6

    F. Superiority.................................................................................................9

    G. Definiteness ............................................................................................10

III.  Conclusion ....................................................................................................15

## Cases

*Agne v. Papa John's Intern., Inc.*, 286 F.R.D. 559, 2012 WL 5473719 (W.D. Wash. Nov. 9, 2012)..................................................................................................2, 7, 10

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997)..................................................................................................3

*Balbarin v. North Star Capital Acquisition*, LLC, 2010 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill. Jan. 5, 2011) ............................................................2, 7

*Barnes v. Canadian Nat'l Ry. Co.*, 2010 U.S. Dist. LEXIS 144916, (N.D. Ill. 2010) ........4

*CE Design LTD. v. Cy's Crabhouse North Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009) ............8

*CE Design v. Beaty Constr. Inc.*, 2009 U.S. Dist. LEXIS 5842, (N.D. Ill. Jan. 26, 2009)13

*Espinal v. Burger King Corp.*, Case No. 1:09-cv-20982, DE61 (S.D.Fla., May 25, 2010) 2

*Fournigault v. Independence One Mortgage Corp.*, 234 F.R.D. 641, 645 (N.D. Ill. 2006)(Zagel, J.)..........................................................................................4, 5

*G.M. Sign, Inc. v. Brink's Mfg. Co.*, 2011 U.S. Dist. LEXIS 7084, (N.D. Ill. 2011) ..........8

*G.M. Sign, Inc. v. Finish Thompson, Inc.*, 2009 U.S. Dist. LEXIS 73869, (N.D. Ill. 2009) ..................................................................................................8, 13

*G.M. Sign, Inc. v. Franklin Bank*, S.S.B, 2008 U.S. Dist. LEXIS 79827, 2008 WL 3889950, at *7 (N.D. Ill. 2008) ................................................................8, 13

*G.M. Sign, Inc. v. Group C Commc'ns, Inc.*, No. 08-CV-4521, 2010 WL 744262, (N.D. Ill. Feb. 25, 2010) ..............................................................................9

*Garrett v. Ragle Dental Laboratory, Inc.*, 2010 U.S. Dist. LEXIS 108339 (N.D. Ill. 2010) ..................................................................................................8

*Gen. Tel Co, of the Southwest v. Falcon*, 457 U.S. 147, (1982)........................................10

*Green v. Service Master On Location Services Corp.*, 2009 U.S. Dist. LEXIS 53297.......8

*Hartless v. Clorox Co.*, 2011 U.S. Dist. LEXIS 5427, (S.D. Cal. Jan. 20, 2011) ............14

*Haschak v. Fox & Hound Rest. Group*, 2012 U.S. Dist. LEXIS 162476, (N.D. Ill. 2012).5

*Herkert v. MRC Receivables Corp.*, 254 F.R.D. 344, (N.D. Ill. 2008)............................10

*Hinman v. M and M Rental Center Inc.*, 545 F. Supp. 2d 802 ..........................................8

*Holtzman v. Turza*, Nos. 11-3188 and 11-3746, 2013 U.S. App. LEXIS 17811 (7th Cir. Aug. 26,2013) ..........................................................................................2

*Hughes v. Kore of Indiana Enterprise, Inc.*, No. 13-8018, 2013 U.S. App. LEXIS 18873 (7th Cir. Sept. 10, 2013) ............................................................14, 15

*In re Holocaust Victims Assets Litigation*, 105 F.Supp. 2d 139, 143-45 (E.D. N.Y. 2000) ..................................................................................................15

*Jamison v. First Credit Servs.*, 290 F.R.D. 92 (N.D. Ill. 2013)........................................9

*Kertesz v. Rick's Cabaret International, Inc.*, Case No. 0:11-cv-61289, DE 36 (S.D.Fla.,April 23, 2012)............................................................................2

*Lee v. Stonebridge Life Ins. Co.*, 289 F.R.D. 292, (N.D. Cal. 2013)................................7

*Mais v. Gulf Coast Collection Bureau, Inc.*, --- F.Supp.2d ----, 2013 WL 1899616 (S.D.Fla. May 8, 2013) ..............................................................................2

*Manno v. Healthcare Revenue Recovery Group,LLC*, 2013 U.S.Dist.LEXIS 52620 (S.D.Fla., Mar. 26, 2013)........................................................................2, 7

*Martin v. Dun & Bradstreet, Inc.*, case no. 1:12-cv-215 (N.D.Ill. Sept. 12, 2012)............2

*Messner v. Northshore Univ. Healthsystem*, 669 F.3d 802, (7th Cir. 2012) ......................1

*Meyer v. Portfolio Recovery Associates, LLC*, 2012 WL 6720599 (9th Cir. Dec. 28, 2012) ..................................................................................................2, 7

*Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, (2012)............................................1

*Minter v. Wells Fargo Bank, N.A.*, 283 F.R.D. 268, (D. MD. 2012)...............................13

*Mitchem v. Illinois Collection Service*, 2011 U.S. Dist. LEXIS 714 (N.D. Ill. Jan. 3, 2011) ........................................................................................................................................2

*Myers v. Hertz Corp.*, 624 F.3d 537, (2nd Cir. 2010) ...........................................................6

*Paldo Sign and Display Co. v. Topsail Sportswear Inc.,* 2010 U.S. Dist. LEXIS 125842 (N.D. Ill. 2010) ..................................................................................................................8

*Rhodes v. Cracker Barrel Old Country Store, Inc.*, 213 F.R.D. 619................................14

*Rojas v. Career Education Corp.* (N.D. Ill. 2010) (10-cv-5260) ......................................13

*Sadowski v. Med1 Onlince LLC*, 2008 U.S. Dist. LEXIS 41766 (N.D. Ill 2008) ..............8

*Saltzman v. Pella Corp.*, 257 F.R.D. 471, (N.D. Ill. 2009) .............................................7, 10

*Sarabri v. Weltman, Weinberg, & Reis Co.*, 2012 U.S. Dist. LEXIS 125390, (S.D. Cal. 2012)................................................................................................................................10

*Shurland v. Bacci Café & Pizzeria on Ogden, Inc.*, 271 F.R.D. 139, (N.D. Ill. 2010) .....13

*Silbaugh v. Viking Magazine Servs.*, 278 F.R.D. 389, (N.D. Ohio 2012) .........................7

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, (7th Cir.2012) ...........................1

*Targin Sign Sys. v. Preferred Chiropractic Ctr. Ltd.*, 679 F.Supp.2d 894, (N.D. Ill. 2010) ...................................................................................................................................8, 12

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, (2011) ................................................4

*Wilson v. Airborne, Inc.*, 2008 U.S. Dist. LEXIS 110411, (C.D. Cal. Aug. 13, 2008) .....14

**Rules**

Fed. R. Civ. P. 23(b)(3) .........................................................................................................6

Fed. R. Civ. P. 23(c)(2)(B) .................................................................................................14

In support of her second amended motion[1] for class certification[2] of her claims under the Telephone Consumer Protection Act ("TCPA") against the Receivable Management Services Corporation ("RMS"), Plaintiff, Isabel M. Lopera, states:

## I.      THE TELEPHONE CONSUMER PROTECTION ACT.

"Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 744 (2012). Judge Easterbrook stated it this way:

> The Telephone Consumer Protection Act (TCPA or "the Act"), 47 U.S.C. § 227, is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir.2012).

Thus, the TCPA makes it unlawful to make any call using any "automatic telephone dialing system" ("ATDS") to any telephone number assigned to cellular telephone service unless the call is made "for emergency purposes" or with the "prior express consent" of the called party. 47 U.S.C. § 227(b)(1)(A)(iii).[3]

---

[1]    Plaintiff proposes the following class definition:(1) All persons in the United States (2) to whose cellular telephone number (3) RMS placed a non-emergency telephone call (4) using an automatic telephone dialing system or an artificial or prerecorded voice (5) on or after November 19, 2008 and (6) after obtaining that number from a third party skip trace company where said company indicated the number was a cellular telephone number.

[2]    The Seventh Circuit expressly authorizes the modification of the class definition from the complaint.. *See e.g., Messner v. Northshore Univ. Healthsystem*, 669 F.3d 802, 825 (7th Cir. 2012)("either problem can and often *should* be solved by refining the class definition rather than by flatly denying class certification on that basis.")(Emphasis added and citations omitted).

[3]    Courts have uniformly held that "prior express consent" is an affirmative defense and Defendant bears the burden of proof. *See Nelson v. Santander Consumer USA, Inc.*, 2013 U.S. Dist. LEXIS 40799, *17 (W.D. Wisc. 2013)(collecting cases); *see also CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d

The very nature of using an ATDS to call a large number of cellular telephones from defendant's databases makes class certification appropriate. This is why numerous TCPA autodialer classes have been certified. *Meyer v. Portfolio Recovery Associates, LLC*, 2012 WL 6720599 (9th Cir. Dec. 28, 2012) (preliminary certification for purposes of entering Fed.R.Civ.P. 23(b)(2) injunction); *Agne v. Papa John's Intern., Inc.*, 286 F.R.D. 559, 2012 WL 5473719 (W.D. Wash. Nov. 9, 2012); *Balbarin v. North Star Capital Acquisition*, LLC, 2010 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill. Jan. 5, 2011), *Mitchem v. Illinois Collection Service*, 2009 C 7274, 2011 U.S. Dist. LEXIS 714 (N.D. Ill. Jan. 3, 2011); *Martin v. Dun & Bradstreet, Inc.*, case no. 1:12-cv-215 (N.D.Ill. Sept. 12, 2012)[4], transcript attached as *Exhibit 1*. Aside from these cases, the Seventh Circuit had no qualms holding in favor of plaintiff in Soppet as to "prior express consent" on a classwide basis.[5] As explained herein, the Court should certify the class.

## II. Background Facts

RMS used an ATDS to call plaintiff's cellular telephone number, just like it did to the class she seeks to represent. RMS is a debt collector, who obtained the cellular telephone numbers of plaintiff and the putative class from a third party skip-tracing service (Lexis Nexis). At the time Lexis Nexis provided the telephone numbers, it

---

721, 728 (7th Cir. 2011)(referring to "the defense of invitation or permission," which is the analogous defense under §227(b)(1)(C)) of the TCPA addressing facsimile advertisements).

[4]   *See also Manno v. Healthcare Revenue Recovery Group,LLC*, 2013 U.S.Dist.LEXIS 52620 (S.D.Fla., Mar. 26, 2013) (cellular telephone calls);*Kertesz v. Rick's Cabaret International, Inc.*, Case No. 0:11-cv-61289, DE 36 (S.D.Fla.,April 23, 2012) (text messages); *Espinal v. Burger King Corp.*, Case No. 1:09-cv-20982, DE61 (S.D.Fla., May 25, 2010) (text messages); *Mais v. Gulf Coast Collection Bureau, Inc.*, ---F.Supp.2d ----, 2013 WL 1899616 (S.D.Fla. May 8, 2013).

[5] The opinion is incorrect in its statement that Judge Kennelly had certified the class in *Soppet* at the time of the appeal. Still, the fact that the panel held in favor of plaintiff when they understood the class to have been certified represents at least a tacit ratification of certification in certain cases. *See also Holtzman v. Turza*, Nos. 11-3188 and 11-3746, 2013 U.S. App. LEXIS 17811 (7th Cir. Aug. 26,2013) (Easterbrook, J.) (affirming class wide judgment in TCPA case).

2

informed RMS that those numbers were cellular telephone numbers. RMS then knowingly called the cellular numbers with its ATDS to collect debts. In plaintiff's case, RMS called to collect a debt allegedly owed by Plaintiff's father, but whether plaintiff or any class member owed the debt or not has no bearing on the class TCPA claim.

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████. *Exhibit 2 – Biggerstaff* p. 11, ¶33. ██████

██████████████████████████████████████████████████

████████████████████████████████████████. *Id.* at 7, ¶16. It is important to note that Plaintiff's expert limited the calls to cellular numbers that Lexis Nexis informed RMS were cellular numbers prior to RMS calling those numbers. The total number of class members can be identified in a matter of days via the same administrative comparison of data once all of the Lexis Nexis data is provided.

## III. RULE 23

The above class should be certified as it meets all four requirements of Rule 23(a) along with one of the three categories of Rule 23(b). *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997).

### A. Numerosity

Numerosity is satisfied where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "In determining the number of class members, precise numbers are not required so long as the plaintiff makes a good faith estimate. Generally, classes with more than one hundred plaintiffs satisfy the numerosity

---

6 ███████████████████████████████████████████████████
████████████████████████████████████████████.

requirement because joinder of hundreds of persons would stretch the facilities and abilities of this Court beyond their elastic limit. *Fournigault v. Independence One Mortgage Corp.*, 234 F.R.D. 641, 645 (N.D. Ill. 2006)(Zagel, J.)(citations omitted).



. *Exhibit 2, Biggerstaff* ¶33.

. *Id.* at ¶37. Joinder of these claims together in one suit is impracticable.

### B.    Commonality

Commonality requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). In other words, the class claims must "depend upon a common contention… capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). This Court has held that commonality requires only a single such factual or legal issue which is common to all, or substantially all, of the class members. *Barnes v. Canadian Nat'l Ry. Co.*, 2010 U.S. Dist. LEXIS 144916, *5 (N.D. Ill. 2010)(Zagel, J.)

There are several issues common to the class. For instance, (1) did RMS use an ATDS to call the class?; (2) Was RMS's practice of using an ATDS to call cellular telephones without prior express consent "willful or knowing?," (3) What is required for a "prior express consent" defense? Each issue is capable of class-wide resolution.

## C. Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This Court has held that typicality is satisfied where the plaintiff's claim is based on the same legal theory as the claim of the other class members and arises from the same practice of course of conduct. *Haschak v. Fox & Hound Rest. Group*, 2012 U.S. Dist. LEXIS 162476, *7 (N.D. Ill. 2012)(Zagel, J.)(citations omitted).

Plaintiff's claims are identical to the class' claims. Plaintiff and the class received autodialed calls from RMS on their cellular telephone numbers. They assert the same exact claims – that RMS violated section (b)(1)(A)(iii) of the TCPA and they seek the same relief - statutory damages under section (b)(3). Thus, in pursuing Plaintiff's own claim, she concomitantly advances the claims of the class. Typicality is satisfied.

## D. Adequacy

This requirement ensures the plaintiff "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy requirement is satisfied where the named representative (1) has retained competent counsel, (2) has a sufficient interest in the outcome of the case to ensure vigorous advocacy, and (3) does not have interests antagonistic to those of the class." *Fournigault*, 234 F.R.D. at 646 (Zagel, J.)

As described above, Plaintiff has no conflict with other class members because Plaintiff and the other class members have the same interests. They were subjected to the same illegal conduct by RMS (its use of an autodialer to call their cell phones), they assert the same claims, and they seek the same relief.

5

Plaintiff and her counsel have conducted depositions and written discovery, obtained expert testimony to support the class claims, and will continue to vigorously prosecute this action on behalf of the class. Ms. Loepra has a college degree in accounting and presently works as a recruiter for accountants. *Exhibit* 4 at 27:5-8 and 29:12-23. She has testified that she is looking out for the class' interests as well as that she is familiar with the law at issue based on the fact that her husband is an in-house attorney for a debt collector and she has attended Association of Credit and Collection conferences were the TCPA has been discussed. *Id* at 154:8-11, 164:8-24, 165:1-8, 195-202.

In addition, Plaintiff's counsel has no conflicts with the class and is experienced and qualified to prosecute this action on behalf of the class as counsel has been appointed as class counsel in several certified class actions brought under the TCPA. *Exhibit 5, Declarations of Counsel*. Adequacy is satisfied.

### E.     Predominance

Rule 23(b)(3) requires that "the questions of law or fact common to the class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). "Predominance is a question of efficiency" requiring the Court to determine whether it is more efficient "to decide some issues on a class basis or all issues in separate trials." *Butler v. Sears*, 702 F.3d 359, 362 (7th Cir. 2012). The existence of some individual issues, therefore, does not preclude certification so long as common issues "are more substantial than those subject to only to individualized proof." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2nd Cir. 2010); *Saltzman v. Pella Corp.*, 257 F.R.D.

471, 484-87 (N.D. Ill. 2009)(Zagel, J.)(certifying class even though several individual issues existed because they did not predominate the action).

Plaintiff has identified three common questions that will predominate this action. These issues will be addressed extensively at summary judgment and at trial on a class wide basis. There are no individualized issues that will predominate.

Further "prior express consent" is either an issue common to the class or at least one that does not predominate under the TCPA. *See e.g., Meyer*, 707 F.3d at 1042 (rejecting argument that consent predominated the action when numbers were obtained by debt collector from a skip tracer); *Lee v. Stonebridge Life Ins. Co.*, 289 F.R.D. 292, *11 (N.D. Cal. 2013) (Certifying TCPA text messaging class and holding that any issue of consent is largely a merit question that will determine class size, but does not preclude certification.) *Agne*, 286 F.R.D. at 567, 570 (TCPA text class certified finding consent to be a common issue and rejecting speculation about individual issues); *Manno*, 289 F.R.D., at *25 ("although defendants also contend that the mere act of tendering a phone number to an admissions clerk at the time of medical care constitutes consent per se, this argument whatever its validity, does not defeat commonality. To the contrary, the argument is itself subject to common resolution."); *Balbarin*, 2011 U.S. Dist. at *2-3 (evidence that an individual provided his cellular number "tends to show not that individual consent issues predominate among class members, but instead that the individual in question is not a class member at all... the possibility that some putative class members might ultimately be found to be outside the class does not preclude class certification."); *Silbaugh v. Viking Magazine Servs.*, 278 F.R.D. 389, 393 (N.D. Ohio 2012)(reject argument that consent predominated); *Mitchem*, 2010 U.S. Dist. LEXIS at

*15 ("Because defendant is capable of compiling a list of debtors who did not, under plaintiff's theory, consent to its calls, an appropriately tailored class definition could make consent a class-wide, not an individual, issue.").

In this case, consent is a non-issue. Just like in *Meyer*, RMS obtained the class members' cellular telephone numbers via a third party skip-tracing service because those numbers were not available to RMS. As in *Meyer*, there is no individual issue of consent.

To the extent that this Court finds consent to be an individual issue, it does not predominate over common questions. *See Green v. Service Master On Location Services Corp.*, 2009 U.S. Dist. LEXIS 53297 at *6 (Noting that such an argument"...would wipe away the ability to bring a class action under the TCPA or any statute in which a defendant might raise the issue of the plaintiffs' consent.")[7].

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████. *Exhibit 2* Biggerstaff at ¶¶37-39. Such a process does not predominate and it is well established that RMS cannot defeat class certification by making "vague assertions about potential individual issues" without evidentiary support. *G.M. Sign, Inc. v. Brink's Mfg. Co.*, 2011 U.S. Dist. LEXIS 7084, *27 (N.D. Ill. 2011)

---

[7] *See Paldo Sign and Display Co. v. Topsail Sportswear Inc.*, 2010 U.S. Dist. LEXIS 125842 (N.D. Ill. 2010); *Garrett v. Ragle Dental Laboratory, Inc.*, 2010 U.S. Dist. LEXIS 108339 (N.D. Ill. 2010); *Targin Sign Sys. v. Preferred Chiropractic Ctr. Ltd.*, 679 F.Supp.2d 894, (N.D. Ill. 2010); *CE Design LTD. v. Cy's Crabhouse North Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, 2009 U.S. Dist. LEXIS 73869, *5 (N.D. Ill. 2009); *Hinman v. M and M Rental Center Inc.*, 545 F. Supp. 2d 802; *Sadowski v. Med1 Onlince LLC*, 2008 U.S. Dist. LEXIS 41766 (N.D. Ill 2008) ; *G.M. Sign, Inc. v. Franklin Bank*, S.S.B, 2008 U.S. Dist. LEXIS 79827, 2008 WL 3889950, at *7 (N.D. Ill. 2008).

[8] ███████████████████████████.

8

(TCPA class case), *citing G.M. Sign, Inc. v. Group C Commc'ns, Inc.*, No. 08-CV-4521, 2010 WL 744262, at *4 (N.D. Ill. Feb. 25, 2010) (TCPA class case)[9].

### F.  Superiority

Rule 23(b)(3) requires that a class action be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "Matters pertinent to" this inquiry include:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and; (D) the likely difficulties in managing a class action." *Id.*

Factor (A) favors class treatment because, in general, the class members have claims of modest value and the TCPA is not fee-shifting. A class member who received one call from Defendant could recover only $500 (which the Court could in its discretion treble if the violation was "willful or knowing"), which would be dwarfed by the attorney's fees and costs necessary to recover it. Factor (B) also favors class treatment because Plaintiff is not aware of any persons who have brought an individual claim against RMS based on the conduct at issue here. If there had been, they would make up only a fraction of the class. With respect to (C), there is no reason why this forum is undesirable. This is Plaintiff's chosen forum and RMS has not sought to transfer this action to any other forum. Finally, with respect to (D), the difficulties in managing this class action are minimal as shown herein. There are no individual issues that will

---

[9] One of the few cases to the contrary is *Jamison v. First Credit Servs.*, 290 F.R.D. 92 (N.D. Ill. 2013), but in that case the court believed that the records would have to be searched manually for telephone numbers. ███████████████████████████████████████████████████████████████████. *Exhibit 2* **Error! Main Document Only.¶Error! Main Document Only.¶**37-39

predominate this action and the class is easily identified. All of these factors therefore favor class treatment. In this case, "the class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every class member to be litigated in an economical fashion under Rule 23." *Gen. Tel Co, of the Southwest v. Falcon*, 457 U.S. 147, 155 (1982); *Agne* at *37-40 (addressing Rule 23(b)(3) factors in a similar TCPA case and finding class treatment superior to individual actions); *Sarabri v. Weltman, Weinberg, & Reis Co.*, 2012 U.S. Dist. LEXIS 125390, *20 (S.D. Cal. 2012) (Finding superiority in a similar TCPA class action).

### G.  Definiteness

This Court held the existence of an identifiable class is an implied prerequisite to class certification under Rule 23. *Saltzman*, 257 F.R.D. at 475 (Zagel, J.) "A class can be properly identified so long as it is defined by objective criteria" that "make it administratively feasible for the court to determine whether a particular individual is a class member." *Id.* Thus, "it is not fatal for class definition purposes if a court must inquire into individual records, so long as the inquiry is not so daunting as to make the class definition insufficient." *Agne* at 566 ((TCPA text class certified), *citing Herkert v. MRC Receivables Corp.*, 254 F.R.D. 344, 348 (N.D. Ill. 2008).

(1)    *Identifying Calls Made by an ATDS*

██████████████████████████████. *Exhibit 2* at ¶1.

(2)    *Identifying Non-Emergency Calls*

All of the calls were non-emergency calls. RMS is a debt collector that makes calls for that purpose and does not make emergency calls. [Answer Doc. 19 ¶ ¶17-19.]

(3)    *Identifying Telephone Numbers that RMS Obtained from Skip Tracing*

10



*. Exhibit 2 – Biggerstaff* at ¶19.

*. Id* at 16.

*. Id.* at ¶37.

*(4)    Identifying which of those numbers was assigned to Cellular Service*

Determining which of those telephone numbers was assigned to cellular service at the time of the calls is also a straightforward process. First of all, the Lexis Nexis data already identifies cellular telephone numbers by flagging those numbers with a [c] in the record. Even without the Lexis Nexis data, it is straightforward process to identify cellular telephone numbers. *Exhibit 3, Verkhovskaya Expert Report* at ¶ ¶31-35.

*(5)    Identifying Who Was Called*

Plaintiff expects RMS to argue that it may be difficult to identify the class.



*. Exhibit 2* at ¶33.

11

For any such sub-set of wrong numbers, A.B. Data can identify the subscribers to those telephone numbers called by RMS at the time of the calls via a straightforward process. *Exhibit 3, Verkhovskaya Expert Report* at ¶ ¶31-35. This process is highly reliable and has been approved by courts in similar cases. *Id*. at ¶ ¶26-27.

In addition, the telephone providers can be subpoenaed to provide such information[10]. As noted by Mrs. Verkhovskaya:

> The process to identify class members via subpoena is no different than the process used to identify class members in many class actions as it is often the case that the identity of class members is in the possession of third parties. For example, in a securities class action, there is no master list that contains the holders of any particular securities on any given day. Instead, the court and parties must look to third parties to provide the identity of class members. It is standard practice to contact these third parties such as banks and brokerage houses to identify the holders of any particular security and even then, they may need to investigate who the proper party is when a security is held in trust. Further, by their nature the securities classes involve a large number of persons. Yet, this is a common administrative exercise, which involves many more third parties than are at issue here.

*Exhibit 3* at ¶ 40.

Mr. Biggerstaff has also testified:

> Phone companies can, and have in other cases I have worked on, provided the same data with respect to their subscribers. All major phone companies have legal services offices and can provide subscriber identification and other information. I have examined and processed such results from many different carriers in the past, including AT&T, Verizon, T-Mobile, Sprint, MetroPCS, Cricket Communications, Qwest, TracPhone, US Cellular, and others.

*Exhibit 2* at ¶42.

Numerous courts have found classes to be ascertainable in nearly identical circumstances.

*See e.g.*, *Targin Sign Sys.*, 679 F.Supp.2d at 897-98 (every fax number represents a subscriber, and the fact that a transmission sent to those fax numbers will consequently make it possible to

---

[10]   The top eight wireless carriers maintained approximately 97% subscriber market share. Each of these wireless carriers, and potentially others, can be subpoenaed to produce subscriber identifying information, such as name, address and other information, based solely on the provided cellular telephone number for a particular subscriber. *Id*. at 39.

match names and other relevant information through the numbers themselves is the definitive answer to the fallacious [identification] argument by Preferred' s counsel."); *Finish Thompson, Inc.*, 2009 U.S. Dist. LEXIS 73869 at *12, 23 (finding a TCPA class to be ascertainable in similar circumstances because "GM Sign can use the fax numbers on the transmission logs to determine the identity and contact information of its class members"); *Franklin Bank, S.S.B.*, 2008 U.S. Dist. LEXIS 79827 at *7 ("Though the logs do not definitively establish the identities of the recipients without further investigation on the part of class counsel, they provide enough information to enable counsel to locate them.") *See also Minter v. Wells Fargo Bank, N.A.*, 283 F.R.D. 268, 276 (D. MD. 2012) (approving of use of a skip tracing service to locate class members from a list of phone numbers); *Rojas v. Career Education Corp*, (N.D. Ill. 2010) (10-cv-5260)(approving use of a "commercially reasonable reverse cell phone number look-up service" to locate class members).

If there is any doubt that the persons identified via the above means are class members, they can also be identified via the claims process. *Shurland v. Bacci Café & Pizzeria on Ogden, Inc.*, 271 F.R.D. 139, 147 (N.D. Ill. 2010) (finding class to be ascertainable because partial credit card information in defendant's records could "be used to verify whether any individual who responds to class notice is in fact a member of the class"); *CE Design v. Beaty Constr. Inc.*, 2009 U.S. Dist. LEXIS 5842, at *4 (N.D. Ill. Jan. 26, 2009) (certifying TCPA class where the list of victims that were illegally sent an advertisement via fax had been destroyed and noting that "potential plaintiffs that come forward will have to represent to the Court—via affidavit and under the penalty of perjury—that they received the fax on the dates in issue"). Since the underlying phone records have not been destroyed, any claim form process would be even simpler.

13

████████████████████████████████████

████████████████ For any sub-set that are wrong number calls, those persons can be identified through the process set forth above. Furthermore, it is simply not required, nor is it possible, to ensure that class identification be 100% foolproof. *See* Fed. R. Civ. P. 23(c)(2)(B)("the court must direct to class members the best notice that is practicable under the circumstances, including individual notice *to all members who can be identified through reasonable effort*.")(emphasis added); *Rhodes v. Cracker Barrel Old Country Store, Inc.*, 213 F.R.D. 619, 674 ("The class simply must meet a "minimum standard of definiteness which will allow the trial court to determine membership in the proposed class."), *Hartless v. Clorox Co.*, 2011 U.S. Dist. LEXIS 5427, at *25 (S.D. Cal. Jan. 20, 2011) (court granted final approval of settlement where notice was estimated to reach 75-83% of the class). *Wilson v. Airborne, Inc.*, 2008 U.S. Dist. LEXIS 110411, at *13-14 (C.D. Cal. Aug. 13, 2008) (court granted final approval of settlement where measurements used to estimate notice reach suggested that 80% of adults learned of the settlement).

*Hughes v. Kore of Indiana Enterprise, Inc.*, No. 13-8018, 2013 U.S. App. LEXIS 18873 (7th Cir. Sept. 10, 2013) (Posner, J.) is directly on point. In *Hughes*, the Seventh Circuit reversed the trial court's decertification of the class. In doing so, the court held:

> The judge's second ground for decertification was that the requirement of notice to class members could not be satisfied. ATMs do not store users' names. Instead they keep track of each transaction by assigning a 10-digit identification number to it. The first six digits identify the user's bank; the last four identify the user. To attach names to those last four digits would require subpoenaing each bank identified by the first six. Since Kore's two ATMs were in college bars, obtaining the identity of all the users might require subpoenaing hundreds of banks (the hometown banks of the students, by now mostly ex-students, who are the class members).
>
> Rule 23(c)(2)(B) of the civil rules requires (for a class action under Rule 23(b)(3), as this one is) only the "best notice that is practicable under the circumstances, including individual notice to all members who can be identified through

14

reasonable effort." The members of the class in this case can't be identified through reasonable effort, effort commensurate with the stakes. (If they could be, they would be entitled to individual notice even if it were very costly, Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 175-76, 94 S. Ct. 2140, 40 L. Ed. 2d 732 (1974), as the language of Fed. R. Civ. P. 23(c)(2)(B) implies.) When reasonable effort would not suffice to identify the class members, notice by publication, imperfect though it is, may be substituted. Juris v. Inamed Corp., 685 F.3d 1294, 1321 (11th Cir. 2012); Federal Judicial Center, Manual for Complex Litigation § 21.311, pp. 287-88 (4th ed. 2004).

*Id* at *9-10.

As noted above, to the extent that subpoenas are even necessary for the wrong party calls, there would not be near as many subpoenas as noted in *Hughes*[11] .

Thus, the Court can determine whether any individual satisfies each element of the class definition by reference to objective criteria. The proposed class is much less complicated than many class actions that are routinely certified such as securities cases, false advertising claims, or even the Holocaust classes in *In re Holocaust Victims Assets Litigation*, 105 F.Supp. 2d 139, 143-45 (E.D. N.Y. 2000) (certifying a settlement class of various categories of holocaust victims and their heirs).

## III.   Conclusion

For the above reasons, plaintiff respectfully submits the Court should certify the class defined above, appoint plaintiff class representative, and plaintiff's counsel as class counsel.

Respectfully submitted,

/s/  Keith J. Keogh
One of Plaintiff's attorneys

---

[11]   Although approved by the Seventh Circuit, Plaintiff is not suggesting only publication notice. To the contrary, the class would receive direct notice and only to the extent necessary would publication/media notice be used to supplement the direct notice to insure the best practical notice is provided.

15