# APPENDIX 1

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into as of June 11, 2014 between (a) plaintiff Isabel M. Lopera ("Plaintiff") on behalf of herself and a Settlement Class (as defined herein), and (b) defendant The Receivable Management Services Corporation ("Defendant").

## RECITALS[1]

WHEREAS, on or about December 4, 2012, Plaintiff filed a putative class action lawsuit against Defendant in the United States District Court for the Northern District of Illinois, captioned as *Lopera v. The Receivable Management Services Corporation*, Civil Action No. 12-cv-9649 ("the Action");

WHEREAS, on January 25, 2013, Defendant filed an answer to the Complaint in the Action, denying any and all liability to Plaintiff and the putative class and asserting various affirmative defenses;

WHEREAS, between January 25, 2013 and December 2, 2013, the parties engaged in extensive fact and expert discovery and other litigation relating to class certification and other issues;

WHEREAS, on September 27, 2013, Plaintiff filed a second amended motion for class certification in the Action, seeking certification of her claim for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, as to a nationwide class of purportedly similarly situated persons ("Certification Motion");

WHEREAS, prior to resolution of the Certification Motion, the parties engaged in extensive settlement negotiations, including a day-long mediation session with the Honorable Morton Denlow (Ret.) of JAMS in Chicago, Illinois;

WHEREAS, Defendant has denied and continues to deny the material allegations in the Action, has denied and continues to deny any wrongdoing and any liability to Plaintiff or any Class Member, in any amount, in connection with the claims asserted in the Action, has denied that class certification is required or appropriate, and contends that it would prevail in the Action;

WHEREAS, Plaintiff maintains that she would prevail in the Action, on behalf of herself and the Settlement Class;

WHEREAS, Class Counsel has conducted a thorough examination and evaluation of the relevant law and facts to assess the merits of the pending and potential claims in the Action, and has conducted a further investigation to determine how to best serve the interests of the Settlement Class in the Action, both before commencing the Action, as well as during the litigation of the Action and the negotiation of the Settlement provided for in this Agreement;

---

[1] Capitalized terms used in these Recitals shall, unless otherwise defined in the Recitals, have the meanings set forth in Section I of the Settlement Agreement

WHEREAS, Plaintiff, for herself and on behalf of the Settlement Class, desires to settle the Action and all matters within the scope of the Release set forth herein, having taken into account the risks, delays, and difficulties involved in establishing liability, the likelihood of recovery in excess of that offered by this Settlement Agreement, the desirability of payment now, and the likelihood that the Action could be protracted and expensive;

WHEREAS, although Defendant denies any wrongdoing and any liability to Plaintiff and the Settlement Class whatsoever, Defendant believes that it is desirable and in its best interest to settle the Action and all matters within the scope of the Release in the manner and upon the terms and conditions provided for in this Settlement Agreement in order to avoid the further expense, inconvenience, and distraction of litigation, and in order to put to rest the claims that have been asserted in the Action and/or are within the scope of the Release;

WHEREAS, the issues before the Court are complex and, if fully litigated, would likely result in protracted litigation, appeals, and continued uncertainty as to any outcome;

WHEREAS, the Parties have had the opportunity to evaluate their respective positions on the merits of the Action; and

WHEREAS, the Parties have agreed on all of the terms and conditions of this Settlement Agreement through extensive arm's-length negotiations between their respective counsel, and the assistance of a mediator (Hon. Morton Denlow (Ret.) of JAMS);

NOW THEREFORE, in consideration of the foregoing and the covenants and agreements set forth herein, and for other good and valuable consideration, the sufficiency of which is acknowledged herein, Plaintiff, for herself and as representative of the Settlement Class, and Defendant agree, subject to the approval by the Court of the Settlement, as follows:

# I.  <u>DEFINITIONS</u>

In addition to the terms defined above, the following terms are used in this Settlement Agreement:

1.01   "Action" means the action captioned as Lopera v. The Receivable Management Services Corporation, Civil Action No. 12-cv-9649, now pending in the United States District Court for the Northern District of Illinois.

1.02   "Agreement" or "Settlement Agreement" means this Settlement Agreement.

1.03   "Attorney Fee/Litigation Cost Award" means the award(s), if any, made to Class Counsel by the Court, upon application pursuant to Paragraph 2.29 below.

1.04   "Benefit Check" means the negotiable check to be sent to those Class Members who shall receive the Consideration pursuant to Paragraphs 3.01 and 3.02 below.

1.05   "Claim Form" means the claim form contemplated by this Agreement in the form agreed-to by the Parties and attached hereto as Exhibit C.

1.06    "Class" means the "Settlement Class."

1.07    "Class Counsel" means Keith J. Keogh and Timothy J. Sostrin of Keogh Law, Ltd.

1.08    "Class Member" means a member of the Settlement Class.

1.09    "Class Notice" means the mailed notice of this Settlement that is contemplated by this Agreement.

1.10    "Class Period" means the period from January 5, 2012 to August 1, 2012.

1.11    "Consideration" means the maximum one hundred twenty-five ($125.00) dollar amount to be paid from the Settlement Amount to each Class Member who submits a Valid Claim Form in exchange for the Release, as described in Paragraphs 4.01 and 4.02 below.  In the event, however, that the total number of Valid Claim Forms submitted, plus the amount of the Settlement Amount Deduction would, in the aggregate, require distribution from the Settlement Amount in excess of the one million, five hundred thousand ($1,500,000) dollar Settlement Amount, then the "Consideration" paid from the Settlement Amount to each Class Member who submits a Valid Claim Form shall be reduced *pro rata* such that the Settlement Amount is not exceeded.  Each Class Member who submits a Valid Claim Form shall receive the same amount of Consideration.[2]

1.12    "Counsel for the Defendant" means Thomas M. Hefferon and Brooks R. Brown, of Goodwin Procter LLP.

1.13    "Court" means the Honorable Andrea R. Wood of the United States District Court for the Northern District of Illinois and/or such other judge of the same court to whom the Action, or any proceeding in the Action, may hereafter be assigned.

1.14    "Defendant" or "RMS" means The Receivable Management Services Corporation.

1.15    "Final Approval" means the last date on which all of the following have occurred:

(a)     The Court has issued all necessary orders under Fed. R. Civ. P. 23 approving of the Settlement in a manner substantially consistent with the terms and intent of this Settlement Agreement, including the Final Approval Order;

---

[2]    For illustrative purposes only, the Parties agree that, if the Settlement Amount Deduction is five hundred fifty-five thousand ($555,000) dollars, leaving only nine-hundred forty-five thousand ($945,000) dollars of the Settlement Amount available for distribution to Class Members who submit a Valid Claim Form, and 10,000 Class Members submit a Valid Claim Form, then the Consideration paid to each Class Member who submits a Valid Claim Form from the Settlement Amount shall be reduced to ninety-four dollars and fifty cents ($94.50).

(b)     The Court enters a judgment, including as part of the Final Approval Order, (i) dismissing all claims in the Action with prejudice, and (ii) finally approving the Settlement in a manner substantially consistent with the terms and intent of this Settlement Agreement;

(c)     Either:  (i) thirty-five (35) days have passed after entry of the Court's judgment finally approving the Settlement in a manner substantially consistent with the terms and intent of this Settlement Agreement and within such time no appeal is taken after the Court's judgment and no motion or other pleading has been filed with the Court to set aside or in any way alter the judgment and/or orders of the Court finally approving of the Settlement, or (ii) all appellate, reconsideration, or other forms of review and potential review of the Court's orders and judgment finally approving the Settlement are exhausted or become unavailable by virtue of the passage of time, and the Court's orders and judgment are upheld, or not altered in a manner that is substantially inconsistent with the judgment contemplated by subparagraph (b), whichever occurs later, provided that, and without limitation, any change or modification that may increase Defendant's liability, or not approve the use of a Claim Form, or reduce the scope of the Release, or reduce the scope of the Settlement Class shall prevent the occurrence of Final Approval at the sole option of Defendant; and

(d)     No Party with a right to do so has terminated the Agreement.

1.16    "Final Approval Date" means the date upon which Final Approval occurs.

1.17    "Final Approval Order" means the order and judgment of the Court approving the Settlement in a manner substantially consistent with the terms and intent of this Settlement Agreement, and dismissing all claims in the Action with prejudice.

1.18    "Party" means Representative Plaintiff or Defendant individually, and "Parties" means each of the Representative Plaintiff and Defendant, collectively.

1.19    "Plaintiff's Counsel" means (i) Keogh Law, Ltd.; (ii) Law Offices of Matthew W. Kiverts; (iii) any other law firms, professional legal corporations, partnerships, other entity or attorney that have represented or purport to represent Plaintiff or any Class Member with respect to matters within the scope of the Release; (iv) any law firm, professional legal corporation, partnership, or other entity or attorney that has or may claim to have a right to any attorneys' fees or costs in connection with the Action; and (v) each partner, shareholder or other part or full owner of any of the foregoing.

1.20    "Preliminary Approval" means the order or orders of the Court preliminarily approving the terms and conditions of this Agreement, as contemplated by this Agreement.

1.21    "Preliminary Approval Date" means the date on which the order or orders constituting Preliminary Approval are entered by the Court.

1.22   "Publication Notice" means the public notice of this Settlement contemplated by this Agreement.

1.23   "Receivable Management" means:

(a)   The Receivable Management Services Corporation ("RMS" or "Defendant");

(b)   all persons or entities for or on behalf of which RMS collected or attempted to collect any debt or purported debt of any Class Member by making a call(s) to a cellular telephone number bringing the Class Member within the scope of the Settlement Class;

(c)   all original creditors and subsequent assignees of any debt or purported debt of any Class Member which RMS attempted to collect by making a call(s) to a cellular telephone number bringing the Class Member within the scope of the Settlement Class; and

(d)   all past, present and future predecessors, successors, assigns, affiliates, parents, subsidiaries, divisions, owners, shareholders, officers, directors, attorneys, vendors, accountants, agents (alleged or actual), representatives, and employees of each of the entities or persons in subparagraphs (a), (b), and (c) above.

1.24   "Release" means the release set forth in Paragraphs 4.01 and 4.02 of this Agreement.

1.25   "Released Persons" shall mean Receivable Management, as that term is defined in Paragraph 1.23 above, except that persons or entities within the scope of subparagraphs (b) and (c) of paragraph 1.23 are excluded from this definition as to call(s) made directly by them or made on their behalf by persons or entities other than RMS.

1.26   "Representative Plaintiff" or "Plaintiff" means plaintiff Isabel M. Lopera.

1.27   "Representative Plaintiff Award" means the award, if any, made to Representative Plaintiff by the Court upon application pursuant to Paragraphs 2.31 below.

1.28   "Settlement" means the resolution of the matters within the scope of the Release set forth herein, as embodied in Paragraphs 4.01 and 4.02 of this Agreement.

1.29   "Settlement Administration Costs" means the costs for administering the Settlement provided for herein to be paid exclusively from the Settlement Amount, including but not limited to the costs of mailing the Class Notice and Claim Form to the Class Members, publishing the Publication Notice, administering and maintaining the Settlement Website for the submission of Claim Forms, and providing the Benefit Checks to Class Members who submit a Valid Claim Form, but specifically excluding all class benefit payments, payments to the Representative Plaintiff, attorneys' fees and litigation costs.

1.30    "Settlement Administrator" means KCC or such other *bona fide* person or entity in the business of class action settlement administration as may be selected by mutually-agreement of the Parties or, in the absence such agreement, approved by the Court.

1.31    "Settlement Amount" means the maximum one million, five hundred thousand ($1,500,000) dollar total aggregate amount that Defendant will become obligated to pay by operation of the Settlement Agreement, subject to the provisions of Paragraphs 2.29 through 3.13 below, if it gains Final Approval, and includes and is limited to: (a) the Consideration to Class Members who submit a Valid Claim Form; (b) the Attorney Fee/Litigation Cost Award, if any, to Class Counsel; (c) the Settlement Administration Costs; and (d) the Representative Plaintiff Award, if any, to Representative Plaintiff.

1.32    "Settlement Amount Deduction" means all amounts potentially to be paid from the Settlement Amount (other than the Consideration to be paid by each Class Member who submits a Valid Claim Form), and includes and is limited to:  (a) the Attorney Fee/Litigation Cost Award, if any to Class Counsel; (b) the Settlement Administration Costs; and (c) the Representative Plaintiff Award, if any, to Representative Plaintiff.

1.33    "Settlement Class" means all persons in the United States who were the user or subscriber of a cellular telephone number to which  RMS placed a non-emergency telephone call using an automated dialer after obtaining that number from a third party skip trace company between January 5, 2012 to August 1, 2012.  RMS and Plaintiff agree that there are 11,733 unique cellular telephone numbers associated with persons in the Settlement Class.

1.34    "Settlement Website" means the Internet Website to be administered and maintained by the Settlement Administrator concerning the Settlement.

1.35    "Successful Opt-Out" means a person who, pursuant to Paragraph 2.08 and Fed. R. Civ. P. 23, timely and validly exercises his or her right to be excluded from the Settlement Class, but shall not include (a) persons whose requests for exclusion are disputed by Defendant pursuant to Paragraphs 2.09 and 2.10 below, and the dispute is not overruled by the Court or withdrawn by Defendant, (b) persons whose communication is not treated as a request for exclusion pursuant to Paragraph 2.08, and (c) persons whose requests for exclusion are not valid or are otherwise void pursuant to Paragraphs 2.09, 2.10, and 2.11.

1.36    "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, including any subsequent amendments to that statute.

1.37    "Valid Claim Form" shall mean a Claim Form that:

(a)    is completely filled out (i) by the Class Member, or (ii) by a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those at issue in the Action;

(b)    contains the address of the Class Member;

(c)    contains information reflecting that, to the best of the Class Member's knowledge or belief, (i) the Class Member received a call from RMS on his or her cellular telephone; and (ii) the Class Member had not consented to receiving calls like that on his or her cellular telephone;

(d)    is executed and verified under penalty of perjury by the Class Member for whom the Claim Form is being submitted (or his, her, or their legal representative);

(e)    is timely, as judged by the fact that it is postmarked (if mailed to the Settlement Administrator) or time-stamped (if submitted to the Settlement Administrator via the Settlement Website) by the deadline set by the Court; and

(f)    is not successfully challenged. A Claim Form shall be treated as successfully challenged under the standards set forth in Paragraph 2.22 below.

1.38    As used herein, the plural of any defined term includes the singular thereof and *vice versa*, except where the context requires otherwise. All references to days shall be interpreted to mean calendar days, unless otherwise noted. When a deadline or date falls on a weekend or a legal Court holiday, the deadline or date shall be extended to the next business day that is not a weekend or legal Court holiday.

1.39    Other terms are defined in the text of this Agreement, and shall have the meaning given those terms in the text. It shall be the intent of the Parties in connection with all documents related to the Settlement that defined terms as used in other documents shall have the meaning given to them in this Agreement.

## II.    <u>SETTLEMENT PROCEDURES</u>

A.    <u>Preliminary Approval</u>.

2.01    As soon as practical after the execution of this Settlement Agreement, Class Counsel, on behalf of the Settlement Class, shall move the Court for an order of Preliminary Approval substantially in the form of Exhibit A hereto (a) preliminarily approving the Settlement memorialized in this Settlement Agreement as fair, reasonable, and adequate, including the material terms of this Agreement; (b) provisionally approving the Settlement Class for settlement purposes only; (c) setting a date for a final approval hearing ("Court Approval Hearing"); (d) approving the proposed Class Notice, Publication Notice, and Claim Form in forms that are attached hereto as Exhibits B, C, and D, respectively, and authorizing their dissemination to the Settlement Class; (e) approving the requirement that Class Members file a claim form in order to obtain the Benefit Check; (f) setting deadlines consistent with this Agreement for mailing of the Class Notice and Claim Form, the publication of the Publication Notice, the submission of Claim Forms, the filing of motions to intervene, the filing of objections, statements or other submissions by any person concerning the Settlement, the submission of requests for exclusion from the Settlement Class, and the filing of papers in connection with the Court Approval

Hearing; (g) conditionally designating Representative Plaintiff as the representative of the Settlement Class and Class Counsel as counsel for the Settlement Class; (h) prohibiting all generalized notices or communications, whether by written correspondence, advertisements, Internet postings, or other media, to Class Members by the Parties about the Settlement or its terms other than as specifically authorized by this Agreement; and (i) approving the Settlement Administrator. Defendant agrees not to oppose the entry of the Preliminary Approval Order, provided it is substantially in the form of Exhibit A hereto. Without implication of limitation, Defendant's agreement not to oppose the entry of the Preliminary Approval Order shall not be an admission or concession by Defendant that a class was appropriate in the Action or would be appropriate in any other matter, and/or that relief was appropriate in the Action or would be appropriate in any other matter.

      B.    <u>Administration</u>.

      2.02    In the event of Preliminary Approval, Defendant shall, within seven (7) business days of the Preliminary Approval Date, disburse to the Settlement Administrator twenty-five thousand ($25,000.00) dollars of the Settlement Amount to be used by the Settlement Administrator exclusively for Initial Settlement Administration Costs ("Initial Settlement Administration Cost Disbursement"). If this Agreement is terminated pursuant to its terms, or if Final Approval does not occur, or this Agreement is not approved in full, then Representative Plaintiff, Class Counsel, Defendant and Defendant's Counsel shall direct the Settlement Administrator to, and the Settlement Administrator shall, refund immediately to Defendant all amounts of the Initial Settlement Administration Cost Disbursement as are allocable to administration activities and costs anticipated by the Settlement Administrator but not yet undertaken or incurred by the Settlement Administrator as of the earlier of (a) the date of termination of this Agreement, or (b) notification to the Settlement Administrator by Class Counsel, Defendant and/or Defendant's Counsel that the Final Approval Date will not occur or the Agreement has not been approved in full. Settlement Administration Costs in excess of the Initial Settlement Administration Cost Disbursement shall be disbursed to the Settlement Administrator by RMS exclusively from the Settlement Amount in response to invoices from the Settlement Administrator.

      2.03    In the event of Preliminary Approval, Defendant and the Settlement Administrator shall prepare the list of Class Members ("Class Member List"). To prepare the Class Member List, Defendant shall provide the Settlement Administrator with a list of the unique numbers associated with each Class Member, together with the names and/or addresses, if any, for such Class Member in Defendant's records. Defendant shall use reasonable good faith efforts to identify the mailing address for each Class Member in its records, but shall have no obligation to look beyond information obtainable from Defendant's readily searchable computer media in doing so. For any Class Member as to which Defendant does not provide a mailing address, the Settlement Administrator shall perform a reverse look-up of the cellular telephone associated with the Class Member through one or more vendors in an attempt to identify a mailing address. After identifying mailing addresses through this process, the Settlement Administrator shall, by using the National Change of Address ("NCOA") database maintained by the United States Postal Service ("Postal Service"), obtain updates, if any, to the mailing addresses provided by Defendant and obtained by the Settlement Administrator through the reverse look-up process.

2.04    Within thirty (30) days after the Preliminary Approval Date, the Settlement Administrator shall mail the Class Notice, together with the Claim Form, to each Class Member for whom a mailing address has been obtained through the process described in Paragraph 2.03 above.  Before mailing, the Settlement Administrator shall fill-in all applicable dates in the Class Notice and Claim Form to conform to the dates specified by the Court in the Preliminary Approval Order.  The Settlement Administrator also shall have discretion to format the Class Notice and Claim Form in a reasonable manner to minimize mailing or administrative costs. Neither Defendant nor the Settlement Administrator shall have any obligation to mail the Class Notice and/or Claim Form to any Class Member for whom no mailing address was identified through the process set forth in Paragraph 2.03 above.

2.05    Within forty-five (45) days after the Preliminary Approval Date, the Settlement Administrator shall also cause the Publication Notice, substantially in the form of Exhibit D hereto, to be published in such print media, and internet banner ads concerning the settlement to be posted on such websites, which have the collective goal, together with the direct mail notice provided for in Paragraph 2.04 above, of reaching Class Members for whom a mailing address was not obtained through the process described in Paragraph 2.03 above, if practicable to do so in the context of this Settlement.  In addition, prior to the date of the mailing of the Class Notice and the publication of the Publication Notice, the Settlement Administrator shall cause the Class Notice, Claim Form, and this Settlement Agreement to be made available on a dedicated settlement website to be named www.TRMS-TCPAsettlement.com and administered by the Settlement Administrator.

2.06    If any Class Notice sent under Paragraph 2.04 above is returned by the Postal Service as undeliverable, the Settlement Administrator shall re-mail the Class Notice to the forwarding address, if any, provided by the Postal Service on the face of the returned mail. Other than as set forth above, Defendant and the Settlement Administrator shall have no other obligation to re-mail Class Notices.  And, other than as set forth in this Section II of the Agreement, there shall be no other provision for notice of the Settlement.

2.07    The Parties will recommend that the Court Approval Hearing be scheduled for a date at least one-hundred twenty (120) days after the last date required under Paragraphs 2.04 and 2.05 for the mailing of the Class Notice and Claim Form, and the publication of the Publication Notice.

2.08    The Class Notice and Publication Notice shall inform each Class Member of his or her right to request exclusion from the Settlement Class and not to be bound by this Agreement, if, within such time as is ordered by the Court and contained in the Class Notice ("Opt-Out Period"), the Class Member personally completes and mails a request for exclusion ("Opt-Out") to the Settlement Administrator at the addresses set forth in the Class Notice.  For a Class Member's Opt-Out to be valid and treated as a Successful Opt-Out, it must (a) state his or her full name, address, and telephone number; (b) contain, to the extent known to the Class Member, the cellular telephone number as to which he or she seeks exclusion; (c) contain the Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action (*i.e.*, conformed, reproduced, facsimile, or other non-original signatures are not valid); and (d) state

unequivocally the Class Member's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement. The Parties will recommend that the Opt-Out period shall expire no less than twenty-one (21) days before the Court Approval Hearing, and that Opt-Outs postmarked after the expiration of the Opt-Out Period shall not be treated as a successful Opt-Out.

2.09    No person shall purport to exercise any exclusion rights of any other person, or purport (a) to opt-out Class Members as a group, aggregate, or class involving more than one Class Member; or (b) to opt-out more than one Class Member on a single paper, or as an agent or representative; any such purported opt-outs shall be void, and the Class Member(s) that is or are the subject of such purported opt-out shall be treated as a Class Member.

2.10    At the expiration of the Opt-Out Period, Class Counsel, Counsel for the Defendant and the Settlement Administrator shall create a comprehensive list of Successful Opt-Outs. The Parties shall, if possible, agree as to whether a communication from a Class Member is a request to opt-out. Defendant or Class Counsel may dispute an Opt-Out or purported Opt-Out, and the presentation and resolution of such disputes shall be governed by the identical procedure set forth herein with respect to Disputed Claims in Paragraph 2.22 below. The Parties further agree that the identification any person on the list of Successful Opt-Outs is not and shall not be construed as an admission or conclusion by Plaintiff, Plaintiff's Counsel, Defendant and/or Counsel for the Defendant that such person is a member of the Settlement Class.

2.11    Any Class Member who does not submit a timely Opt-Out, or otherwise comply with all requirements for opting-out as may be contained in this Agreement, in the Class Notice, in the Publication Notice, and otherwise as ordered by the Court, or who is not a Successful Opt-Out shall be bound by this Agreement, this Settlement and the Release, as embodied in Paragraphs 4.01 and 4.02 of this Settlement Agreement. If a Class Member is a Successful Opt-Out, then that Class Member shall be excluded from the Settlement, and shall not receive any benefits of the Settlement, including the Consideration, and will not be bound by the terms of this Settlement Agreement. Any Class Member who is a Successful Opt-Out shall have no standing to object to the Settlement.

2.12    No Class Member may assign or delegate to any individual or entity the right to receive a Benefit Check or to submit a Claim Form on behalf of the Class Member. If a Class Member assigns or delegates such right, the Claim Form submitted by or on behalf of that Class Member shall be null and void. Nothing herein shall preclude a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member from receiving the Consideration or submitting a Claim Form on behalf of a Class Member.

2.13    Claim Forms shall be returned or submitted to the Settlement Administrator by the deadline set by the Court or be forever barred. In the event that a Class Member is unable to execute a Claim Form in accordance with Paragraph 1.37 above and there is no person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of such a Class Member with respect to a claim or right such as those in the Action, a statement executed under penalty of perjury explaining the reason(s) the Class

Member is unable to execute the Claim Form (*e.g.*, death, divorce, overseas military service) may be returned or submitted with the Claim Form. In the event and only in the event of the submission of such statement with a Claim Form meeting all the criteria for a Valid Claim Form set forth in Paragraph 1.37 except for the execution requirement in Paragraph 1.37(d), the Settlement Administrator shall have discretion to treat the Claim Form as a Valid Claim Form.

2.14    Any Class Member who is not a Successful Opt-Out and who wishes to object to the proposed Settlement must mail or hand-deliver a written objection to the Settlement ("Objection") to Class Counsel and Counsel for the Defendant, at the addresses set forth in the Class Notice, and mail or hand-deliver the Objection simultaneously to the Court. Each Objection must (a) set forth the Class Member's full name, current address, and telephone number; (b) identify the cellular telephone number of the Class Member that brings him or her within the scope of the Settlement Class; (c) contain the Class Member's original signature (conformed, reproduced, facsimile, or other non-original signatures will not be valid); (d) state that the Class Member objects to the Settlement, in whole or in part; (e) set forth a statement of the legal and factual basis for the objection; and (f) provide copies of any documents that the Class Member wishes to submit in support of his/her position. Objections may be filed by counsel for a Class Member. Any Class Member who does not submit a timely Objection in complete accordance with this Agreement, the Class Notice, the Publication Notice, and otherwise as ordered by the Court shall not be treated as having filed a valid Objection to the Settlement.

2.15    The Parties will recommend that all Objections should be mailed or hand-delivered to the Court and mailed or hand-delivered to Class Counsel and Counsel for the Defendant no less than twenty-one (21) days before the Court Approval Hearing.

2.16    Any Class Member who wishes to appear at the Court Approval Hearing, whether *pro se* or through counsel, must, within the time set by the Court, mail or hand-deliver to the Court a notice of appearance in the Action, take all other actions or make any additional submissions as may be required in the Class Notice or as otherwise ordered by the Court, and mail the notice and other pleadings to Class Counsel and Counsel for the Defendant as provided in the Class Notice. No Class Member shall be permitted to raise matters at the Court Approval Hearing that the Class Member could have raised in an Objection, but failed to do so. Any Class Member who fails to comply with this Agreement, the Class Notice, and as otherwise ordered by the Court shall be barred from appearing at the Court Approval Hearing.

2.17    The Parties will recommend that any Class Member who wishes to appear at the Court Approval Hearing should be required to take each action required under Paragraph 2.16 no less than twenty-one (21) days before the Court Approval Hearing.

2.18    Any Class Member who wishes to file a motion or otherwise seek relief from the Court in the Action must mail or hand-deliver to the Court a written motion or application to do so, and contemporaneously mail or hand-deliver it to Class Counsel and Counsel for the Defendant, within the time set by the Court.

2.19    The Parties will recommend that all motions or applications, by or on behalf of Class Members, should be mailed and/or hand-delivered to the Court, Class Counsel, and Counsel for the Defendant no less than twenty-one (21) days before the Court Approval Hearing.

2.20    Unless the Court directs otherwise, the dates set forth in the Class Notice shall govern the rights of the Class Members.

2.21    The Class Notice shall provide that the Claim Form shall be returned by mail or submitted through the Settlement Website to the Settlement Administrator by a deadline set by the Court, or be forever barred.  The Parties will recommend that the deadline for the return or submission of Claim Forms to the Settlement Administrator should be fourteen (14) days before the date for the Court Approval Hearing Date originally set by the Court.

2.22    (A)    The Settlement Administrator shall determine whether a Claim Form meets the definition of Valid Claim Form.

(B)    Within fifteen (15) business days of the deadline set by the Court for the return or submission of a Valid Claim Form (or within such additional time as the Parties may agree or the Court may permit), Defendant may, itself or through Counsel for the Defendant, challenge any claims determined to be valid by the Settlement Administrator as not meeting the definition of Valid Claim Form, by any form of written notice to Class Counsel ("Disputed Claims").  Such notice of Disputed Claims shall void any Disputed Claim unless Class Counsel disputes the challenge, in good faith, and in writing to Counsel for the Defendant within fifteen (15) business days of the receipt of notice of Disputed Claims (or within such additional time as the Parties may agree or the Court may permit).

(C)    Within fifteen (15) business days of the deadline set by the Court for the return or submission of a Valid Claim Form (or within such additional time as the Parties may agree or the Court may permit), Plaintiff, either herself or through Class Counsel, may challenge any claims determined to be Invalid by the Settlement Administrator as meeting the definition of a Valid Claim Form by any form of written notice to the Settlement Administrator and Counsel for the Defendant ("Disputed Invalid Claims").  Such notice of Disputed Invalid Claims shall void a determination of an invalid claim unless Counsel for the Defendant disputes the challenge in good faith, and in writing, to Class Counsel within fifteen (15) business days of receipt of the Disputed Invalid Claim (or within such additional time as the Parties may agree or the Court may permit).

(D)    The Court shall retain jurisdiction to resolve Disputed Claims and Disputed Invalid Claims.  The Parties agree that any decision by Defendant not to dispute a Claim Form shall not be a waiver, determination, or preclusive finding against Defendant in any proceeding.

2.23    Settlement administration shall be conducted by the Settlement Administrator, including by some combination of Defendant's personnel and/or a third-party administrator.

2.24    The Settlement Administration Costs shall be paid exclusively from the Settlement Amount.

2.25    For a period of one hundred twenty (120) days after the Final Approval Date, the Settlement Administrator shall maintain an address to receive (a) Claim Forms that are returned or submitted, whether valid or not, and (b) other inquiries with respect to the Settlement.  The Parties, Class Counsel, and the Settlement Administrator shall, subject to the provisions of Paragraph 5.06 below and any order of the Court, have the right to respond to verbal inquiries initiated by individual Class Members concerning the Settlement at any time.

2.26    Defendant shall provide, or cause the Settlement Administrator to provide on Defendant's behalf, notice of the Settlement to the appropriate state or federal officials in accordance with the Class Action Fairness Act of 2005 ("CAFA").  *See* 28 U.S.C. § 1715.  The Parties agree that Defendant is permitted to provide such notice as required by law and that any notice by Defendant shall be done to effectuate the Settlement and shall not be considered a breach of this Agreement or any other agreement of the Parties.

C.      Final Approval.

2.27    At the time appointed by the Court, Representative Plaintiff and Class Counsel shall move the Court for a Final Approval Order substantially in the form of Exhibit E hereto (a) finally approving the Settlement as fair, reasonable, and adequate; (b) giving the terms of the Settlement final and complete effect; (c) finally certifying the Settlement Class; (d) finding that all requirements of Fed. R. Civ. P. 23, and any other applicable statute, rule, or state and/or federal Constitution, necessary to effectuate this Settlement have been met and satisfied; (e) otherwise entering final judgment of dismissal on the merits and with prejudice in the Action. Defendant agrees not to oppose the entry of the Final Approval Order, provided it is substantially in compliance with the form of Exhibit E hereto.  Without implication of limitation, Defendant's agreement not to oppose the entry of the Final Approval Order shall not be an admission or concession by Defendant that a class was appropriate in the Action or would be appropriate in any other matter, and/or that relief was appropriate in the Action or would be appropriate in any other matter.

2.28    The Final Approval Order, or a separate order, shall be entered providing that all Class Members (who are not Successful Opt-Outs), including Representative Plaintiff, Class Counsel and Plaintiff's Counsel shall be enjoined from commencing, prosecuting, or assisting in any lawsuit against the Released Persons that asserts or purports to assert matters within the scope of the Release and judgment in the Action.  Nothing in this Paragraph shall be construed to preclude Representative, Plaintiff's Counsel, and/or Class Members from bringing, joining, assisting in, or continuing to prosecute existing or future claims against Defendant and/or any Released Person that were not released as part of the Settlement.

2.29    No later than seven (7) days before the Court Approval Hearing, Representative Plaintiff and Class Counsel may, subject to the limitations set forth in this Paragraph and Paragraph 2.30 below, make written application to the Court for an award of attorneys' fees and actual litigation costs incurred in the prosecution of the Action not to exceed, in the aggregate, thirty (30%) percent (or four hundred fifty-thousand ($450,000) dollars) of the Settlement Amount.  Defendant agrees not to file a written opposition to such application, provided that it is in accord with the limitations set forth in this Paragraph.  Without implication of limitation, Defendant's agreement not to file a written opposition shall not be construed as an admission,

agreement, or concession by Defendant that the attorneys' fees and/or litigation costs applied for by Class Counsel are reasonable and/or appropriate. The Parties agree that the Court (and only the Court) shall determine the amount, if any, of the Attorney Fee/Litigation Cost Award in this Action.

(A)    Class Counsel agree that any application made pursuant to this Paragraph will not seek an amount, in the aggregate, in excess of thirty (30%) percent of the Settlement Amount for attorneys' fees and litigation costs actually incurred in the prosecution of the Action. The Attorney Fee/Litigation Cost Award, if any, made by the Court upon application pursuant to this Paragraph 2.29 above shall be paid from, and not in addition to, the Settlement Amount.

(B)    In the event the Court's Attorney Fee/Litigation Cost Award is less than thirty (30%) percent of the Settlement Amount, the difference between thirty (30%) percent of the Settlement Amount and the amount of the Court's Attorney Fee/Litigation Cost Award shall remain as part of the Settlement Amount.

(C)    In the event that the Court's Attorney Fee/Litigation Cost Award (if any) exceeds thirty (30%) percent of the Settlement Amount, whether that amount is to be paid from the Settlement Amount or any other source (including Class Member distributions) by Defendant or any other person or entity, Representative Plaintiff and Class Counsel expressly disclaim any and all right to collect the amount awarded by the Court in excess of thirty (30%) percent of the Settlement Amount from any person or entity, including Defendant, and agree, upon demand, to execute a release of any person's or entity's obligations to pay such sums. Representative Plaintiff and Class Counsel also expressly disclaim any and all right to collect any portion of the Attorney Fee/Litigation Cost Award, if any, from any source other than the Settlement Amount.

(D)    In the event the Court's Attorney Fee/Litigation Cost Award finally approved by the Court is less than the amount applied for, no other relief may be sought from the Court, so as to increase the Award or make up some or all of the shortfall.

2.30    Defendant shall have no liability to (a) Class Counsel, (b) Plaintiff's Counsel, (c) any attorney or law firm associated with Class Counsel or party to any agreement (written or oral) with Class Counsel with respect to the prosecution of this Action, and/or (d) any other person or entity for attorneys' fees or actual litigation costs relating to the Action and/or the Settlement other than as provided for in this Agreement.

2.31    No later than seven (7) days before the Court Approval Hearing, Representative Plaintiff and Class Counsel may, subject to the limitations set forth in Paragraphs 2.32, 2.33, and 2.34 below, make written application to the Court for a Class Representative Award in an aggregate amount not to exceed five thousand ($5,000) dollars to be paid to Representative Plaintiff for her service as a class representative in the Action. To the extent approved, such an award shall be paid exclusively from, and not in addition to, the Settlement Amount.

2.32    Representative Plaintiff and Class Counsel agree that any application made pursuant to Paragraph 2.31 above will not seek an aggregate amount in excess of five thousand ($5,000) dollars to be paid to Representative Plaintiff exclusively from, and not in addition to, the Settlement Amount. Defendant agrees not to oppose, or cause to be opposed, any such

application provided that it is in accord with the limitations set forth in this Paragraph and Paragraph 2.31 above. Without implication of limitation, Defendant's agreement not to file a written opposition shall not be construed as an admission, agreement, or concession by Defendant that the Class Representative Award is reasonable and/or appropriate. The Parties agree that the Court (and only the Court) shall determine the amount, if any, of the Class Representative Award in this Action.

2.33    Representative Plaintiff and Class Counsel understand and agree that the Court may deny the application for a Class Representative Award or award an amount less than five thousand ($5,000) dollars. Representative Plaintiff further agrees that her agreement to this Settlement is not conditioned upon the possibility of receiving a Class Representative Award in any amount, and represents that she supports this Settlement even in the absence of a Class Representative Award. Representative Plaintiff and Class Counsel agree that the application for the Class Representative Award will be based upon the work performed by, and risks undertaken by, Representative Plaintiff in the prosecution of this Action. Representative Plaintiff and Class Counsel further agree and represent that the filing of an application for a Class Representative Award is not a condition of Representative Plaintiff's decision to support the Settlement or to provide testimony in support of the Settlement.

2.34    Defendant shall not be obligated to pay any Representative Plaintiff Award that is in excess of five thousand ($5,000) dollars. In the event that the Court's Representative Plaintiff Award (if any) exceeds five thousand ($5,000) dollars, whether that amount is to be paid from the Settlement Amount or any other source (including Class Member distributions) by Defendant or any other person or entity, Representative Plaintiff and Class Counsel expressly disclaim any and all right to collect in excess of five thousand ($5,000) dollars to Representative Plaintiff in a Representative Plaintiff Award from any person or entity, and agree, upon demand, to execute a release of any person's or entity's obligations to pay such sum.

2.35    In the event that the Court denies, in whole or in part, (a) any application made by Class Counsel pursuant to paragraph 2.29 above; and/or (b) any application made by Representative Plaintiff and Class Counsel pursuant to paragraph 2.31 above, the remainder of the terms of this Agreement shall remain in effect and such denial or partial denial shall not provide any basis for Class Counsel or Representative Plaintiff to seek to terminate or void this Agreement.

2.36    At the Court Approval Hearing, Representative Plaintiff and Class Counsel shall present sufficient evidence to support the entry of a Final Approval Order, and shall present such evidence as they deem appropriate to support any applications for an Attorney Fee/Litigation Cost Award and/or a Class Representative Award.

2.37    The Parties and Class Counsel agree that Representative Plaintiff and Class Counsel will submit to Counsel for the Defendant drafts of any motions, memoranda, or other materials Plaintiff and/or Class Counsel intends to submit to the Court at least five (5) days prior to the date any such motion, memoranda, or other materials are to be filed with the Court. Defendant shall have the right to suggest reasonable, good faith comments on such motions, memoranda, or other materials to the extent it deems necessary, in its sole discretion, to protect its interests in the Settlement.

2.38    If and when the Court gives Final Approval to the Settlement, the Action shall be dismissed with prejudice, with the Parties to bear her and its own costs and attorneys' fees not otherwise awarded.

# III.   **SETTLEMENT BENEFITS**

3.01    Subject to the terms and conditions of this Agreement, if a Class Member submits a Valid Claim Form, he or she shall receive a Benefit Check in the amount of the Consideration. The Benefit Checks available to Class Members, as well as Defendant's payment from the Settlement Amount of (a) the Attorney Fee/Litigation Cost Award, if any, (b) the Representative Plaintiff Award, if any, (c) the Settlement Administration Costs, and (d) other benefits in this Agreement, shall be the sole benefits in exchange for the Release and consideration for this Settlement.   Notwithstanding any judgment, principle or statute, there shall be no interest accrued, owing or paid on the Consideration, or on the Settlement Amount, or on any other benefit available (or potentially available) under this Agreement.

3.02    Subject to the terms and conditions of the Agreement, within thirty (30) business days after the Final Approval Date, the Settlement Administrator shall mail or otherwise provide a Benefit Check in the amount of the Consideration to each Class Member: (a) who is not a Successful Opt-Out; (b) who has returned or submitted a Valid Claim Form; and (c) with respect to whom a dispute does not remain outstanding regarding the validity of the Claim Form.   The Benefit Checks shall be paid solely from (and not in addition to) the Settlement Amount, be drawn upon an account established and funded by Defendant with funds sufficient to pay each Valid Claim (and such other amounts due under this Settlement up to the Maximum Settlement Amount), and be mailed to the address provided by the Class Member on a Valid Claim Form.   If a Class Member fails to provide an address on the Valid Claim Form, then the Settlement Administrator shall mail the Benefit Check to the Class Member at the address, if any, on the Class Member List.   All Benefit Checks issued pursuant to this Paragraph shall be void if not negotiated within ninety (90) calendar days of their date of issue, and shall contain a legend to that effect.   The Settlement Administrator shall mail a reminder postcard to each Class Member who has not negotiated a Benefit Check mailed to him or her after sixty (60) days from the mailing such Benefit Check to the Class Member.   Benefit Checks issued pursuant to this Paragraph that are not negotiated within ninety (90) calendar days of their date of issue shall not be reissued.   Further, the value of all Benefit Checks issued pursuant to this Paragraph that are unclaimed by Class Members, including all returned Benefit Checks and all Benefit Checks not negotiated within ninety (90) calendar days of their date of issue, shall be retained as part of the Settlement Amount and distributed by the Settlement Administrator pursuant to Paragraph 3.08 below.

3.03    No Class Member shall be entitled to the Benefit Check unless the Class Member submits a Valid Claim Form and is not a Successful Opt-Out.   If a Class Member is a Successful Opt-Out, then that Class Member shall be excluded from the Settlement, shall not receive any benefits of the Settlement, and will not be bound by the terms of this Settlement Agreement.

3.04    The Settlement Administrator shall distribute only one Benefit Check to each Class Member who submits a Valid Claim Form.   Defendant and the Settlement Administrator shall have no liability to any co-obligor on a joint debt or other obligation arising from any claim

regarding the division of the value of a Benefit Check among co-obligors, regardless of which obligor(s) signs or submits a Claim Form.

3.05     No Class Member whose claim is disputed shall be entitled to receive a Benefit Check during the pendency of the dispute.  If the Disputed Claim is ultimately resolved favorably to the Class Member, then the Settlement Administrator shall distribute the Benefit Check to the Class Member within a reasonable time after such resolution.

3.06     Subject to the terms and conditions of this Agreement, within five (5) business days after the Final Approval Date, and only in the event that the Court has made an Attorney Fee/Litigation Cost Award to Class Counsel, the Settlement Administrator shall distribute from the Settlement Amount the amount of any Attorney Fee/Litigation Cost Award (up to a maximum of thirty (30%) percent of the Settlement Amount) to Class Counsel.  Said distribution shall be made jointly to Class Counsel by single check made payable to Keogh Law, Ltd. Defendant shall have no liability arising from any claim regarding the division of any Attorney Fee/Litigation Cost Award between and among Plaintiff's Counsel or other lawyers or law firms.

3.07     Subject to the terms and conditions of this Agreement, within five (5) business days after the Final Approval Date, and only in the event the Court has made a Representative Plaintiff Award to Representative Plaintiff, Defendant shall pay the amount of any Representative Plaintiff Award (up to a maximum of five thousand ($5,000) dollars) to Representative Plaintiff.  Said distribution shall be made by check payable to the Representative Plaintiff and delivered to Class Counsel, c/o Mr. Keogh at Keogh Law, Ltd.  Defendant shall have no liability to the Representative Plaintiff or Class Counsel arising from any claim regarding the delivery or payment of the Representative Plaintiff Award by Class Counsel to Representative Plaintiff.

3.08     Subject to the terms and conditions of this Agreement, the Settlement Administrator shall, within one hundred ten (110) days after the mailing of all Benefit Checks issued pursuant to Paragraph 3.02 of this Agreement, distribute the value of all unclaimed and uncashed Benefit Checks to a non-profit organization mutually-agreed upon by the Parties and approved by the Court for use only in providing education to consumers concerning debt collection or telecommunication privacy laws.

3.09     The Settlement Administrator's and Defendant's respective obligations with respect to the distribution of Benefit Checks, the Settlement Administration Costs, the Attorney Fee/Litigation Cost Award, if any, the Representative Plaintiff Award, if any, and the amount of unclaimed and uncashed Benefit Checks, if any, shall be performed reasonably and in good faith. So long as they do, Defendant and the Settlement Administrator shall not be liable for erroneous, improper, or inaccurate distribution, and the Release (as embodied in Paragraphs 4.01 and 4.02 of this Agreement) and any judgment shall be effective as of the Final Approval Date as to the Representative Plaintiff, Class Counsel, and every Class Member notwithstanding any such error and regardless of whether such error is corrected.

3.10     In the event that a bankruptcy trustee or bankruptcy court orders, requests or demands that the Class Member pay the Consideration to the trustee or to the court, the Class

Member shall inform Defendant of the order, request or demand and comply therewith without contesting it, unless Defendant objects.

3.11    The Parties acknowledge and agree that Defendant has consistently contended from the beginning of settlement negotiations to the present, and has stated unequivocally throughout the negotiations that it would not have entered into this Agreement, and would not have provided benefits to the Settlement Class, if (among other terms) its total financial obligation under this Agreement, including all class benefit payments, was not limited to a maximum of one million, five hundred thousand ($1,500,000) dollars.  The Parties further acknowledge and agree that the terms of this Agreement are more favorable to the Settlement Class because of this limitation.

3.12    All monies that might be paid or payable to any Class Member under this Settlement are not vested, and are not otherwise monies in which the Class Member has an enforceable legal, tangible or intangible interest, but instead such monies shall remain the sole and exclusive property of RMS unless and until all conditions precedent to payment under this Agreement are met and the monies are paid.  In order to give effect to the Parties' intention, no person, entity, or governmental body shall have any rights to all or any part of the Settlement Amount, the Consideration, or the Benefit Checks (whether claimed or unclaimed), in any amounts of uncashed (or unclaimed) Benefit Checks, and/or in any sums which might have been paid to Class Members had more Class Members returned or submitted Valid Claim Forms. Defendant shall be entitled to all interest on the funds available to pay the Benefit Checks until any such amounts are paid to a Class Member.  The Parties further acknowledge and agree that, to the extent a separate account or fund may be established as part of settlement administration, including but not limited to an account for the payment of Benefit Checks, such accounts or funds are for administrative or legal convenience or requirements only and do not create any vested or ownership interest on the part of the Settlement Class or any Class Member.  Such accounts or funds set up by the Defendant, the Settlement Administrator and/or Counsel for the Defendant shall be treated as property of Receivable Management Services.

3.13    The maximum aggregate amount Defendant shall be obligated to pay under this Agreement, if it gains Final Approval, is limited to the Settlement Amount.  The Parties further agree that, in the event a court determines or otherwise issues an order or opinion that there should be any money paid from the Settlement Amount, or from any other source, by Defendant other than to (a) eligible Class Members (who are not Successful Opt-Outs); (b) Class Counsel, as an Attorney Fee/Litigation Cost Award ordered by the Court; (c) Representative Plaintiff, as a Class Representative Award ordered by the Court; and (d) the Settlement Administrator for Settlement Administration Costs, this Settlement and Agreement shall be void at the option of the Defendant.

3.14    The Parties agree that the revised and improved procedures the Defendant has represented, in Paragraph 5.07 below, that it implemented after the commencement of the Action constitute a core component of the relief provided by this Agreement.

# IV.   RELEASE

4.01    Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, (i) Representative Plaintiff and each Class Member who is not a Successful Opt-Out, and each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government in the capacity as *parens patriae* or on behalf of creditors or estates of the releasees), and each of them (collectively and individually, the "Releasing Persons"), and (ii) Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns (the "Counsel Releasing Parties") will be deemed to have completely released and forever discharged the Released Persons from any and all past, present and future claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind, including without limitation (i) those known or unknown or capable of being known, and (ii) those which are unknown but might be discovered or discoverable based upon facts other than or different from those facts known or believed at this time, including facts in the possession of and concealed by any Released Person, and (iii) those accrued, unaccrued, matured or not matured, all from the beginning of the world until today (collectively, the "Released Rights"), that arise out of or in any way relate or pertain to (a) Released Rights that were asserted, or attempted to be asserted, or could have been asserted in the Action; (b) the use by any or all of the Released Parties of any "automatic telephone dialing system," "automatic dialer," "automated dialer," "dialer," and/or an "artificial or prerecorded voice" to make "calls" to a cellular telephone number (to the fullest extent that those terms are used, defined, or interpreted by the TCPA, relevant regulatory or administrative promulgations, and caselaw) in connection with efforts to contact or attempt to contact Class Members, including, but not limited to, claims arising under or relating to (i) the TCPA, and any other similar state or federal law; (ii) statutory or common law claims predicated upon any alleged violations of the TCPA and/or any similar law; and (iii) statutory or common law claims predicated upon and/or arising from any or all of the Related Parties' use of any automated dialing system and/or artificial or prerecorded voice, including any claim under or for violation of federal or state unfair and deceptive practices statutes, violations of any federal or state debt collection practices acts (including, but not limited to, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.), invasion of privacy, conversion, breach of contract, unjust enrichment, specific performance and/or promissory estoppel; (c) claims asserted or that could have been asserted in the Action; and (d) any violation and/or alleged violation of state and federal law, whether common law or statutory, arising from or relating to the conduct and/or omissions described in Paragraph 4.01(a)-(c) above.  This Release shall be included as part of any judgment, so that all released claims and rights shall be barred by principles of *res judicata*, collateral estoppel, and claim and issue preclusion.

4.02    In addition to the provisions of paragraph 4.01 above, the Releasing Persons hereby expressly agree that, upon Final Approval, each will waive and release any and all provisions, rights, and benefits conferred either (a) by Section 1542 of the California Civil Code or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with

respect to the claims released pursuant to paragraph 4.01 above. Section 1542 of the California Civil Code reads:

> Section 1542. <u>General Release; extent</u>. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Whether a beneficiary of California law or otherwise, Representative Plaintiff and each of the Releasing Persons acknowledges that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of paragraph 4.01 above, but each of those individuals expressly agree that, upon entry of the final judgment contemplated by this Settlement Agreement, he and she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to paragraph 4.01 above, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

4.03     Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, the undersigned Class Counsel, for themselves, Plaintiff's Counsel, and each of his, her or their present and former owners, predecessors, successors, partners, shareholders, agents (alleged or actual), experts, representatives, employees and affiliates ("Attorney Releasors"), unconditionally and irrevocably remise, waive, satisfy, release, acquit, and forever discharge Defendant and the Released Parties from any and all right, lien, title or interest in any attorneys' fee or award or any claim for reimbursement of costs in connection with the Action or the Released Rights, except as otherwise provided herein.

# V.     REPRESENTATIONS AND WARRANTIES

5.01     In addition to the provisions hereof, this Agreement and the Settlement shall be subject to the ordinary and customary judicial approval procedures under Fed. R. Civ. P. 23. Until and unless this Agreement is dissolved or becomes null and void by its own terms, or unless otherwise ordered by the Court, or if Final Approval is not achieved, Representative Plaintiff and Class Counsel represent and warrant to Defendant that they shall take all appropriate steps in the Action necessary to preserve the jurisdiction of the Court, use their best efforts to cause the Court to grant Preliminary and Final Approval of this Agreement as promptly as possible, and take or join in such other steps as may be necessary to implement this Agreement and to effectuate the Settlement. This includes the obligation to (a) oppose nonmeritorious objections in the Action and to defend the Agreement and the Settlement before the Court and on appeal, if any; (b) seek approval of this Agreement and of the Settlement by the Court; (c) move for the entry of the orders identified in Paragraphs 2.01 and 2.27 above; and (d) join in the entry of such other orders or revisions of orders or notices, including the orders and notices attached hereto, as are required by Defendant, subject to Representative Plaintiff's consent, not to be unreasonably withheld or delayed.

5.02    Until and unless this Agreement is dissolved or becomes null and void by its own terms, or unless otherwise ordered by the Court, or if Final Approval is not achieved, Defendant represents and warrants to Representative Plaintiff and Class Counsel that it will take appropriate steps in the Action necessary to preserve the jurisdiction of the Court, and take or join in such other steps as may be reasonably necessary to implement this Agreement and to effectuate the Settlement.

5.03    Representative Plaintiff and Class Counsel represent and warrant that any Attorney Fee/Litigation Cost Award they may seek upon application to the Court pursuant to Paragraph 2.29 above shall include all attorneys' fees and litigation costs that Representative Plaintiff, Plaintiff's Counsel, and any of the current and former owners, predecessors, successors, partners, shareholders, agents (alleged or actual), representatives, employees, and affiliates of Plaintiff's Counsel and Class Counsel, seek or may have any right or claim to in connection with the Action and the Released Rights.

5.04    Representative Plaintiff and Class Counsel represent and warrant that other than "Plaintiff's Counsel," as that term is defined above, there are no persons (natural or legal) having any interest in any award of attorneys' fees, expenses or litigation costs in connection with the Action.  Class Counsel further represent and warrant to Defendant that they have the authority to execute this Agreement on behalf of themselves and Plaintiff's Counsel, and thereby to bind themselves and Plaintiff's Counsel to all terms and conditions of this Agreement, and, subject to Court approval, to bind all Class Members to the terms and conditions of this Agreement.

5.05    Representative Plaintiff, Class Counsel, and Defendant represent and warrant that he, she, it or they are fully authorized to enter into this Agreement and to carry out the obligations provided for herein. Each person executing this Agreement on behalf of a Party, entity, or other person(s) covenants, warrants, and represents that he, she, or it has been fully authorized to do so by that Party, entity, or other person(s).  Representative Plaintiff, Class Counsel, and Defendant represent and warrant that he, she, it or they intend to be bound fully by the terms of this Agreement.

5.06    Representative Plaintiff, Class Counsel (for themselves and Plaintiff's Counsel), and Defendant represent and warrant that they have not, nor will they, unless expressly authorized to do so by the terms of this Agreement, (a) attempt to void this Agreement in any way; (b) Opt-Out of the Settlement under this Agreement; (c) solicit or encourage in any fashion Class Members to Opt-Out; or (d) solicit or encourage in any fashion any effort by any person (natural or legal) to object to the Settlement under this Agreement.  Nothing herein shall prohibit Class Counsel from responding to any Class Member inquiry with advice that Class Counsel deems appropriate given the Class Member's individual circumstances.  Nor shall anything herein prohibit Defendant from responding to any Class Member inquiry by directing the Class Member to Class Counsel and/or publicly-available information concerning the Settlement.

5.07    Defendant represents and warrants that following the commencement of the Action it revised and implemented improved procedures to avoid calling cellular telephone numbers through the use of an automated dialing system in the absence of consent.

5.08    Class Counsel and Plaintiff's Counsel represent and warrant that, as of the date of this Agreement, they have no current intention or plan to seek out or solicit persons to pursue class claims against Receivable Management with respect to matters within the scope of the Release, as embodied in Paragraphs 4.01 to 4.03 above.  Nothing in this Paragraph shall limit any future advertising by Class Counsel and Plaintiff's Counsel and any term in this paragraph prohibited by any applicable rule of professional conduct shall be deemed not to apply to Class Counsel and Plaintiff's Counsel.

5.09    Class Counsel and Plaintiff's Counsel represent and warrant that they do not represent any current client with any claim against any Released Person that has, as of the date of this Agreement, not been filed and served upon the Released Person.

5.10    Representative Plaintiff and Plaintiff's Counsel represent and warrant that, following the Final Approval Date, they will comply with the terms of the Protective Order (Dkt. No. 70) entered by the Court in the Action relating to the return or destruction of all documents and other discovery materials designated as Confidential by Defendant.  Representative Plaintiff and Plaintiff's Counsel further represent and warrant that they will not use or seek to use (a) the discovery obtained in the Action and/or (b) the fact or content of the Settlement in this Action or in any other claim, action or litigation against any Released Person (excepting only actions to enforce or construe this Agreement).

5.11    Defendant represents and warrants that, following the Final Approval Date, it will comply with the terms of the Protective Order entered by the Court (Dkt. No. 70) in the Action relating to the return or destruction of all documents and other discovery materials designated as Confidential by Plaintiff.  Defendant further represents and warrants that it will not use or seek to use (a) the discovery obtained in the Action and/or (b) the fact or content of the Settlement, in this Action or in connection with any other claim, action or litigation against Representative Plaintiff (excepting only actions to enforce or construe this Agreement).

5.12    Until and unless this Agreement is dissolved or becomes null and void by its own terms, or unless otherwise ordered by the Court, or if Final Approval is not achieved, Defendant represents and acknowledges to Representative Plaintiff that Defendant will not oppose the Settlement, Preliminary Approval and/or Final Approval, provided that the Preliminary Approval Order and Final Approval Order sought by Plaintiffs and Class Counsel are substantially in the forms of Exhibits A and E hereto, respectively.

5.13    If any person, legal or natural, breaches the terms of any of the representations and warranties in this section, the Court shall retain jurisdiction over this matter to entertain actions by a Party against such person for breach and/or any Party's request for a remedy for such breach.

## VI.    MISCELLANEOUS PROVISIONS

6.01    Except as specified herein, this Agreement and the Settlement provided for herein shall not be effective until the Final Approval Date.  Until that time, and except as otherwise specifically provided for in this Agreement with respect to the payment of the Settlement

Administration Costs, Defendant shall have no obligation to pay or set aside any monies due or potentially due under the terms of this Agreement.

6.02     This Agreement reflects, among other things, the compromise and settlement of disputed claims and defenses among the Parties hereto, and nothing in this Agreement or any action taken to effectuate this Agreement is intended to be an admission or concession of liability of any Party or third party or of the validity of any claim.  Defendant denies the allegations in the Action, and contends that its conduct has been lawful and proper.

6.03     This Agreement is entered into only for purposes of settlement.  In the event that Final Approval of this Agreement and this Settlement does not occur for any reason, this Agreement shall become null and void.  In that event, the Parties shall be absolved from all obligations under this Agreement, and this Agreement, any draft thereof, and any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions leading to the execution of this Agreement shall have no effect and shall not be admissible evidence for any purpose.  In addition, in that event, the status of the Action shall revert to the state it was in prior to settlement, the pleadings shall revert to that date, and the agreements contained herein shall be null and void, shall not be cited or relied upon as an admission as to the Court's jurisdiction or the propriety of class certification, and the Parties shall have all rights, claims and defenses that they had or were asserting as of the date of this Agreement.

6.04     Nothing shall prevent Representative Plaintiff and/or Defendant from appealing any denial by the Court of Final Approval of this Settlement, and the Parties agree that, in the event of such an appeal, the case will be stayed pending the resolution of any such appeal.  The Parties agree they will continue to support and advocate for approval of the Settlement on appeal or in post-appeal proceedings, if there is such an appeal, to the same extent as they are bound herein to do so while the Action is before the Court.  In the event such an appeal results, by order of the appellate court or by an order after remand or a combination thereof, in the entry of an order(s) whereby the Settlement is approved in a manner substantially consistent with the substantive terms and intent of this Settlement Agreement, and dismissing all claims in the Action with prejudice, and otherwise meeting the substantive criteria of this Agreement for approval of the Settlement, such order shall be treated as a Final Approval Order.

6.05     The Parties agree that all negotiations, statements, proceedings, and other items related to this Agreement are for settlement purposes only, and shall not be offered or be admissible in evidence by or against any other Party or cited or referenced by Plaintiff's Counsel or Defendant in any other action or proceeding against Defendant or Plaintiff.

6.06     This Agreement shall be terminable at the option of Defendant (a) if more than two hundred (200) Class Members become Successful Opt-Outs; (b) in the event the Court fails to enter the orders contemplated by Paragraphs 2.01 and 2.28 above, or does so in a form materially different from the forms contemplated by this Agreement; (c) if the Agreement becomes null and void in accordance with paragraph 6.03 above; (d) if the Court or any other court permits a person or persons to Opt-Out as a representative, or otherwise to exercise or preserve the Opt-Out, or substantive rights, of others; (e) if the Court fails to approve this Agreement as written and agreed to by the Parties, including but not limited to a failure to approve the Preliminary Approval Order or the Final Approval Order; and (f) if the Attorney

Fee/Litigation Cost Award and/or Class Representative Award, if any, made by the Court is greater than the maximum amount of each award Class Counsel and Representative Plaintiff may apply for under Paragraphs 2.29 and 2.31 of this Agreement (collectively, "Termination Options"). In the event a Termination Option arises, Defendant shall exercise the option by the later of twenty (20) days after the events giving rise to the termination right or Final Approval.

6.07    The Agreement also shall be terminable upon the mutual agreement of the Representative Plaintiff and Defendant.

6.08    If this Agreement is terminated pursuant to its terms, or if the Final Approval Date does not occur, or if this Agreement is not approved in full, then any and all orders vacated or modified as a result of this Agreement shall be reinstated, and any judgment or order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated nunc pro tunc.

6.09    Representative Plaintiff and Plaintiff's Counsel shall not (a) issue, or otherwise cause to be issued, any press release, advertisement, Internet posting or similar document concerning the Action and/or the facts and circumstances that were the subject of, or disclosed in discovery in, the Action, excepting only such documents created and disbursed as part of the Class Notice and/or Publication Notice; or (b) make any extrajudicial statements concerning the Action; the facts and circumstances that were the subject of, or disclosed in discovery in the Action; or the Settlement of the Action, excepting only that (i) such statements may be made to individual Class Members or the individual Class Member's counsel in one-on-one communications or as part of the Class Notice and/or Publication Notice, (ii) statements concerning the fact of the Settlement and its terms and otherwise public information about the Action may be disclosed by Representative Plaintiff and Plaintiff's Counsel in response to inquiries directed to them by a member of the media, provided that Representative Plaintiff and Plaintiff's Counsel refrain from making any disparaging statements about Receivable Management of any kind whatsoever in the course of responding to such inquiries, and (iii) general statements concerning the fact of the Settlement and its terms and otherwise public information about the Action may be made on the firm websites of Class Counsel, provided that such content contains no disparaging statements about Receivable Management of any kind whatsoever. Any term in this Paragraph prohibited by any applicable rule of professional conduct shall be deemed not to apply to Plaintiff's Counsel.

6.10    The Parties agree that nothing in this Agreement shall be construed to prohibit communications between Defendant and the Defendant Released Parties, on the one hand, and Class Members, on the other hand, in the regular course of Defendant's and the Defendant Released Parties' businesses.

6.11    Representative Plaintiff and Class Counsel shall not produce or provide to any governmental body or agency, administrative body or agency, regulator, board or commission, attorney general of a State, the United States Department of Justice, or any other government or law enforcement agency or body any discovery materials or other documents obtained from Defendant in the Action and/or material relating to the Action unless required to do so by law and after reasonable notice to Defendant in advance of any production such that either or both of them may seek a court order or other relief precluding or preventing production.

6.12    This Agreement is intended to and shall be governed as a contract executed under the laws of the State of Illinois.

6.13    The terms and conditions set forth in this Agreement constitute the complete and exclusive agreement between the Parties hereto, and may not be contradicted by evidence of any prior or contemporaneous agreement, and no extrinsic evidence may be introduced in any judicial proceeding to interpret this Agreement.  Any modification of the Agreement must be confirmed and executed in writing by all Parties and served upon Counsel for the Defendant and Class Counsel.

6.14    This Agreement shall be deemed to have been drafted jointly by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Agreement.

6.15    This Agreement shall inure to the benefit of the Released Persons and heirs, successors and assigns of each Released Person, and each and every one of the Released Persons shall be deemed to be intended third-party beneficiaries of this Agreement and, once approved by the Court, of the Settlement.

6.16    The waiver by one Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

6.17    This Agreement, and the Settlement provided for herein, shall not be admissible in any lawsuit, administrative action, or any judicial or administrative proceeding if offered to show, demonstrate, evidence, or support a contention that (a) Defendant and/or any of the Released Parties acted illegally, improperly, or in breach of law, contract, ethics, or proper conduct; and/or (b) class certification is required or appropriate.

6.18    This Agreement shall become effective upon its execution by Class Counsel and Defendant, except for those provisions that require approval from the Court to be effective (and those provisions shall become effective upon their approval by the Court).   Representative Plaintiff shall thereafter execute this Agreement promptly, and may execute this Agreement in a counterpart.  Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

6.19    No representations or advice regarding the tax consequences of this Agreement have been made by any Party.  The Parties further understand and agree that each Party, each Class Member and each of Class Counsel and Plaintiff's Counsel shall be responsible for his, her, its or their own taxes, if any, resulting from this Agreement and any payments made pursuant to this Agreement.

6.20    The Parties agree that any Class Member who is in active bankruptcy proceedings or previously was a party to bankruptcy proceedings during the Class Period may only participate in the Settlement subject to applicable bankruptcy law and procedures.  Defendant is under no obligation to notify any bankruptcy court that has, had or may have jurisdiction over such Class Member's bankruptcy proceedings or any trustee or examiner appointed in such Class Member's bankruptcy proceedings of this Agreement or the benefits conferred by the Agreement and the Settlement.

6.21    Each Class Member agrees that, if he, she or they are in active bankruptcy proceedings or previously was a party to a bankruptcy proceeding during the Class Period and the Released Claims are or may be part of the Class Member's bankruptcy estate and not the property of the Class Member, the Class Member will (a) advise the bankruptcy trustee of this Agreement and the benefits conferred by the Agreement and Settlement, in time for the trustee to exercise any rights or object to the Settlement, (b) comply with any direction from his, her or their bankruptcy trustee with respect to this Settlement and the benefits conferred by the Agreement and the Settlement, and (c) in the event of any disagreement with the direction of the bankruptcy trustee, seek relief from the appropriate bankruptcy court (without the involvement of any other party to this Agreement).

6.22    Under no circumstances shall the Settlement or Agreement or the Release be deemed to alter, amend, or change the terms and conditions of any contract, agreement, and/or debt to which any Class Member is or was a party, or to provide a defense to any such contract, agreement, and/or debt, including but not limited to a defense based on the so-called "one action" rule, nor shall the Settlement or the Agreement or the Release be deemed to have any effect in any bankruptcy case or in any other action involving a Class Member hereto.  Nor shall the Settlement Agreement create or be construed as evidence of any violation of law or contract. In the event this Agreement is so construed as to a particular Class Member, it can be declared by Defendant to be null and void as to that Class Member only (and in such latter event, the Release as to that Class Member shall also be void).  Representative Plaintiff and the Class expressly covenant and agree, as a material inducement to Defendant, and recognizing the practical difficulties faced by Defendant in ongoing or future matters, that each of them waive and forever relinquish any rights or entitlement they may possess or come to possess (other than as set forth herein) to have Defendant or the Released Parties amend, alter or revise proofs of claims, rights, demands, suits, or other claims made (or to be made) in order to reflect the benefit of the Benefit Checks provided or to be provided or to reflect the other terms of this Agreement and the Settlement.

6.23    Although the Court shall enter a judgment, the Court shall retain jurisdiction over the interpretation, effectuation, enforcement, administration, and implementation of this Agreement.  In the event any proceeding is brought to enforce the terms of this Agreement, the prevailing Party shall be entitled to recover from the other(s) damages arising from any breach of the Agreement and such other relief, including reasonable attorneys' fees and costs, as the Court may order on its own and/or upon the application or motion of the prevailing party.  Further, if a Class Member takes any action or position, after the Final Approval Date, in any lawsuit (including the Action) that causes any Party to seek relief, intervention, or ruling by this Court to enforce, interpret, or protect the Settlement, this Agreement, or any of its orders subsequent hereto (including the Preliminary Approval Order or the Final Approval Order), the Court shall retain jurisdiction over this matter to entertain motions or requests by that Party for an award of damages and/or other relief against such Class Member.

6.24    Defendant and Representative Plaintiff acknowledge that they have been represented and advised by independent legal counsel throughout the negotiations that have culminated in the execution of this Agreement, and that they have voluntarily executed the Agreement with the consent of and on the advice of counsel.  The Parties have negotiated and reviewed fully the terms of this Agreement.

[SIGNATURES ON THE FOLLOWING PAGES]

**IN WITNESS WHEREOF,** the Parties hereto, acting by and through their respective counsel of record, have entered into this Settlement Agreement on the date first above written, and have executed this Settlement Agreement on the date indicated below each respective signature.

**ISABEL M. LOPERA**

Date: 06/13/2014

*REPRESENTATIVE PLAINTIFF*

**KEOGH LAW, LTD.**
55 W. Monroe St.
Suite 3390
Chicago, IL 60603
(312) 726-1092

**LAW OFFICES OF MATTHEW W. KIVERTS**
27 North Wacker Drive
Suite 401
Chicago, IL 60606
(312) 632-1017

Keith J. Keogh, Esq.

Matthew W. Kiverts, Esq.

Date:_____

Date:_____

*ATTORNEYS FOR PLAINTIFF*

*ATTORNEYS FOR PLAINTIFF*

ACTIVE/71626263.5

28

**IN WITNESS WHEREOF,** the Parties hereto, acting by and through their respective counsel of record, have entered into this Settlement Agreement on the date first above written, and have executed this Settlement Agreement on the date indicated below each respective signature.

**ISABEL M. LOPERA**

Date:_____

*REPRESENTATIVE PLAINTIFF*

**KEOGH LAW, LTD.**
55 W. Monroe St.
Suite 3390
Chicago, IL 60603
(312) 726-1092

Keith J. Keogh, Esq.

Date: 6 – 12 – 14

*ATTORNEYS FOR PLAINTIFF*

**LAW OFFICES OF MATTHEW W. KIVERTS**
27 North Wacker Drive
Suite 401
Chicago, IL 60606
(312) 632-1017

Matthew W. Kiverts, Esq.

Date:_____

*ATTORNEYS FOR PLAINTIFF*

**THE RECEIVABLE MANAGEMENT
SERVICES CORPORATION**

By: _____

Title: _____

Date: _____

**GOODWIN PROCTER LLP**
901 New York Ave. NW
Washington, D.C. 20001
(202) 346-4000

_Brooks R. Brown_ _____

Brooks R. Brown, Esq.

Date: _6/13/14_ _____

**_ATTORNEYS FOR DEFENDANT_**

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| ISABEL M. LOPERA, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>THE RECEIVABLE MANAGEMENT SERVICES CORP.,<br><br>        Defendant. | Civil Action No. 1:12-cv-09649<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, AND WITH RESPECT TO CLASS NOTICE, COURT APPROVAL HEARING AND ADMINISTRATION** |

Upon consideration of the Parties' Settlement Agreement dated June 11, 2014 (the "Settlement Agreement" or "Agreement"), Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement, and the pleadings and other materials on file in this Action, IT IS HEREBY ORDERED AS FOLLOWS:

1.    The Settlement Agreement and the exhibits thereto are hereby incorporated by reference in this Order as if fully set forth herein. Capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning as in the Agreement.

2.    For purposes of the Settlement, the Settlement Class shall be defined all persons in the United States who were the user or subscriber of a cellular telephone number to which RMS placed a non-emergency telephone call using an automated dialer after obtaining that number from a third party skip trace company between January 5, 2012 to August 1, 2012.[1] Subject to further consideration at the Court Approval Hearing described in Paragraph 13 below, this Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3) for purposes of the Settlement.

---

[1]  As set forth in the Settlement Agreement, the Parties agree that there are 11,733 unique cellular telephone numbers associated with persons in the Settlement Class.

3.      For purposes of the Settlement, and after considering the relevant factors in Fed. R. Civ. P. 23 and subject to further consideration at the Court Approval Hearing, Representative Plaintiff, Isabel M. Lopera, is provisionally appointed as the representative of the Settlement Class.

4.      For purposes of the Settlement, and after considering the relevant factors in Fed. R. Civ. P. 23 and subject to further consideration at the Court Approval Hearing, Keith J. Keogh and Timothy J. Sostrin of Keogh Law, Ltd. are provisionally appointed as Class Counsel.

5.      For purposes of the Settlement, KCC is approved and designated as the Settlement Administrator for the Settlement.

6.      Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement, and the Settlement provided for therein, are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical and procedural considerations of the Action, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Court Approval Hearing described at paragraph 13 of this Order.  Accordingly, the Settlement Agreement and the Settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the Settlement.

7.      Pursuant to the terms of the Settlement Agreement, Defendant and the Settlement Administrator are hereby directed (a) to prepare the Class Member List; (b) to provide notice of the Settlement and the Court Approval Hearing to each Class Member by mailing a copy of the Class Notice and Claim Form, substantially in the forms of the documents attached to the Agreement as Exhibits B and C, to each Class Member at the address on the Class Member List as updated by the Settlement Administrator; (c) to publish the Publication Notice, substantially in the form of the document attached to the Agreement as Exhibit D, in accordance with the terms

of the Agreement; (d) to post Internet banner ads concerning the Settlement in accordance with the terms of the Agreement; and (e) to make copies of the Class Notice and the Settlement Agreement available on a dedicated settlement website at www.TRMS-TCPAsettlement.com. Before mailing and publication, the Settlement Administrator shall fill in all applicable dates and deadlines in the Class Notice and Publication Notice to conform to the dates and deadlines specified in this Order. The Settlement Administrator shall also have discretion to format the Class Notice and/or Publication Notice in a reasonable manner before mailing or publishing, as applicable, to minimize mailing, publication, and/or administration costs.

8.      If any Class Notice mailed pursuant to the Settlement Agreement and this Order is returned by the United States Postal Service ("Postal Service") as undeliverable, then the Settlement Administrator shall re-mail the Class Notice to the forwarding address, if any, provided by the Postal Service on the face of the returned mail. Other than as set forth above, Representative Plaintiff, Class Counsel, Defendants and the Settlement Administrator shall have no other obligation to re-mail Class Notices returned by the Postal Service as undeliverable.

9.      The Court finds that the Settlement Agreement's plan for direct mail and publication notice to Class Members is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and accepted. This Court further finds that the Class Notice, Publication Notice and Claim Form comply with Fed. R. Civ. P. 23 and are appropriate as part of the notice plan and the Settlement, and thus they are hereby approved, adopted and authorized for dissemination. This Court further finds that no other notice to Class Members other than that identified in the Agreement is reasonably necessary in the Action.

10.     Any Class Member who wishes to be excluded from the Settlement Class and not be bound by the Settlement Agreement must complete and mail a request for exclusion ("Opt-

Out") to the Settlement Administrator at the address set forth in the Class Notice and Publication Notice, postmarked no later than _____, 2014. For a Class Member's Opt-Out to be valid, it must be timely (as judged by the postmark deadline set forth above) and (a) state the Class Member's full name, address, and telephone number; (b) contain, to the extent known to the Class Member, the cellular telephone number as to which the Class Member seeks exclusion; (c) contain the Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action (*i.e.*, conformed, reproduced, facsimile, or other non-original signatures are not valid); and (d) state unequivocally the Class Member's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement. Any Class Member who does not submit a Successful Opt-Out, or otherwise comply with all requirements for opting out as are contained in this Order, the Agreement, and the Class Notice, shall be bound by the Agreement, including the Release, as embodied in paragraphs 4.01 to 4.03 of the Agreement, and any Final Order and Judgment entered in the Action. Further, any Class Member who is a Successful Opt-Out will be deemed to have waived any rights or benefits under the Settlement, and will not have standing to object to the Settlement or intervene in the Action.

11. On or before the date of the Court Approval Hearing, Class Counsel, Counsel for the Defendants and/or the Settlement Administrator shall create a comprehensive list of Successful Opt-Outs and file the list with the Court under seal to protect the privacy interests of the Successful Opt-Outs. Without implication of limitation, and consistent with terms of the Settlement Agreement, the identification any person on the list of Successful Opt-Outs is not and shall not be construed as either a determination by this Court or an admission or conclusion by

the Parties, Plaintiffs' Counsel or Counsel for the Defendants that such person is a member of the Settlement Class.

12.     Any Class Member who is not a Successful Opt-Out and who wishes to object to the proposed Settlement must mail and postmark, or hand-deliver, a written objection to the Settlement ("Objection") to Class Counsel and Counsel for the Defendants, at the addresses set forth in the Class Notice, and file the Objection with the Court, on or before _____**, 2014**. Each Objection must:  (a) set forth the Class Member's full name, current address, and telephone number; (b) identify the cellular telephone number of the Class Member that brings him or her within the scope of the Settlement Class; (c) contain the Class Member's original signature (conformed, reproduced, facsimile, or other non-original signatures will not be valid); (d) state that the Class Member objects to the Settlement, in whole or in part; (e) set forth a statement of the legal and factual basis for the Class Member's objection; and (f) provide copies of any documents that the Class Member wishes to submit in support of his/her position.  Any Class Member who does not submit a timely Objection in complete accordance with this Order, the Class Notice, and the Settlement Agreement shall not be treated as having submitted a valid Objection to the Settlement.

13.     A hearing (the "Court Approval Hearing") shall be held before the undersigned at 10:00 a.m. on _____ ___, 2014 in the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, Courtroom 1725, 219 South Dearborn Street, Chicago, Illinois  60604, to determine, among other things, (a) whether the proposed Settlement should be approved as fair, reasonable and adequate, (b) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement, (c) whether Class Members should be bound by the Release set forth in the Settlement Agreement, (d) whether Class Members should be subject to a permanent injunction that, among other things,

bars Class Members from commencing, prosecuting, or assisting in any lawsuit against the Released Persons that asserts or purports to assert matters within the scope of the Release, (e) the amount of any Attorney Fee/Litigation Cost Award to be made to Plaintiffs' Counsel, if any, upon application pursuant to paragraph 2.29 of the Settlement Agreement, and (f) the amount of any Class Representative Award to be made to Representative Plaintiff, if any, upon application pursuant to paragraphs 2.31 of the Settlement Agreement. This hearing may be postponed, adjourned, or continued by order of the Court without further written notice to the Settlement Class.

14. Representative Plaintiff's motion for final approval of the Settlement, as well as any application for an Attorney Fee/Litigation Cost Award and any application for a Class Representative Award by Plaintiff and/or Plaintiff's Counsel, shall be filed with the Court no later than seven (7) days before the Court Approval Hearing. All other submissions by Representative Plaintiff or Defendants concerning the Settlement also shall be filed no later than seven (7) days before the Court Approval Hearing.

15. It is not necessary for a Class Member to appear at the Court Approval Hearing. However, any Class Member who wishes to appear at the Court Approval Hearing, whether *pro se* or through counsel, must file a Notice of Appearance in the Action, and mail and postmark, or hand-deliver, the notice to Class Counsel and Counsel for the Defendants on or before _____, **2014**.

16. No Class Member shall be permitted to raise matters at the Court Approval Hearing that the Class Member could have raised in an Objection, but failed to raise.

17. Any Class Member who wishes to file a motion in the Action must file the motion with the Court, and contemporaneously mail and postmark, or hand-deliver, the motion, together with all supporting documents, to Class Counsel and Counsel for the Defendants on or before

_____, **2014**.

18.     Any Class Member who fails to comply with this Order, the Class Notice, and/or the Agreement shall be barred from appearing at the Court Approval Hearing.

19.     All other events contemplated by the Settlement Agreement to occur after this Order and before the Court Approval Hearing, including Defendants' provision of notice of the Settlement pursuant to 28 U.S.C. § 1715 ("Section 1715"), shall be governed by the Agreement and Section 1715, as applicable, to the extent not inconsistent herewith.

20.     The Parties are hereby authorized to retain the Settlement Administrator to assist in effectuating the terms of, and administering, the Settlement.

21.     All proceedings in the Action, other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

22.     If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to the Action, and all orders issued pursuant to the Settlement may be vacated upon a motion or stipulation from the Parties. In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in this Action for any purpose whatsoever.  This Order shall be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability.  Nor shall this Order be construed by or against Representative Plaintiff or the Class Members that their claims lack merit or that the relief requested in this Action is inappropriate, improper, or unavailable, or as a waiver by any Party of any claims or defenses it may have.  Nor shall this Order be construed or used to show that certification of one or more

classes is required or appropriate if the Action were to be litigated rather than settled.

23. Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or of any wrongdoing, liability, or violation of law by Defendant, which denies all of the claims and allegations raised in the Action.

24. The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Representative Plaintiff and Defendant and without further notice to the Class Members.

25. Pending this Court's decision on whether to finally approve the Settlement in this Action, Representative Plaintiff, all Class Members (excepting those who are Successful Opt-Outs), Class Counsel, and Plaintiffs' Counsel are preliminary enjoined from commencing, prosecuting, or assisting in any lawsuit against the Released Persons that asserts or purports to assert matters within the scope of the Release.

26. Representative Plaintiff, Class Counsel, Plaintiffs' Counsel and each of the Releasing Persons shall not (a) issue, or otherwise cause to be issued, any press release, advertisement, Internet posting or similar document concerning the Action and/or the facts and circumstances that were the subject of, or disclosed in discovery in, the Action, excepting only such documents created and disbursed as part of the Class Notice and/or Publication Notice; or (b) make any extrajudicial statements concerning the Action; the facts and circumstances that were the subject of, or disclosed in discovery in the Action; or the Settlement of the Action, excepting only that (i) such statements may be made to individual Class Members or the individual Class Member's counsel in one-on-one communications or as part of the Class Notice and/or Publication Notice, (ii) statements concerning the fact of the Settlement and its terms and otherwise public information about the Action may be disclosed by Representative Plaintiff and

Plaintiffs' Counsel in response to inquiries directed to them by a member of the media, provided that Representative Plaintiff and Plaintiffs' Counsel refrain from making any disparaging statements about Receivable Management of any kind whatsoever in the course of responding to such inquiries, and (iii) general statements concerning the fact of the Settlement and its terms and otherwise public information about the Action may be made on the firm websites of Class Counsel, provided that such content contains no disparaging statements about Receivable Management of any kind whatsoever. Any term in this paragraph prohibited by any applicable rule of professional conduct shall be deemed not to apply to Plaintiff's Counsel.

27.      The Parties shall meet and confer in good faith to resolve any dispute concerning the Settlement Agreement and/or this Order and, to the extent any such dispute cannot be resolved between them, present the matter to this Court for resolution.


Dated: _____, 2014      _____

                                                        HON. ANDREA R. WOOD
                                                      UNITED STATES DISTRICT JUDGE

# EXHIBIT B

**NOTICE OF PENDENCY OF CLASS ACTION,**
**PROPOSED SETTLEMENT, AND COURT APPROVAL HEARING**

**TO:** All persons in the United States who were the user or subscriber of a cellular telephone number to which The Receivable Management Services Corp. (RMS or Defendant) placed a non-emergency telephone call using an automated dialer after obtaining that number from a third party skip trace company between January 5, 2012 to August 1, 2012 (the "Class").

THIS IS A COURT NOTICE. PLEASE READ THIS NOTICE CAREFULLY, AS THE PROPOSED SETTLEMENT (REFERRED TO AS THE "SETTLEMENT") DESCRIBED BELOW MAY AFFECT YOUR LEGAL RIGHTS AND PROVIDE YOU POTENTIAL BENEFITS. THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU OR A SOLICITATION FROM A LAWYER.

IF YOU WISH TO RECEIVE ANY OF THE BENEFITS OF THE SETTLEMENT, YOU MUST ELECTRONICALLY SUBMIT A CLAIM FOR AT WWW.TRMS-TCPASETTLEMENT.COM OR COMPLETE AND RETURN THE CLAIM FORM ACCOMPANYING THIS NOTICE TO THE SETTLEMENT ADMINISTRATOR NO LATER THAN _____, 2014.

## I.    SUMMARY OF YOUR OPTIONS AND IMPORTANT DEADLINES

| | |
|---|---|
| Participate in the Settlement and submit a Claim Form | If you want to participate in and be eligible to receive an amount to be determined up to $125, then you must submit a valid Claim Form (as described below in Section V(B)) by _____, 2014. If you participate in the Settlement, you will give up certain rights to sue Defendant (as described below in Section V(C)). |
| Opt-out and exclude yourself from the Settlement | If you want to sue Defendant yourself about the matters at issue in this case, then you may opt-out and exclude yourself from the Settlement by _____, 2014 (as described below in Section VIII(c) below). You will not receive the benefits of the Settlement if you opt-out. |
| Object to the Settlement | If want object to the Settlement (or any part of it), then you may write to the Court with your objections by _____, 2014 (as described below in Section VIII(C)(1)). |
| Do nothing | If you do no nothing, then you will not receive the benefits of the Settlement and will still give up certain rights to sue Defendant. |

## II.    WHAT IS THE PURPOSE OF THIS NOTICE?

The purpose of this Notice is (a) to advise you of the proposed Settlement of the above-captioned lawsuit (the "Action") pending against Defendant in the United States District Court for the Northern District of Illinois (the "Court"); (b) to summarize your rights under the Settlement; and (c) to inform you of a court hearing to consider whether to finally approve the Settlement to be held on _____, **2014 at 10:00 a.m.** before the Honorable Andrea R. Wood, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, Courtroom 1725, 219 South Dearborn Street, Chicago, Illinois 60604 (the "Court Approval Hearing").

## III.    WHAT IS THE ACTION ABOUT?

In the Action, plaintiff Isabel M. Lopera ("Plaintiff") alleges that Defendant violated the Telephone Consumer Protection Act (TCPA) by making a debt collection call to certain cellular telephone numbers using an automated dialer without the consent of the user or subscriber of that number. The Action was originally filed in 2012, and seeks statutory damages against Defendant. There have been substantial proceedings in the case. Plaintiff's attorneys (referred to as "Plaintiff's Counsel and identified in Section VI below) have conducted a thorough investigation into, and have engaged in extensive litigation and discovery with respect to, the relevant facts and law. Plaintiff's Counsel has concluded that the outcome of the Action is uncertain and that a settlement is in the best interests of Plaintiff and the class members.

Defendant denies that it acted unlawfully, denies that it violated the TCPA or any other law or legal requirement, and asserts numerous defenses against Plaintiff's claims. Defendant further denies that class certification is required or appropriate. Defendant has contested Plaintiff's claims, has contested liability to the class members, and has asserted numerous defenses.

The Court never resolved the claims and defenses of the parties in the Action. The Court also never resolved whether Defendant did anything wrong.

This Notice should not be understood as an expression of any opinion by the Court as to the merits of the Plaintiff's claims or Defendant's defenses. Plaintiff and Defendant recognize that to resolve these and other important issues would be time-consuming, uncertain, and expensive.

## IV.     WHO IS PART OF THE PROPOSED SETTLEMENT?

Plaintiff and Defendant have entered into an agreement to settle the Action (the "Settlement Agreement"). The Court has preliminarily approved the Settlement proposed in the Settlement Agreement as fair, reasonable, and adequate. The Court will hold the Court Approval Hearing, as described in Section IX below, to consider whether to make the Settlement final.

The Court has provisionally certified a settlement class, consisting of persons who will be the final settlement class if the Settlement is approved, which includes all persons who were the user or subscriber of a cellular telephone number to which Defendant placed a non-emergency telephone call using an automated dialer after obtaining the number from a third party skip trace company between January 5, 2012 to August 1, 2012. According to Defendant's records, you may meet these criteria and be a member of the Class.

## V.     WHAT ARE THE PRINCIPAL TERMS OF THE PROPOSED SETTLEMENT?

The principal terms of the proposed Settlement are as follows:

A.     *SETTLEMENT AMOUNT.*   The maximum aggregate amount Defendant has agreed to pay under the Settlement, if it gains final approval from the Court, is $1,500,000 (the "Settlement Amount"). This Settlement Amount includes all amounts that Defendant has agreed to pay, and covers payments:

(1)     to eligible members of the Class in exchange for the Release (as described in Section V(C));

(2)     to Plaintiff as a class representative award (as described in Section V(D));

(3)     to Plaintiffs' Counsel for attorneys' fees and litigation costs actually incurred in the Action (as described in Section V(D)); and

(4)     to the Settlement Administrator for settlement administration costs (as described in Section V(E)).

B.     *SETTLEMENT BENEFIT.*   Each member of the Class ("Class Member") who submits a Valid Claim Form (as described below in this Section V(B)) and does not exclude himself or herself from the Class (as described in Section VIII(B) below) will be eligible to receive a check ("Benefit Check") in an amount to be determined up to $125 per eligible Class Member. The Benefit Checks will be paid exclusively from, and not in addition to, the Settlement Amount.

To be eligible to receive a Benefit Check, you will need to complete and submit a valid Claim Form to the Settlement Administrator no later than _____, 2014. You may complete and submit a Claim Form either by mail or online – not both.

(1)     Claim Form Submission By Mail.   To submit your Claim Form by mail, you must complete the attached Claim Form appearing at the end of this notice and return it by first-class United States mail, postage pre-paid, to: TRMS TCPA Settlement Administrator c/o KCC Class Action Services, P.O. Box 43274, Providence, RI 02940-3274. To be considered valid, your hard-copy Claim Form must meet all of the following criteria: (a) Section B of the Claim Form must be completely filled-out; (b) "Yes" must be checked for each of the required statements in Section C; (c) the required verification in Section D must be signed; and (d) the completed Claim Form must be mailed to the address for TRMS TCPA Settlement Administration set forth above postmarked no later than _____, 2014.

(2)     Claim For Submission Online.   To submit your Claim Form online, you must complete and electronically submit the Claim Form available at http://www.TRMS-TCPAsettlement.com. To be considered valid, your online Claim Form must meet all of the following criteria: (a) Section B of the Claim Form must be completely filled-out; (b) "Yes" must be checked for each of the required statements in Section C; (c) the required verification in Section D must be electronically signed using the Claim Number appearing on the address page of this Notice; and (d) the completed Claim Form must be electronically submitted no later than 11:59 PM (EST) on _____, 2014. Please note that, to complete and submit the Claim Form online, you will need either the Claim Number appearing on the first page of this Notice above the address line or the cellular telephone number that brings you within the scope of the Class. The website will only permit you to submit one online Claim Form per Claim Number and/ cellular

telephone number. Once you have submitted the online Claim Form, you will have no opportunity to make any changes or corrections.

C.    *RELEASE.*  Plaintiff and each Class Member who does not exclude himself or herself from the Class will release certain claims against Defendant. This is referred to as the "Release." Generally speaking, the Release will prevent any Class Member from bringing any lawsuit or making any claim that Defendant violated the TCPA or any other law or legal requirement by placing non-emergency telephone calls using an automated dialer to a Class Members who was the user or subscriber of a cellular telephone number which Defendant obtained from a third party skip trace company between January 5, 2012 to August 1, 2012. The Release will also prevent every Class Member, and certain related parties, from suing or bringing such claims against Defendant, companies related to Defendant, Defendant's employees, and certain other third parties. The terms of Release, as set forth in the Settlement Agreement, are reproduced in the Addendum appearing at the end of this Notice.

The Release, which is set forth in Paragraphs 4.01 to 4.03 of the Settlement Agreement and the Addendum to this Notice, will be effective as to every Class Member who does not exclude himself or herself from the Class regardless of whether or not the Class Member receives and cashes a Benefit Check.

D.    *ATTORNEY FEE/LITIGATION COST AND CLASS REPRESENTATIVE AWARDS.*  The Court will determine the amount of attorneys' fees and litigation costs to award to Plaintiffs' Counsel from the Settlement Amount for investigating the facts and law in the Action, litigating the Action, and negotiating the proposed Settlement of the Action (the "Attorney Fee/Litigation Cost Award"). Plaintiffs' Counsel will ask the Court to award them attorneys' fees and litigation costs from the Settlement Amount in an amount up to 30%, which is $450,000 of the Settlement Amount. Plaintiffs' Counsel will make their request for an Attorney Fee/Litigation Cost Award in a motion to be filed with the Court on or before _____, 2014. Copies of that motion will be available from Class Counsel or from the Court after that date, as set forth in Section X below.

Plaintiffs' Counsel will also ask the Court to award Plaintiff, as representative of the Class, an amount of up to $5,000.00 from the Settlement Amount for her service in the Action ("Class Representative Award"). Plaintiffs' Counsel will make the request for a Class Representative Award in a motion to be filed with the Court on or before _____, 2014. Copies of that motion will be available from Class Counsel or from the Court after that date, as set forth in Section X below.

Any Attorney Fee/Litigation Cost Award or Class Representative Award will be paid by Defendant exclusively from (and not in addition to) the Settlement Amount.

E.    *SETTLEMENT ADMINISTRATION.*  The costs of administration of the proposed Settlement will be paid by Defendant exclusively from, and not in addition to, the Settlement Amount.

G.    *DISMISSAL OF THE ACTION.*  Upon final approval of the Settlement, the Action will be dismissed with prejudice.

If the Settlement is approved by the Court and becomes final, Benefit Checks will be provided to eligible Class Members who submit a valid Claim. If the Settlement is not approved by the Court or does not become final for any reason, the Action will continue, and Class Members will not be entitled to receive the Benefit Check.

SECTIONS V(A)-(G) ABOVE PROVIDE ONLY A GENERAL SUMMARY OF THE TERMS OF THE PROPOSED SETTLEMENT. YOU MUST CONSULT THE SETTLEMENT AGREEMENT FOR MORE INFORMATION ABOUT THE EXACT TERMS OF THE SETTLEMENT. THE SETTLEMENT AGREEMENT IS AVAILABLE AT WWW.TRMS-TCPASETTLEMENT. COM OR FROM CLASS COUNSEL, AS SET FORTH IN SECTION X BELOW.

## VI.    WHO REPRESENTS THE SETTLEMENT CLASS?

The Court has provisionally appointed Keith J. Keogh and Timothy J. Sostrin of Keogh Law, Ltd. to act as counsel for the Class (referred to as "Class Counsel") for purposes of the proposed Settlement. Mr. Keogh and Mr. Sostrin can be contacted by mail, telephone and/or email at Keogh Law Ltd., 55 W. Monroe, Suite 3390, Chicago, IL 60603; Tel: (866) 726-1092; e-mail: TCPAsettlement@keoghlaw.com.

## VII.    WHAT ARE THE REASONS FOR THE PROPOSED SETTLEMENT?

Plaintiff and Defendant agreed on all of the terms of the proposed Settlement through extensive arms-length negotiations between Plaintiff's Counsel and Counsel for the Defendant, and with the assistance of a third-party mediator

(Hon. Morton Denlow (Ret.) of JAMS). Plaintiff has entered into the proposed Settlement after weighing the benefits of the Settlement against the probabilities of success or failure in the Action, and against the delays that would be likely if the Action proceeded to trial, and after trial, to appeal.

Plaintiff and Plaintiff's Counsel have concluded that the proposed Settlement: provides substantial benefits to the Class; resolves substantial issues without prolonged litigation; provides the Class with significant benefits, both individually and as a group; and is in the best interests of the Class. Plaintiff and Plaintiff's Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate.

Although Defendant denies any wrongdoing and any liability whatsoever, Defendant believes that it is in its best interest to settle the Action on the terms set forth in the Settlement Agreement in order to avoid further expense, uncertainty, and inconvenience in connection with the Action.

## VIII.    WHAT DO YOU NEED TO KNOW AND DO NOW?

A.    *YOU CAN PARTICIPATE IN THE SETTLEMENT.*  If the Settlement is approved at the Court Approval Hearing, you will automatically be included as a participant in the Settlement and be eligible to receive the Benefit Check described in this Notice if you submit a valid Claim Form.  If that is what you want, you must only submit a valid Claim Form. You do not need to take any other action.

If you participate, your interests as a Class Member will be represented by Plaintiff and Plaintiffs' Counsel, including the above-listed Class Counsel.  You will not be billed for their services.  Plaintiffs' Counsel will receive a fee only if the Court approves the Settlement and the fee award, if any, will be set by the Court.

Unless you request to be excluded (as described in Section VIII(B)), you will be bound by any judgment or other final disposition of the Action, including the Release set forth in the Settlement Agreement, and will be precluded from pursuing claims against Defendant separately if those claims are within the scope of the Release.

B.    *YOU CAN OPT-OUT.*  If you do not wish to be a Class Member, and do not want to participate in the Settlement, you may exclude yourself from the Class by completing and mailing a notice of intention to opt-out (referred to as an "Opt-Out") to the following address, postmarked no later than _____, 2014:

TRMS TCPA Settlement Administrator
c/o KCC Class Action Services
P.O. Box 43274
Providence, RI 02940-3274

Any Opt-Out must (a) state your full name, address, and telephone number; (b) contain, to the extent known to the Class Member, the cellular telephone number as to which the Class Member seeks exclusion; (c) contain the personal and original signature of the Class Member or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action (*NOTE:* conformed, reproduced, facsimile, or other non-original signatures are not valid); and (d) state unequivocally the Class Member's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement. Class Members who do not mail in a timely and valid Opt-Out will remain Class Members and will be bound by the Settlement.

C.    *YOU CAN OBJECT OR TAKE OTHER ACTIONS IN THE ACTION.*

(1)    Objections to the Settlement.  Any Class Member who has not elected to be excluded from the Class may object to the approval of the Settlement, to any aspect of the Settlement or the Settlement Agreement, to the application for attorneys' fees and costs, and/or to the application for a class representative award to Plaintiff.  To object, you must mail or hand-deliver any objection to the Clerk of Court, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois  60604  on or before _____, **2014**, and must mail or hand-deliver a copy of the objection to Class Counsel and Counsel for the Defendant at the addresses set forth in Section XI below by that same date.  To be timely, objections that are mailed must be postmarked by _____, 2014 and objections that are hand-delivered must be received by the Court, Class Counsel and Counsel for the Defendant by _____, **2014**.  To be valid, each objection must (a) set forth the Class Member's full name, current address, and telephone number; (b) identify the cellular telephone number of the Class Member that brings him or her within the scope of the Settlement Class; (c) contain the Class Member's original signature (conformed, reproduced, facsimile, or other non-original signatures will not be valid); (d) state that the Class Member objects to the Settlement, in whole or in part;

(e) set forth a statement of the legal and factual basis for the objection; and (f) provide copies of any documents that the Class Member wishes to submit in support of his/her position. Objections may be filed by counsel for a Class Member. Objections that are not timely mailed or hand-delivered to the Court, Class Counsel and Counsel for the Defendant, and/or are otherwise invalid shall not be treated as a valid Objection to the Settlement.

        (2)    <u>Appearances at the Court Approval Hearing</u>. It is not necessary for you to appear at the Court Approval Hearing. If you have not excluded yourself from the Settlement and wish to appear and/or speak at the Court Approval Hearing, whether personally or through a lawyer, then you must mail or hand-deliver a Notice of Appearance to the Clerk of Court, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, on or before _____, 2014, and you must mail or hand-deliver a copy of the Notice of Appearance to Class Counsel and Counsel for the Defendant at the addresses set forth in Section XI below by _____, 2014. Further, if you wish to appear at the Court Approval Hearing, you will not be permitted to raise matters that you could have, but did not, raise in a properly submitted Objection (as described in Section VIII(C)(1)). To be considered timely, Notices of Appearances that are mailed must be postmarked by _____, 2014 and Notices of Appearance that are hand-delivered must be received by the Court, Class Counsel and Counsel for the Defendant by _____, 2014.

        (3)    <u>Other Motions or Submissions Concerning the Action or the Settlement</u>. It is not necessary for you to submit any motion concerning the Action or Settlement to the Court. If you have not excluded yourself from the Settlement and want to submit a motion to the Court concerning the Settlement or the Action, however, then you must mail or hand deliver a motion, together with all supporting documents, to the Clerk of Court, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 on or before _____, 2014, and must mail or hand-deliver a copy of the motion , together with all supporting documents, to Class Counsel and Counsel for the Defendant at the addresses set forth in Section XI below by _____, 2014. To be considered timely, motions that are mailed must be postmarked by _____, 2014 and motions that are hand-delivered must be received by the Court, Class Counsel and Counsel for the Defendants by _____, 2014.

     *D.    YOU MUST NOTIFY YOUR TRUSTEE AND TAKE OTHER ACTIONS IF YOU HAVE BEEN IN BANKRUPTCY AT ANY TIME SINCE JANUARY 5, 2012.* The Settlement Agreement requires that, if (i) you are in active bankruptcy proceedings or previously was a party to a bankruptcy proceeding during the period between January 5, 2012 through the date of this notice and (ii) all or any of the claims that may be released as part of this Settlement are or may be part of your bankruptcy estate, then you must advise your current or prior bankruptcy trustee of this Agreement and the benefits conferred by the Settlement in time for the trustee to exercise any rights or object to the Settlement. In addition, under the terms of the Settlement Agreement, you must comply with any direction from the trustee with respect to this Settlement and the benefits conferred by the Settlement, and (c) in the event of any disagreement between you and the trustee, you must seek relief from the appropriate bankruptcy court.

## IX.    WHAT WILL TAKE PLACE AT THE COURT APPROVAL HEARING?

    The Court will hold the Court Approval Hearing in the courtroom of the Honorable Andrea R. Wood, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, Courtroom 1725, 219 South Dearborn Street, Chicago, Illinois 60604 on _____, 2014 at 10:00 a.m. At that time, the Court will determine, among other things, (a) whether the Settlement should be finally approved as fair, reasonable and adequate, (b) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement, (c) whether Class Members should be bound by the Release set forth in the Agreement, (d) whether Class Members should be subject to a permanent injunction that, among other things, bars Class Members from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any lawsuit, claim, demand or proceeding in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope of the Release, (e) the amount of attorneys' fees and costs to be awarded to Plaintiffs' Counsel, if any, and (f) the amount of the award to be made to Plaintiff for her service as class representative, if any. The Court Approval Hearing may be postponed, adjourned or continued by Order of the Court without further notice to the Class.

## X.    HOW CAN YOU GET ADDITIONAL INFORMATION ABOUT THE ACTION, THE PROPOSED SETTLEMENT, THE SETTLEMENT AGREEMENT, OR THE NOTICE?

    The descriptions of the Action, the Settlement, and the Settlement Agreement that are contained in this Notice are only a general summary. In the event of a conflict between this Notice and the Settlement Agreement, the terms of the Settlement Agreement shall control. All papers filed in this case, including the full Settlement Agreement, are available for you to inspect and copy (at your cost) at the office of the Clerk of Court, United States District Court for the Northern District

of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, during regular business hours. A copy of the Settlement Agreement also may be obtained at www.TRMS-TCPAsettlement.com or from Class Counsel by contacting them at the addresses or telephone numbers set forth in Section XI below.

Any questions concerning this Notice, the Settlement Agreement, or the Settlement may be directed to Class Counsel in writing at the addresses or emails set forth in Section XI below or by calling them at the numbers listed for them in Section XI below.

You may also seek the advice and counsel of your own attorney, at your own expense, if you desire.

Additional copies of this Notice can be obtained at www.TRMS-TCPAsettlement.com or from the Settlement Administrator upon written request.

DO NOT WRITE OR TELEPHONE THE COURT, THE CLERK'S OFFICE, OR DEFENDANTS IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE, THE SETTLEMENT, OR THE SETTLEMENT AGREEMENT.

## XI. WHAT ARE THE ADDRESSES YOU MAY NEED?

**Class Counsel:**

> Keith J. Keogh
> Timothy J. Sostrin
> Keogh Law, Ltd.
> 55 W. Monroe, Suite 3390,
> Chicago, IL 60603,
> Tel: (866) 726-1092;
> E-mail: TCPAsettlement@keoghlaw.com

**Defendant's Counsel:**

> Brooks R. Brown
> J. Christopher Suedekum
> GOODWIN PROCTER LLP
> 901 New York Avenue, NW
> Washington, DC 20001
> (202) 346-4000

**Settlement Administrator:**

> TRMS TCPA Settlement Administrator
> c/o KCC Class Action Services
> P.O. Box 43274
> Providence, RI 02940-3274
> (866) 247-8833

## XII. WHAT INFORMATION MUST YOU INCLUDE IN ANY DOCUMENT THAT YOU SEND REGARDING THE ACTION

In sending any document to the Settlement Administrator, to the Court, to Class Counsel, or to Counsel for the Defendant, it is important that both your envelope and any documents inside contain the following case names and identifying number: *Lopera v. RMS Corp.*, Case No.: 12-CV-9649. In addition, you must include your full name, address, and a telephone number at which you can be reached.

/s/ Andrea R. Wood_____          Dated: _____, 2014
UNITED STATES DISTRICT JUDGE

<u>**ADDENDUM**</u>

As described above in Section V(C) of the Notice, the terms of the Release (which are contained in Paragraphs 4.01 to 4.03 of the Settlement Agreement) are reproduced below:

**IV.**     <u>**RELEASE**</u>

4.01    Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, (i) Representative Plaintiff and each Class Member who is not a Successful Opt-Out, and each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government in the capacity as parens patriae or on behalf of creditors or estates of the releasees), and each of them (collectively and individually, the "Releasing Persons"), and (ii) Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns (the "Counsel Releasing Parties") will be deemed to have completely released and forever discharged the Released Persons from any and all past, present and future claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind, including without limitation (i) those known or unknown or capable of being known, and (ii) those which are unknown but might be discovered or discoverable based upon facts other than or different from those facts known or believed at this time, including facts in the possession of and concealed by any Released Person, and (iii) those accrued, unaccrued, matured or not matured, all from the beginning of the world until today (collectively, the "Released Rights"), that arise out of or in any way relate or pertain to (a) Released Rights that were asserted, or attempted to be asserted, or could have been asserted in the Action; that by the use by any or all of the Released Parties of any "automatic telephone dialing system," "automatic dialer," "automated dialer," "dialer," and/or an "artificial or precorded voice" to make "calls" to a cellular telephone number (to the fullest extent that those terms are used, defined, or interpreted by the TCPA, relevant regulatory or administrative promulgations, and caselaw) in connection with efforts to contact or attempt to contact Class Members, including, but not limited to, claims arising under or relating to (i) the TCPA, and any other similar state or federal law; (ii) statutory or common law claims predicated upon any alleged violations of the TCPA and/or any similar law; and (iii) statutory or common law claims predicated upon and/or arising from any or all of the Related Parties' use of any automated dialing system and/or artificial or precorded voice, including any claim under or for violation of federal or state unfair and deceptive practices statutes, violations of any federal or state debt collection practices acts (including, but not limited to, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.), invasion of privacy, conversion, breach of contract, unjust enrichment, specific performance and/or promissory estoppel; (c) claims asserted or that could have been asserted in the Action; and (d) any violation and/or alleged violation of state and federal law, whether common law or statutory, arising from or relating to the conduct and/or omissions described in Paragraph 4.01(a)-(c) above.  This Release shall be included as part of any judgment, so that all released claims and rights shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion.

4.02    In addition to the provisions of paragraph 4.01 above, the Releasing Persons hereby expressly agree that, upon Final Approval, each will waive and release any and all provisions, rights, and benefits conferred either (a) by Section 1542 of the California Civil Code or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the claims released pursuant to paragraph 4.01 above.  Section 1542 of the California Civil Code reads:

Section 1542. General Release; extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Whether a beneficiary of California law or otherwise, Representative Plaintiff and each of the Releasing Persons acknowledges that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of paragraph 4.01 above, but each of those individuals expressly agree that, upon entry of the final judgment contemplated by this Settlement Agreement, he and she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to paragraph 4.01 above, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

4.03    Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, the undersigned Class Counsel, for themselves, Plaintiffs' Counsel, and each of his, her or their present and former owners, predecessors, successors, partners, shareholders, agents (alleged or actual), experts, representatives, employees and affiliates ("Attorney Releasors"), unconditionally and irrevocably remise, waive, satisfy, release, acquit, and forever discharge Defendant and the Released Parties from any and all right, lien, title or interest in any attorneys' fee or award or any claim for reimbursement of costs in connection with the Action or the Released Rights, except as otherwise provided herein.[1]

---

[1] As used in paragraph 4.01 of the Release, the term "Released Persons" is defined in paragraph 1.25 of the Settlement Agreement to mean "Receivable Management, as that term is defined in Paragraph 1.23 [of the Settlement Agreement], except that persons or entities within the scope of subparagraphs (b) and (c) of paragraph 1.23 are excluded from th[e] definition as to call(s) made directly by them or made on their behalf by persons or entities other than RMS."

# EXHIBIT C

# <u>CLAIM FORM</u>

for

### LOPERA V. THE RECEIVCEABLE MANAGEMENT SERVICES CORPORATION

**A.    INSTRUCTIONS**

Please fully complete Sections (B) and (C) below and sign in Section (D) below.  In the event that you or any other person required to sign this Claim Form is unable to do so, a statement signed under penalty of perjury, explaining such inability (*e.g.*, death, divorce, overseas military service) must be attached to and submitted with this Claim Form.

Mail the Claim Form, by first-class United States mail, postage prepaid, to TCPA Settlement Administration, P.O. Box _____ _____, \_\_\_\_ \_\_\_ postmarked no later than _____, **2014**.

**B.    CLASS MEMBER INFORMATION**

_____

Full Name              Street/P.O. Box              City              State              Zip Code

**C.    REQUIRED STATEMENTS BY CLASS MEMBER**

I, to the best of my knowledge and belief, received a debt collection call from The Receiveable Management Corporation (RMS) on my cellular telephone.             Yes \_\_ No \_\_

I, to the best of my knowledge and belief, consented to receiving calls like the one I received from RMS on my cell phone.             Yes \_\_ No \_\_

**D.    REQUIRED CLASS MEMBER VERIFICATION**

I verify, under penalty of perjury, that the information set forth in Sections (B) and (C) above is true and accurate to the best of my current knowledge and belief.


_____

Signature

# EXHIBIT D

**United States District Court for the Northern District of Illinois**

*Lopera v. The Receivable Management Services Corp.*, No. 12-9649

**SUMMARY NOTICE OF PENDENCY AND PROPOSED
<u>SETTLEMENT OF CLASS ACTION AND HEARING</u>**

> TO: ALL PERSONS WHO WERE THE USER OR SUBSCRIBER OF A CELLULAR TELEPHONE NUMBER TO WHICH THE RECEIVABLE MANAGEMENT SERVICES CORPORATION ("DEFENDANT") PLACED A NON-EMERGENCY TELEPHONE CALL USING AN AUTOMATED DIALER AFTER OBTAINING THE NUMBER FROM A THIRD PARTY SKIP TRACE COMPANY BETWEEN JANUARY 5, 2012 TO AUGUST 1, 2012.

**THIS SUMMARY NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY.**

The purpose of this notice is to advise you of the proposed settlement of a class action lawsuit, and its potential effect on your rights. The lawsuit is pending in the United States District Court for the Northern District of Illinois before the Honorable Andrea R. Wood. Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act (TCPA) by making debt collection calls to cellular telephone numbers using an automated dialer without consent. This notice is not intended to imply that Defendant violated the TCPA or any other law and/or that Plaintiff is entitled to any recovery. Defendant denies Plaintiff's claim and denies liability to the Plaintiff and the class in any amount. The Court has not ruled on the merits of Plaintiff's claim or on the denials and other defenses made by Defendant. The parties have, however, entered into a proposed settlement of the lawsuit, and the Court has given its preliminary approval to that settlement pending a court approval hearing scheduled for _____, 2014 at 10:00 AM. Under the terms of the proposed settlement, eligible class members may receive a cash payment of up to $125 by filing claim no later than _____, 2014 through the settlement website at www.TRMS-TCPAsettlement.com.

You are a member of the class in this lawsuit if you meet the following criteria and do not exclude yourself:

- You were the user and/or subscriber of a cellular telephone number to which Defendant placed a non-emergency telephone call using an automated dialer without your consent; and

- Your cellular telephone number was obtained by Defendant from a third-party skip trace company during the period between January 5, 2012 and August 1, 2012.

If you are a class member, you will be represented in the lawsuit by class counsel. You also may enter an appearance through your own attorney at your own expense.

Notices concerning the proposed Settlement were mailed to class members. If you believe that you are a class member and did not receive a notice in the mail, contact the Settlement Administrator at 1-800 - ___ -____ or at www.TRMS-TCPAsettlement.com to provide your current address..

**SUMMARY OF THE CONSEQUENCES OF CLASS MEMBERSHIP, YOUR RIGHT TO BE EXCLUDED, AND YOUR RIGHTS IN CONNECTION WITH THE PROPOSED SETTLEMENT**

If you are a class member and the Settlement Agreement is finally approved by the Court, you will automatically be bound by the terms of the settlement, including the terms releasing Defendant from certain claims you may have against it, unless you elect to exclude yourself. You thus have a choice: (1) remain in the class if you meet the criteria for membership; or (2) exclude yourself from the class.

**REMAIN IN THE CLASS:** If you choose to remain a class member, then you will be represented by class counsel, be eligible to receive money as part of the settlement if you submit a valid claim through the settlement website by _____, 2014, and give-up certain claims you may have against Defendant. The Settlement

Agreement provides for eligible class members to receive a cash payment of up to $125, but the final payment may be less.

This is only a summary of the terms of the proposed settlement. You must consult the Settlement Agreement for information about its exact terms. You can view and obtain a copy of the Settlement Agreement and the Notice of Pendency of Class Action, Proposed Settlement and Court Approval Hearing ("Notice"), which contains a summary of the terms of the proposed settlement, at WWW.TRMS-TCPAsettlement.com or by making a written request to the Settlement Administrator, _____ Settlement Administration, PO Box _____, _____, ____ _____.

**EXCLUDE YOURSELF:** If you choose to exclude yourself from the settlement, then you must mail a written request for exclusion, containing the information described in the Notice, to the Settlement Administrator postmarked no later than _____, **2014**. If you exclude yourself from the Settlement, then you will not be eligible to object to the Settlement or receive the cash payment or any other benefits of the settlement and will not give-up any claims you may have against Defendant.

**OBJECT TO THE SETTLEMENT:** If you choose to remain in the class, then you may also file an objection to some or all of the settlement terms, including the attorneys' fees and litigation costs to be paid to class counsel, and that objection (if timely and containing the required information) will be heard and decided by the Court. The deadline for filing objections, as well as motions in connection with the Settlement, is _____, **2014**. The requirements for such objections and other motions are contained in the Notice.

**COURT APPROVAL HEARING:** The Court will hold a hearing at **10:00 AM on** _____, **2014** to consider, among other things, (a) whether to finally approve the Settlement, (b) whether to dismiss the lawsuit with prejudice, (c) the amount, if any, of attorneys' fees and costs to be awarded to Plaintiff's counsel (up to a limit of 30% of the $1.5 million settlement amount), and (d) the amount, if any, to be awarded to Plaintiff for her service as class representative (up to a limit of $5,000). You can appear at the court approval hearing, but do not have to. You can also hire your own attorney, at your own expense, to represent you at the hearing. The specific procedures that must be followed in the event that you wish to appear at the hearing are detailed in the Notice.

**ADDITIONAL INFORMATION:** Any question you have concerning this summary notice or the proposed settlement should be directed to class counsel: Keith J. Keogh or Timothy J. Sostrin, Keogh Law Ltd., 55 W. Monroe, Suite 3390, Chicago, IL 60603, Tel: (866) 726-1092; e-mail: TCPAsettlement@keoghlaw.com. You may also contact the Settlement Administrator at 1-800-___-____ or www.TRMS-TCPAsettlement.com with any questions.

# EXHIBIT E

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ISABEL M. LOPERA, on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>    v.<br><br>THE RECEIVABLE MANAGEMENT SERVICES CORP.,<br><br>          Defendant. | Civil Action No. 1:12-cv-09649<br><br>**[PROPOSED] FINAL ORDER APPROVING SETTLEMENT, AND DISMISSING ACTION WITH PREJUDICE** |

This matter having come before the Court on _____, 2014 upon the Motion of Representative Plaintiff, individually and on behalf of a class of persons, for final approval of a settlement reached between the Parties, and upon review and consideration of the Settlement Agreement dated June 11, 2014 ("Settlement Agreement" or "Agreement"), the exhibits to the Settlement Agreement, the evidence and arguments of counsel presented at the Court Approval Hearing, and any other submissions filed with this Court in connection with the Court Approval Hearing, IT IS HEREBY ORDERED and adjudged as follows:

1.     The Settlement Agreement is hereby incorporated by reference into this Order ("Order"), and is hereby adopted by the Court.  Capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning as in the Agreement.

2.     For purposes of settlement only, the Settlement Class, as that term is defined in the Agreement, is found to meet the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3).

3.     For purposes of settlement only, and pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court hereby finally certifies the Settlement Class.  If, for any reason, the Settlement does not become effective, this certification shall be null and void and shall not be used or referred to for any purpose in the Action or any other action or proceedings.

1

4.      For purposes of settlement only, the Court appoints Representative Plaintiff as representative of the Settlement Class and finds that she meets the relevant requirements of Fed. R. Civ. P. 23(a).

5.      For purposes of settlement only, the Court appoints Keith J. Keogh and Timothy J. Sostrin as counsel to the Settlement Class and finds that these attorneys meet the relevant requirements of Fed. R. Civ. P. 23(a).

6.      As set forth in the Class Notice, this Court convened the Court Approval Hearing at 10:00 a.m. on _____, 2014.

7.      Pursuant to Fed. R. Civ. P. 23, the Settlement of the Action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable, and adequate settlement of the Action in light of the factual, legal, practical, and procedural considerations raised by Representative Plaintiff's claims and Defendant's defenses.

8.      The Court finds that the mailed and publication notice previously given to Class Members in the Action was the best notice practicable under the circumstances, and satisfies the requirements of due process and Fed. R. Civ. P. 23.  The Court further finds that, because (a) adequate notice has been provided to all Class Members and (b) all Class Members have been given the opportunity to object to, and/or request exclusion from, the Settlement, it has jurisdiction over all Class Members.  The Court further finds that all requirements of statute (including but not limited to 28 U.S.C. § 1715), rule, and state and federal constitutions necessary to effectuate this Settlement have been met and satisfied.   This Court further finds that all notice requirements of 28 U.S.C. § 1715 have been properly complied with by Defendants in connection with the Settlement, and that it has been more than ninety (90) days since the date,_____, 2014, on which the notices required under the statute were served upon the appropriate state and federal officials.  Accordingly, no Class Member (excepting only those

2

who are Successful Opt-Outs) may refuse to comply with or be bound by the Settlement Agreement or this Order.

9.      After due consideration of Representative Plaintiff's likelihood of success at trial; the range of Representative Plaintiff's possible recovery; the complexity, expense, and duration of the litigation; the substance of and amount of any opposition and/or objections to the Settlement; the number of Successful Opt-Outs from the Settlement; the responses of Class Members to the Settlement; the state of proceedings at which the Settlement was achieved; the nature of the negotiations leading to the Settlement; the litigation risks to Representative Plaintiff and the Class Members; all written submissions, affidavits, and arguments of counsel; and after notice and a hearing, this Court finds that the terms of the Settlement and the Agreement, including all exhibits thereto are fair, adequate and reasonable, and are in the best interest of the Class.  Accordingly, the Settlement Agreement should be and is finally approved and shall govern all issues regarding the Settlement and all rights of the Parties, including the Class Members.

10.      Upon consideration of the application for attorneys' fees and litigation costs by Plaintiffs' Counsel, the aggregate amount of the Attorney Fee/Litigation Cost Award is hereby fixed at _____(_____.00).  This aggregate award covers, without limitation, any and all claims for attorneys' fees and litigation costs incurred by (a) Plaintiffs' Counsel, (b) any other counsel representing (or purporting to represent) Representative Plaintiff or Class Members (or any of them) with respect to all matters within the scope of the Release, and (c) Representative Plaintiff or the Class Members (or any of them) in connection with or related to any matter in the Action, the Settlement, the administration of the Settlement, and any of the matters or claims within the scope of the Release.

11.      Upon consideration of the application for an award to Representative Plaintiff, the

3

amount of the Class Representative Award is hereby fixed at _____($\_\_\_\_\_.00).

12.     In accordance with the Settlement Agreement, and to effectuate the Settlement, the Settlement Administrator or Defendant, as applicable under the terms of the Settlement Agreement, shall cause:

(a)     the Benefit Checks to be provided to eligible Class Members in accordance with the terms of the Agreement;

(b)     the aggregate Attorney Fee/Litigation Cost Award made in paragraph 10 above to be disbursed to Class Counsel in accordance with the terms of the Agreement; and

(c)     the Class Representative Award made in paragraph 11 above to be delivered to Class Counsel in accordance with the terms of the Agreement.

13.     The Action and all claims against Defendant are hereby dismissed on the merits and with prejudice, and the Clerk is directed to enter this Judgment in favor of Defendant in the Action.  The Judgment shall be without costs to any Party.

14.     Representative Plaintiff, Plaintiffs' Counsel and each Class Member (except those who are Successful Opt-Outs and appear on a list that is on file with the Court under seal to protect the privacy of those persons, which list is incorporated herein and made a part hereof) shall be forever bound by this Order and the Agreement including the Release and covenants not to sue set forth in paragraphs 4.01 to 4.03 of the Settlement Agreement providing as follows:

4.01  Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, (i) Representative Plaintiff and each Class Member who is not a Successful Opt-Out, and each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government in the capacity as *parens patriae* or on behalf of creditors or estates of the releasees), and each of them (collectively and individually, the "Releasing Persons"), and (ii) Class Counsel and each of their past and

present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns (the "Counsel Releasing Parties") will be deemed to have completely released and forever discharged the Released Persons from any and all past, present and future claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind, including without limitation (i) those known or unknown or capable of being known, and (ii) those which are unknown but might be discovered or discoverable based upon facts other than or different from those facts known or believed at this time, including facts in the possession of and concealed by any Released Person, and (iii) those accrued, unaccrued, matured or not matured, all from the beginning of the world until today (collectively, the "Released Rights"), that arise out of or in any way relate or pertain to (a) Released Rights that were asserted, or attempted to be asserted, or could have been asserted in the Action; (b) the use by any or all of the Released Parties of any "automatic telephone dialing system," "automatic dialer," "automated dialer," "dialer," and/or an "artificial or prerecorded voice" to make "calls" to a cellular telephone number (to the fullest extent that those terms are used, defined, or interpreted by the TCPA, relevant regulatory or administrative promulgations, and caselaw) in connection with efforts to contact or attempt to contact Class Members, including, but not limited to, claims arising under or relating to (i) the TCPA, and any other similar state or federal law; (ii) statutory or common law claims predicated upon any alleged violations of the TCPA and/or any similar law; and (iii) statutory or common law claims predicated upon and/or arising from any or all of the Related Parties' use of any automated dialing system and/or artificial or prerecorded voice, including any claim under or for violation of federal or state unfair and deceptive practices statutes, violations of any federal or state debt collection practices acts (including, but not limited to, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.), invasion of privacy, conversion, breach of contract, unjust enrichment, specific performance and/or promissory estoppel; (c) claims asserted or that could have been asserted in the Action; and (d) any violation and/or alleged violation of state and federal law, whether common law or statutory, arising from or relating to the conduct and/or omissions described in Paragraph 4.01(a)-(c) above. This Release shall be included as part of any judgment, so that all released claims and rights shall be barred by principles of *res judicata*, collateral estoppel, and claim and issue preclusion.

4.02  In addition to the provisions of paragraph 4.01 above, the Releasing Persons hereby expressly agree that, upon Final Approval, each will waive and release any and all provisions, rights, and benefits conferred either (a) by Section 1542 of the California Civil Code or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the claims released pursuant to paragraph 4.01 above.  Section 1542 of the California Civil Code reads:

> Section 1542. <u>General Release; extent</u>. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

5

Whether a beneficiary of California law or otherwise, Representative Plaintiff and each of the Releasing Persons acknowledges that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of paragraph 4.01 above, but each of those individuals expressly agree that, upon entry of the final judgment contemplated by this Settlement Agreement, he and she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to paragraph 4.01 above, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

4.03  Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, the undersigned Class Counsel, for themselves, Plaintiffs' Counsel, and each of his, her or their present and former owners, predecessors, successors, partners, shareholders, agents (alleged or actual), experts, representatives, employees and affiliates ("Attorney Releasors"), unconditionally and irrevocably remise, waive, satisfy, release, acquit, and forever discharge Defendant and the Released Parties from any and all right, lien, title or interest in any attorneys' fee or award or any claim for reimbursement of costs in connection with the Action or the Released Rights, except as otherwise provided herein.[1]

15.     The Release set forth in paragraph 14 above and in the Settlement Agreement shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, and/or other proceedings maintained by or on behalf of Representative Plaintiff, Class Members (except the Successful Opt-Outs) and/or the Releasing Parties concerning matters and claims that were or could have been asserted in the Action, and/or are encompassed within the scope of the Release.

16.     Defendant and any Released Person are hereby released and forever discharged by Representative Plaintiff, Class Members (except the Successful Opt-Outs) and the Releasing Parties from all matters and claims within the scope of the Release.

17.     Representative Plaintiff, Plaintiff's Counsel and each and every Class Member who is not a Successful Opt-Out are permanently enjoined from bringing, joining, assisting in, or

continuing to prosecute against Defendant and/or any Released Person any existing or future claim within the scope of the Release, as embodied in paragraphs 4.01 to 4.03 of the Settlement Agreement. Nothing in this paragraph shall be construed to enjoin Representative, Plaintiff's Counsel, and/or Class Members from bringing, joining, assisting in, or continuing to prosecute existing or future claims against Defendant and/or any Released Person that were not released as part of the Settlement.

18.     This Court finds that Class Counsel had and continue to have the authority to execute the Agreement on behalf of themselves and Plaintiffs' Counsel, and thereby to bind themselves and Plaintiffs' Counsel to all terms and conditions of the Agreement. Class Counsel and Plaintiffs' Counsel are thus also bound by all provisions of this Order.

19.     This Order, the Settlement Agreement, any document referred to in this Order, any action taken to carry out this Order, any negotiations or proceedings related to any such documents or actions, and the carrying out of and entering into the terms of the Agreement, shall not be construed as, offered as, received as, or deemed to be evidence, impeachment material, or an admission or concession with regard to any fault, wrongdoing or liability on the part of Defendant whatsoever in the Action, or in any other judicial, administrative, regulatory action or other proceeding; provided, however, this Order may be filed in any action or proceeding against or by Defendant RMS to enforce the Agreement or to support a defense of *res judicata*, *collateral estoppel*, release, accord and satisfaction, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or

---

[1] As set forth in paragraph 1.25 of Settlement Agreement, the term "Released Persons," as used in the Release, means "Receivable Management, as that term is defined in Paragraph 1.23 [of the Settlement Agreement], except that person or entities within the scope of subparagraphs (b) and (c) of paragraph 1.23 are excluded from th[e] definition as to call(s) made directly by them or made on their behalf by person or entities other than RMS."

counterclaim.

20.     The Parties may, by mutual agreement, amend, modify or expand the provisions of the Settlement Agreement, including all exhibits thereto, subject to the conditions and limitations as set forth in the Agreement.

21.     In the event that Final Approval is not achieved for any reason, then the Settlement Agreement, this Order, together with any other orders or rulings arising from or relating to the Agreement, shall be rendered null and void and be vacated.

22.     Except as expressly provided for in this Order, the Settlement Agreement shall govern all matters incident to the administration of the Settlement hereafter, including as to deadlines, until further order of this Court or agreement of the Parties.

23.     This Order follows this Court's Order Preliminarily Approving Settlement and With Respect to Class Notice, Court Approval Hearing and Administration, and supersedes the Preliminary Approval Order to the extent of any inconsistency.

24.     Without in any way affecting the finality of this Order and Judgment for purposes of appeal, this Court hereby retains jurisdiction as to all matters relating to the interpretation, administration, implementation, effectuation and/or enforcement of the Settlement Agreement and/or this Order.

Dated: _____, 2014     _____
                                                    ANDREA R. WOOD
                                                    UNITED STATES DISTRICT JUDGE