# APPENDIX 2

1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT
9               FOR THE NORTHERN DISTRICT OF ILLINOIS

10   ISABEL M. LOPERA, on behalf of herself and    )    Civil Action No. 1:12-cv-09649
     all others similarly situated,                )
11                                                 )    **DECLARATION OF ERIC ROBIN**
                     Plaintiff,                    )    **RE: NOTICE PROCEDURES**
12                                                 )
              v.                                   )
13                                                 )
                                                   )
14   THE RECEIVABLE MANAGEMENT                     )
     SERVICES CORP.,                               )
15                                                 )
                     Defendant.                    )
16

17   I, **ERIC ROBIN**, declare:

18        1.      I am a Consultant at Kurtzman Carson Consultants LLC ("KCC"), located at 75 Rowland

19   Way, Suite 250, Novato, California.  I am over 21 years of age and am not a party to this action.  I have

20   personal knowledge of the facts set forth herein and, if called as a witness, could and would testify

21   competently thereto.

22        2.      The purpose of this declaration is to provide the Parties and the Court with a summary and

23   the results of the work performed by KCC related to the Notice Procedures for the *Lopera v. The Receivable*

24   *Management Services Corporation* settlement following the Preliminary Approval.

25        3.      As used herein, capitalized terms have the same meaning as set forth in the Settlement

26   Agreement unless otherwise defined.

27        4.      KCC was retained by the parties to serve as the Settlement Administrator to, among other

28   tasks, mail the Notice of Pendency of Class Action, Proposed Settlement, and Court Approval Hearing (the

"Notice") and Claim Form (the "Claim Form"); publish the Summary Notice; receive and process Claim Forms, Exclusions and Objections, and other Class Member inquiries; to establish and maintain a settlement website and perform other duties as specified in the Settlement Agreement preliminarily approved by this Court on June 30, 2014. Copies of the Notice, Claim Form and Summary Notice are attached hereto as Exhibits A, B and C respectively.

5. **Mailed Notice.** On June 24, 2014, KCC received from the Defendant a computerized list of 11,733 phone numbers associated with the members of the Settlement Class, i.e., all persons in the United States who were the user or subscriber of a cellular telephone number to which The Receivable Management Services Corp. ("RMS" or "Defendant") placed a non-emergency telephone call using an automated dialer after obtaining that number from a third party skip trace company between January 5, 2012 to August 1, 2012 (the "Class" or "Settlement Class").

6. Commencing on June 30, 2014, KCC facilitated multiple vendor reverse look-ups, through Nexxa, Pacific East and Lexis Nexis, of the telephone numbers associated with the members of the Class in an effort to find a name and address.

7. Upon completion of KCC's analysis of the data returned by each vendor, KCC determined that Nexxa had returned 1,998 unique addresses, Pacific East returned 4,165 unique addresses and Lexis Nexis returned 1,759 unique addresses.

8. KCC was able to obtain an additional 190 names and addresses by running the records that did not return an address through the LexisNexis database.

9. On July 11, 2014, the Defendant provided KCC with name and address information from its records for the numbers as to which the reverse phone lookups did not yield a result. Using this information, KCC was able to update the name and address information for the remaining 3,621 Class Members.

10. The final Class Member List included 11,733 names and addresses – one for each of the unique telephone numbers within the scope of the Class.

11. As part of its preparations for the Notice mailing, KCC caused the 11,733 addresses in the Class Member List to be updated using the National Change of Address system, which updates addresses for all people who had moved during the previous four years and filed a change of address with the U.S. Postal Service. New addresses were found for 643 class members. The Class Member List was updated with these

1   new addresses.

2       12.    On July 30, 2014, KCC mailed the Notice and Claim Form (collectively, "the Notice

3   Package") to each of the persons on the Class Member List.

4       13.    As of November 24, 2014, KCC has received a total of 24 Notice Packages returned by the

5   U.S. Postal Service with forwarding addresses. KCC caused the Class Member List to be updated with the

6   new addresses and Notice Packages to be re-mailed to the class members at each of these new addresses. As

7   of November 24, 2014, five of those 24 Notice Packages have been returned. Further, as of November 24,

8   2014, KCC has received a total of 3,705 Notice Packages returned by the U.S. Postal Service without

9   forwarding addresses. Pursuant to Section B (Paragraph 2.06) of the Settlement Agreement, KCC did not re-

10  mail these Notice Packages.

11      14.    **Publication of Summary Notice.** To supplement the direct notice effort, KCC also caused a

12  third page Publication Summary Notice to appear in the August 11, 2014 issue of *People* magazine which

13  was available to readers (i.e., on-sale) on August 1, 2014. Attached as Exhibit D is a copy of the notice as it

14  appeared in *People*.

15      15.    **Toll-Free Number.** On or before July 30, 2014, KCC established a toll-free telephone

16  number dedicated to answering telephone inquiries from Class Members. As of November 24, 2014, KCC

17  has received a total of 61 calls.

18      16.    **Website**. On or before July 30, 2014, KCC also established a website (www.TRMS-

19  TCPAsettlement.com) dedicated to this settlement to provide additional information to the Class Members

20  and to answer frequently asked questions. Visitors of the website can download the (1) Notice; (2) Claim

21  Form; (3) Settlement Agreement; (4) Order Preliminarily Approving Settlement, and with Respect to Class

22  Notice, Court Approval Hearing and Administration; and (5) Plaintiff's Unopposed Motion for Preliminary

23  Approval of Class Action Settlement. Visitors can also submit claims online. The web address was set forth

24  in the Notice, Summary Notice and Claim Form. As of November 21, 2014, the website has received 1,364

25  visits.

26      17.    **Requests for Exclusions.** As of the date of this declaration, KCC has received no Requests

27  for Exclusion.

28      18.    **Objections to the Settlement.** As of the date of this declaration, KCC has received no

Objections to the Settlement.

19.     **Claim Forms.** As of the date of this declaration, 661 Claim Forms have been filed by Class Members.  Approximately 435 of these 661 Claim Forms were filed by a Class Member using the unique claim identification number assigned to him or her and included as part of the Notice Package.  The remaining Claims Forms were filed by a Class Member without using such a claim identification number. The total Class participation was 5.63%, and for the Class Members whose Notice Package was not returned as undeliverable, the total Class participation was 8.23%.  In my experience, the average claim filing rate in the many TCPA settlements that KCC has administrated is 5%.

20.     On October 28, 2014, KCC mailed a Notice of Deficient Claim Form along with a pre-paid return envelope to the 13 claimants who failed to check either the "True" or "False" boxes in the second of the required statements in Section C of the Claim Form  These 13 claimants were given until November 18, 2014 to cure their deficiency. A copy of the Notice of Deficient Claim Form is attached hereto as Exhibit E.

21.     On October 28, 2014, KCC mailed a Notice of Deficient Claim Form along with a pre-paid return envelope to the one claimant who did not sign his or her Claim Form.  This one claimant was given until November 18, 2014 to cure his or her deficiency.  A copy of the Notice of Deficient Claim Form is attached hereto as Exhibit F.

22.     As of November 24, 2014, KCC has received six responses to these deficiency mailings.  Of these six responses, five cured their deficiency.

23.     On November 21, 2014, KCC mailed a Notice of Deficient Claim Form to the 222 claimants who provided a cellular phone number on their Claim Form that did not match the Class Member List. These 222 claimants were given until December 12, 2014 to provide a cellular phone number that matches one on the Class Member List or their claim will be denied.  A copy of the Notice of Deficient Claim Form is attached hereto as Exhibit G.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct to the best of my knowledge and that this declaration was executed this 25th day of November 2014 at Novato, California.

_____
Eric Robin

# Exhibit A

## NOTICE OF PENDENCY OF CLASS ACTION,
## PROPOSED SETTLEMENT, AND COURT APPROVAL HEARING

**TO:** All persons in the United States who were the user or subscriber of a cellular telephone number to which The Receivable Management Services Corp. ("RMS" or "Defendant") placed a non-emergency telephone call using an automated dialer after obtaining that number from a third party skip trace company between January 5, 2012 to August 1, 2012 (the "Class" or "Settlement Class").

THIS IS A COURT NOTICE. PLEASE READ THIS NOTICE CAREFULLY, AS THE PROPOSED SETTLEMENT (REFERRED TO AS THE "SETTLEMENT") DESCRIBED BELOW MAY AFFECT YOUR LEGAL RIGHTS AND PROVIDE YOU POTENTIAL BENEFITS. THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT AGAINST YOU OR A SOLICITATION FROM A LAWYER.

IF YOU WISH TO RECEIVE ANY OF THE BENEFITS OF THE SETTLEMENT, YOU MUST ELECTRONICALLY SUBMIT A CLAIM FORM AT WWW.TRMS-TCPAsettlement.COM OR COMPLETE AND RETURN THE CLAIM FORM INCLUDED WITH THIS NOTICE TO THE SETTLEMENT ADMINISTRATOR NO LATER THAN NOVEMBER 18, 2014.

## I.   SUMMARY OF YOUR OPTIONS AND IMPORTANT DEADLINES

| | |
|---|---|
| **Participate in the Settlement and submit a Claim Form** | If you want to be eligible to receive an amount to be determined up to $125, then you must submit a valid Claim Form (as described below in Section V(B)) by November 18, 2014. If you participate in the Settlement, you will give up certain rights to sue Defendant (as described below in Section V(C)). |
| **Opt-out and exclude yourself from the Settlement** | If you want to sue Defendant yourself about the matters at issue in this case, then you may opt-out and exclude yourself from the Settlement by November 11, 2014 (as described in Section VIII(C) below). You will not receive the benefits of the Settlement if you opt-out. |
| **Object to the Settlement** | If want object to the Settlement (or any part of it), then you may write to the Court with your objections by November 11, 2014 (as described below in Section VIII(C)(1)). |
| **Do nothing** | If you do no nothing, then you will not receive the benefits of the Settlement and will still give up certain rights to sue Defendant. |

## II.   WHAT IS THE PURPOSE OF THIS NOTICE?

The purpose of this Notice is (a) to advise you of the proposed Settlement of the above-captioned lawsuit (the "Action") pending against Defendant in the United States District Court for the Northern District of Illinois (the "Court"); (b) to summarize your rights under the Settlement; and (c) to inform you of a court hearing to consider whether to finally approve the Settlement to be held on **December 2, 2014 at 10:00 a.m.** before the Honorable Andrea R. Wood, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, Courtroom 1725, 219 South Dearborn Street, Chicago, Illinois 60604 (the "Court Approval Hearing").

## III.   WHAT IS THE ACTION ABOUT?

In the Action, plaintiff Isabel M. Lopera ("Plaintiff") alleges that Defendant violated the Telephone Consumer Protection Act (TCPA) by making a debt collection call to certain cellular telephone numbers using an automated dialer without the consent of the user or subscriber of that number. The Action was originally filed in 2012, and seeks statutory damages against Defendant. There have been substantial proceedings in the case.

Plaintiff's attorneys (referred to as "Class Counsel" and identified in Section VI below) have conducted a thorough investigation into, and have engaged in extensive litigation and discovery with respect to, the relevant facts and law. Class Counsel has concluded that the outcome of the Action is uncertain and that a settlement is in the best interests of Plaintiff and the class members.

Defendant denies that it acted unlawfully, denies that it violated the TCPA or any other law or legal requirement, and asserts numerous defenses against Plaintiff's claims. Defendant further denies that class certification is required or appropriate. Defendant has contested Plaintiff's claims, has contested liability to the class members, and has asserted numerous defenses.

The Court never resolved the claims and defenses of the parties in the Action. The Court also never resolved whether Defendant did anything wrong.

This Notice should not be understood as an expression of any opinion by the Court as to the merits of the Plaintiff's claims or Defendant's defenses. Plaintiff and Defendant recognize that to resolve these and other important issues would be time-consuming, uncertain, and expensive.

## IV.    WHO IS PART OF THE PROPOSED SETTLEMENT?

Plaintiff and Defendant have entered into an agreement to settle the Action (the "Settlement Agreement"). The Court has preliminarily approved the Settlement proposed in the Settlement Agreement as fair, reasonable, and adequate. The Court will hold the Court Approval Hearing, as described in Section IX below, to consider whether to make the Settlement final.

The Court has provisionally certified a Settlement Class, consisting of persons who will be the final Settlement Class if the Settlement is approved, which includes all persons who were the user or subscriber of a cellular telephone number to which Defendant placed a non-emergency telephone call using an automated dialer after obtaining the number from a third party skip trace company between January 5, 2012 to August 1, 2012. According to Defendant's records, you may meet these criteria and be a member of the Class.

## V.    WHAT ARE THE PRINCIPAL TERMS OF THE PROPOSED SETTLEMENT?

The principal terms of the proposed Settlement are as follows:

A.    *SETTLEMENT AMOUNT.* The maximum aggregate amount Defendant has agreed to pay under the Settlement, if it gains final approval from the Court, is $1,500,000 (the "Settlement Amount"). This Settlement Amount includes all amounts that Defendant has agreed to pay, and covers payments:

    (1)    to eligible members of the Class in exchange for the Release (as described in Section V(C));

    (2)    to Plaintiff as a class representative award (as described in Section V(D));

    (3)    to Class Counsel for attorneys' fees and litigation costs actually incurred in the Action (as described in Section V(D)); and

    (4)    to the Settlement Administrator for settlement administration costs (as described in Section V(E)).

B.    *SETTLEMENT BENEFIT.* Each member of the Class ("Class Member") who submits a valid Claim Form (as described below in this Section V(B)) and does not exclude himself or herself from the Class (as described in Section VIII(B) below) will be eligible to receive a check ("Benefit Check") in an amount to be determined up to $125 per eligible Class Member. The Benefit Checks will be paid exclusively from, and not in addition to, the Settlement Amount.

If the Settlement is approved by the Court and becomes final, Benefit Checks will be provided to eligible Class Members who submit a valid Claim Form. If the Settlement is not approved by the Court or does not become final for any reason, the Action will continue, and Class Members will not be entitled to receive the Benefit Check.

To be eligible to receive a Benefit Check, you will need to complete and submit a valid Claim Form to the Settlement Administrator no later than **November 18, 2014**. You may complete and submit a Claim Form either by mail or online – not both.

(1) <u>Claim Form Submission By Mail</u>. To submit your Claim Form by mail, you must complete the Claim Form included with this Notice, if you received this Notice in the mail, and return the Claim Form by first-class United States mail, postage pre-paid, to: TRMS TCPA Settlement Administrator, P.O. Box 43274, Providence, RI 02940-3274. To be considered valid, your hard-copy Claim Form must meet all of the following criteria: (a) Section B of the Claim Form must be completely filled-out; (b) "True" must be checked for the first of the required statements in Section C, and "True" must be checked for the second required statement; (c) the required verification in Section D must be signed; and (d) the completed Claim Form must be mailed to the address for TRMS TCPA Settlement Administration set forth above postmarked no later than **November 18, 2014.**

(2) <u>Claim For Submission Online</u>. To submit your Claim Form online, you must complete and electronically submit the Claim Form available at www.TRMS-TCPAsettlement.com. To be considered valid, your online Claim Form must meet all of the following criteria: (a) Section B of the Claim Form must be completely filled-out; (b) "True" must be checked for the first of the required statements in Section C, and "True" must be checked for the second required statement; (c) the required verification in Section D must be completed and the Claim Form electronically signed; and (d) the completed Claim Form must be electronically submitted no later than 11:59 PM (EST) on **November 18, 2014.** Please note that, to complete and submit the Claim Form online, you will need either the Claim # appearing on the Claim Form included with this Notice or the cellular telephone number that brings you within the scope of the Class. The website will only permit you to submit one online Claim Form per Claim # or cellular telephone number. Once you have submitted the online Claim Form, you will have no opportunity to make any changes or corrections.

C. *RELEASE.* Plaintiff and each Class Member who does not exclude himself or herself from the Class will release certain claims against Defendant. This is referred to as the "Release." Generally speaking, the Release will prevent any Class Member from bringing any lawsuit or making any claim that Defendant violated the TCPA or any other law or legal requirement by placing non-emergency telephone calls using an automated dialer to a Class Members who was the user or subscriber of a cellular telephone number which Defendant obtained from a third party skip trace company between January 5, 2012 to August 1, 2012. The Release will also prevent every Class Member, and certain related parties, from suing or bringing such claims against Defendant, companies related to Defendant, Defendant's employees, and certain other third parties. The terms of Release, as set forth in the Settlement Agreement, are reproduced in the Addendum appearing at the end of this Notice.

The Release, which is set forth in Paragraphs 4.01 to 4.03 of the Settlement Agreement and the Addendum to this Notice, will be effective as to every Class Member who does not exclude himself or herself from the Class regardless of whether or not the Class Member receives and cashes a Benefit Check.

D. *ATTORNEY FEE/LITIGATION COST AND CLASS REPRESENTATIVE AWARDS.* The Court will determine the amount of attorneys' fees and litigation costs to award to Class Counsel from the Settlement Amount for investigating the facts and law in the Action, litigating the Action, and negotiating the proposed Settlement of the Action (the "Attorney Fee/Litigation Cost Award"). Class Counsel will ask the Court to award them attorneys' fees and litigation costs from the Settlement Amount in an amount up to 30%, which is $450,000, of the Settlement Amount. Class Counsel will make their request for an Attorney Fee/Litigation Cost Award in a motion to be filed with the Court on or before November 25, 2014. Copies of that motion will be available from Class Counsel or from the Court after that date, as set forth in Section X below.

Class Counsel will also ask the Court to award Plaintiff, as representative of the Class, an amount of up to $5,000 from the Settlement Amount for her service in the Action ("Class Representative Award"). Class Counsel will make the request for a Class Representative Award in a motion to be filed with the Court on or before November 25, 2014. Copies of that motion will be available from Class Counsel or from the Court after that date, as set forth in Section X below.

Any Attorney Fee/Litigation Cost Award or Class Representative Award will be paid by Defendant exclusively from (and not in addition to) the Settlement Amount.

E.    *SETTLEMENT ADMINISTRATION.* The costs of administration of the proposed Settlement will be paid by Defendant exclusively from, and not in addition to, the Settlement Amount.

F.    *DISMISSAL OF THE ACTION.* Upon final approval of the Settlement, the Action will be dismissed with prejudice.

SECTIONS V(A)-(F) ABOVE PROVIDE ONLY A GENERAL SUMMARY OF THE TERMS OF THE PROPOSED SETTLEMENT. YOU MUST CONSULT THE SETTLEMENT AGREEMENT FOR MORE INFORMATION ABOUT THE EXACT TERMS OF THE SETTLEMENT. THE SETTLEMENT AGREEMENT IS AVAILABLE AT WWW.TRMS-TCPASETTLEMENT.COM OR FROM CLASS COUNSEL, AS SET FORTH IN SECTION X BELOW.

## VI.   <u>WHO REPRESENTS THE SETTLEMENT CLASS?</u>

The Court has provisionally appointed Keith J. Keogh and Timothy J. Sostrin of Keogh Law, Ltd. to act as counsel for the Class for purposes of the proposed Settlement. Mr. Keogh and Mr. Sostrin can be contacted by mail, telephone and/or email at Keogh Law, Ltd., 55 W. Monroe, Suite 3390, Chicago, IL 60603; Tel: 1-866-726-1092; e-mail: TCPAsettlement@keoghlaw.com.

## VII.   <u>WHAT ARE THE REASONS FOR THE PROPOSED SETTLEMENT?</u>

Plaintiff and Defendant agreed on all of the terms of the proposed Settlement through extensive arms-length negotiations between Class Counsel and Counsel for the Defendant, and with the assistance of a third-party mediator (Hon. Morton Denlow (Ret.) of JAMS. Plaintiff has entered into the proposed Settlement after weighing the benefits of the Settlement against the probabilities of success or failure in the Action, and against the delays that would be likely if the Action proceeded to trial, and after trial, to appeal.

Plaintiff and Class Counsel have concluded that the proposed Settlement: provides substantial benefits to the Class; resolves substantial issues without prolonged litigation; provides the Class with significant benefits, both individually and as a group; and is in the best interests of the Class. Plaintiff and Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate.

Although Defendant denies any wrongdoing and any liability whatsoever, Defendant believes that it is in its best interest to settle the Action on the terms set forth in the Settlement Agreement in order to avoid further expense, uncertainty, and inconvenience in connection with the Action.

## VIII.   <u>WHAT DO YOU NEED TO KNOW AND DO NOW?</u>

A.    *YOU CAN PARTICIPATE IN THE SETTLEMENT.* If the Settlement is approved at the Court Approval Hearing, you will automatically be included as a participant in the Settlement and be eligible to receive the Benefit Check described in this Notice if you submit a valid Claim Form. If that is what you want, you must only submit a valid Claim Form. You do not need to take any other action.

If you participate, your interests as a Class Member will be represented by Plaintiff and Class Counsel. You will not be billed for their services. Class Counsel will receive a fee only if the Court approves the Settlement and the fee award, if any, will be set by the Court.

Unless you request to be excluded (as described in Section VIII(B)), you will be bound by any judgment or other final disposition of the Action, including the Release set forth in the Settlement Agreement, and will be precluded from pursuing claims against Defendant separately if those claims are within the scope of the Release.

B.  *YOU CAN OPT-OUT.*  If you do not wish to be a Class Member, and do not want to participate in the Settlement, you may exclude yourself from the Class by completing and mailing a notice of intention to opt-out (referred to as an "Opt-Out") to the following address, postmarked no later than November 11, 2014:

TRMS TCPA Settlement Administrator

P.O. Box 43274

Providence, RI 02940-3274

Any Opt-Out must (a) state the Class Member's full name, address, and telephone number; (b) contain, to the extent known to the Class Member, the cellular telephone number as to which the Class Member seeks exclusion; (c) contain the personal and original signature of the Class Member or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action (*NOTE:* conformed, reproduced, facsimile, or other non-original signatures are not valid); and (d) state unequivocally the Class Member's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement. Class Members who do not mail in a timely and valid Opt-Out will remain Class Members and will be bound by the Settlement.

C.  *YOU CAN OBJECT OR TAKE OTHER ACTIONS IN THE ACTION.*

   (1)  <u>Objections to the Settlement</u>.  Any Class Member who has not elected to be excluded from the Class may object to the approval of the Settlement, to any aspect of the Settlement or the Settlement Agreement, to the application for attorneys' fees and costs, and/or to the application for a class representative award to Plaintiff.  To object, you must mail and hand-deliver any objection to the Clerk of Court, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 on or before **November 11, 2014**, and must mail or hand-deliver a copy of the objection to Class Counsel and Counsel for the Defendant at the addresses set forth in Section XI below by that same date.  To be timely, objections that are mailed must be postmarked by **November 11, 2014** and objections that are hand-delivered must be received by the Court, Class Counsel and Counsel for the Defendant by **November 11, 2014**.  To be valid, each objection must (a) set forth the Class Member's full name, current address, and telephone number; (b) identify the cellular telephone number of the Class Member that brings him or her within the scope of the Settlement Class; (c) contain the Class Member's original signature (conformed, reproduced, facsimile, or other non-original signatures will not be valid); (d) state that the Class Member objects to the Settlement, in whole or in part; (e) set forth a statement of the legal and factual basis for the objection; and (f) provide copies of any documents that the Class Member wishes to submit in support of his/her position.  Objections may be filed by counsel for a Class Member.  Objections that are not timely mailed or hand-delivered to the Court, Class Counsel and Counsel for the Defendant, and/or are otherwise invalid shall not be treated as a valid objection to the Settlement.

   (2)  <u>Appearances at the Court Approval Hearing</u>.  It is not necessary for you to appear at the Court Approval Hearing.  If you have not excluded yourself from the Settlement and wish to appear and/or speak at the Court Approval Hearing, whether personally or through a lawyer, then you must mail or hand-deliver a Notice of Appearance to the Clerk of Court, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, on or before **November 11, 2014**, and you must mail or hand-deliver a copy of the Notice of Appearance to Class Counsel and Counsel for the Defendant at the addresses set forth in Section XI below by **November 11, 2014**.  Further, if you wish to appear at the Court Approval Hearing, you will not be permitted to raise matters that you could have, but did not, raise in a properly submitted objection (as described in Section VIII(C)(1)).  To be considered timely, Notices of Appearances that are mailed must be

postmarked by November 11, 2014 and Notices of Appearance that are hand-delivered must be received by the Court, Class Counsel and Counsel for the Defendant by November 11, 2014.

(3)  <u>Other Motions or Submissions Concerning the Action or the Settlement</u>.  It is not necessary for you to submit any motion concerning the Action or Settlement to the Court.  If you have not excluded yourself from the Settlement and want to submit a motion to the Court concerning the Settlement or the Action, however, then you must mail or hand deliver a motion, together with all supporting documents, to the Clerk of Court, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois  60604  on or before **November 11, 2014**, and must mail or hand-deliver a copy of the motion, together with all supporting documents, to Class Counsel and Counsel for the Defendant at the addresses set forth in Section XI below by **November 11, 2014**.  To be considered timely, motions that are mailed must be postmarked by **November 11, 2014** and motions that are hand-delivered must be received by the Court, Class Counsel and Counsel for the Defendants by **November 11, 2014**.

D.  *YOU MUST NOTIFY YOUR TRUSTEE AND TAKE OTHER ACTIONS IF YOU HAVE BEEN IN BANKRUPTCY AT ANY TIME SINCE JANUARY 5, 2012.*  The Settlement Agreement requires that, if (i) you are in active bankruptcy proceedings or previously was a party to a bankruptcy proceeding during the period between January 5, 2012 and July 30, 2014, and (ii) all or any of the claims that may be released as part of this Settlement are or may be part of your bankruptcy estate, then you must advise your current or prior bankruptcy trustee of this Agreement and the benefits conferred by the Settlement in time for the trustee to exercise any rights or object to the Settlement.  In addition, under the terms of the Settlement Agreement, you must comply with any direction from the trustee with respect to this Settlement and the benefits conferred by the Settlement, and in the event of any disagreement between you and the trustee, you must seek relief from the appropriate bankruptcy court.

## IX.  <u>WHAT WILL TAKE PLACE AT THE COURT APPROVAL HEARING?</u>

The Court will hold the Court Approval Hearing in the courtroom of the Honorable Andrea R. Wood, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, Courtroom 1725, 219 South Dearborn Street, Chicago, Illinois  60604 on **December 2, 2014 at 10:00 a.m.** At that time, the Court will determine, among other things, (a) whether the Settlement should be finally approved as fair, reasonable and adequate, (b) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement, (c) whether Class Members should be bound by the Release set forth in the Agreement, (d) whether Class Members should be subject to a permanent injunction that, among other things, bars Class Members from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any lawsuit, claim, demand or proceeding in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope of the Release, (e) the amount of attorneys' fees and costs to be awarded to Class Counsel, if any, and (f) the amount of the award to be made to Plaintiff for her service as class representative, if any.  The Court Approval Hearing may be postponed, adjourned or continued by Order of the Court without further notice to the Class.

## X.  <u>HOW CAN YOU GET ADDITIONAL INFORMATION ABOUT THE ACTION, THE PROPOSED SETTLEMENT, THE SETTLEMENT AGREEMENT, OR THE NOTICE?</u>

The descriptions of the Action, the Settlement, and the Settlement Agreement that are contained in this Notice are only a general summary.  In the event of a conflict between this Notice and the Settlement Agreement, the terms of the Settlement Agreement shall control.  All papers filed in this case, including the full Settlement Agreement, are available for you to inspect and copy (at your cost) at the office of the Clerk of Court,  United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois  60604, during regular business hours.  A copy of the Settlement

Agreement also may be obtained at www.TRMS-TCPAsettlement.com or from Class Counsel by contacting them at the addresses or telephone numbers set forth in Section XI below.

Any questions concerning this Notice, the Settlement Agreement, or the Settlement may be directed to Class Counsel in writing at the addresses or emails set forth in Section XI below or by calling them at the numbers listed for them in Section XI below.

You may also seek the advice and counsel of your own attorney, at your own expense, if you desire.

Additional copies of this Notice can be obtained at www.TRMS-TCPAsettlement.com or from the Settlement Administrator upon written request.

DO NOT WRITE OR TELEPHONE THE COURT, THE CLERK'S OFFICE, OR DEFENDANTS IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE, THE SETTLEMENT, OR THE SETTLEMENT AGREEMENT.

## XI.  WHAT ARE THE ADDRESSES YOU MAY NEED?

**Class Counsel:**

Keith J. Keogh
Timothy J. Sostrin
Keogh Law, Ltd.
55 W. Monroe, Suite 3390
Chicago, IL  60603
Tel:  1-866-726-1092
E-mail: TCPAsettlement@keoghlaw.com

**Defendant's Counsel**:

Brooks R. Brown
J. Christopher Suedekum
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, DC  20001

**Settlement Administrator:**

TRMS TCPA Settlement Administrator
P.O. Box 43274
Providence, RI 02940-3274
1-866-247-8838

## XII.  WHAT INFORMATION MUST YOU INCLUDE IN ANY DOCUMENT THAT YOU SEND REGARDING THE ACTION

In sending any document to the Settlement Administrator, to the Court, to Class Counsel, or to Counsel for the Defendant, it is important that both your envelope and any documents inside contain the following case names and identifying number:  *Lopera v. RMS Corp.,* Case No.: 12-CV-9649.  In addition, you must include your full name, address, and a telephone number at which you can be reached.

/s/ Andrea R. Wood                                                   Dated: July 30, 2014
UNITED STATES DISTRICT JUDGE

### ADDENDUM

As described above in Section V(C) of the Notice, the terms of the Release (which are contained in Paragraphs 4.01 to 4.03 of the Settlement Agreement) are reproduced below:

## IV.    RELEASE

4.01    Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, (i) Representative Plaintiff and each Class Member who is not a Successful Opt-Out, and each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government in the capacity as *parens patriae* or on behalf of creditors or estates of the releasees), and each of them (collectively and individually, the "Releasing Persons"), and (ii) Plaintiff's Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns (the "Counsel Releasing Parties") will be deemed to have completely released and forever discharged the Released Persons from any and all past, present and future claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind, including without limitation (i) those known or unknown or capable of being known, and (ii) those which are unknown but might be discovered or discoverable based upon facts other than or different from those facts known or believed at this time, including facts in the possession of and concealed by any Released Person, and (iii) those accrued, unaccrued, matured or not matured, all from the beginning of the world until today (collectively, the "Released Rights"), that arise out of or in any way relate or pertain to (a) Released Rights that were asserted, or attempted to be asserted, or could have been asserted in the Action; (b) the use by any or all of the Released Parties of any "automatic telephone dialing system," "automatic dialer," "automated dialer," "dialer," and/or an "artificial or prerecorded voice" to make "calls" to a cellular telephone number (to the fullest extent that those terms are used, defined, or interpreted by the TCPA, relevant regulatory or administrative promulgations, and caselaw) in connection with efforts to contact or attempt to contact Class Members, including, but not limited to, claims arising under or relating to (i) the TCPA, and any other similar state or federal law; (ii) statutory or common law claims predicated upon any alleged violations of the TCPA and/or any similar law; and (iii) statutory or common law claims predicated upon and/or arising from any or all of the Related Parties' use of any automated dialing system and/or artificial or prerecorded voice, including any claim under or for violation of federal or state unfair and deceptive practices statutes, violations of any federal or state debt collection practices acts (including, but not limited to, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.), invasion of privacy, conversion, breach of contract, unjust enrichment, specific performance and/or promissory estoppel; (c) claims asserted or that could have been asserted in the Action; and (d) any violation and/or alleged violation of state and federal law, whether common law or statutory, arising from or relating to the conduct and/or omissions described in Paragraph 4.01(a)-(c) above.  This Release shall be included as part of any judgment, so that all released claims and rights shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion.

4.02    In addition to the provisions of paragraph 4.01 above, the Releasing Persons hereby expressly agree that, upon Final Approval, each will waive and release any and all provisions, rights, and benefits conferred either (a) by Section 1542 of the California Civil Code or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the claims released pursuant to paragraph 4.01 above.  Section 1542 of the California Civil Code reads:

> Section 1542. General Release; extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Whether a beneficiary of California law or otherwise, Representative Plaintiff and each of the Releasing Persons acknowledges that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of paragraph 4.01 above, but each of those individuals expressly agree that, upon entry of the final judgment contemplated by this Settlement Agreement, he and she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to paragraph 4.01 above, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

4.03    Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, the undersigned Plaintiff's Counsel, for themselves, Plaintiff's Counsel, and each of his, her or their present and former owners, predecessors, successors, partners, shareholders, agents (alleged or actual), experts, representatives, employees and affiliates ("Attorney Releasors"), unconditionally and irrevocably remise, waive, satisfy, release, acquit, and forever discharge Defendant and the Released Parties from any and all right, lien, title or interest in any attorneys' fee or award or any claim for reimbursement of costs in connection with the Action or the Released Rights, except as otherwise provided herein.[1]

---

[1]    As used in paragraph 4.01 of the Release, the term "Released Persons" is defined in paragraph 1.25 of the Settlement Agreement to mean "Receivable Management, as that term is defined in Paragraph 1.23 [of the Settlement Agreement], except that persons or entities within the scope of subparagraphs (b) and (c) of paragraph 1.23 are excluded from th[e] definition as to call(s) made directly by them or made on their behalf by persons or entities other than RMS."

# Exhibit B

TRMS TCPA Settlement Administrator
P.O. Box 43274
Providence, RI 02940-3274

# RML

**«Barcode»**

Claim #: RML-«ClaimID»   «MailRec»
«First1» «Last1»
«co»
«Addr1» «Addr2»
«City», «ST»  «Zip»
«Country»

Name/Address Changes (if any):

First Name _____ Last Name _____

Address _____

City _____, State _____ Zip _____

Home phone: (_____) _____

Alternate phone: (_____) _____

E-Mail Address: _____

## CLAIM FORM

for

### *LOPERA V. THE RECEIVABLE MANAGEMENT SERVICES CORPORATION*

**A.  INSTRUCTIONS**

To be considered valid, your hard-copy Claim Form must meet all of the following criteria:  (a) Section B of the Claim Form must be completely filled-out; (b) "True" must be checked for the first of the required statements in Section C, and "True" must be checked for the second required statement; (c) the required verification in Section D must be signed; and (d) the completed Claim Form must be mailed to the address for TRMS TCPA Settlement Administration set forth above postmarked no later than **November 18, 2014.**  In the event that you or any other person required to sign this Claim Form is unable to do so, a statement signed under penalty of perjury, explaining such inability (*e.g.*, death, divorce, overseas military service) must be attached to and submitted with this Claim Form.

Mail the Claim Form, by first-class United States mail, postage prepaid, to TRMS TCPA Settlement Administrator, P.O. Box 43274, Providence, RI 02940-3274, postmarked no later than **November 18, 2014**.

**B.  CLASS MEMBER INFORMATION**

Full Name: _____

Address (Street/P.O. Box): _____

_____

City                                    State                    Zip Code

**C.  REQUIRED STATEMENTS BY CLASS MEMBER**

I, to the best of my knowledge and belief, received a debt collection call from The Receivable Management Corporation (RMS) on my cellular telephone.     True ☐     False ☐

I, to the best of my knowledge and belief, had not consented to receiving calls like the one I received from RMS on my cell phone.     True ☐     False ☐

**D.  REQUIRED CLASS MEMBER VERIFICATION**

I verify, under penalty of perjury, that the information set forth in Sections (B) and (C) above is true and accurate to the best of my current knowledge and belief.

_____
Signature




«ClaimID»

RMLPOC1

# Exhibit C

Legal Notice

**IF YOU WERE THE USER OR SUBSCRIBER OF A CELLULAR TELEPHONE NUMBER TO WHICH THE RECEIVABLE MANAGEMENT SERVICES CORPORATION ("DEFENDANT" OR "RMS") PLACED A NON-EMERGENCY TELEPHONE CALL USING AN AUTOMATED DIALER AFTER OBTAINING THE NUMBER FROM A THIRD PARTY SKIP TRACE COMPANY BETWEEN JANUARY 5, 2012 TO AUGUST 1, 2012.**

A proposed Settlement has been reached in a class action lawsuit that may affect your rights. The lawsuit, *Lopera v. The Receivable Management Services Corp.*, is pending in the U.S. District Court for the Northern District of Illinois before the Honorable Andrea R. Wood. Plaintiff alleges that RMS violated the Telephone Consumer Protection Act (TCPA) by making debt collection calls as RMS or The Receivable Management Services Corporation to cellular telephone numbers using an automated dialer without consent. Defendant denies Plaintiff's claim and denies liability in any amount. The Court has not decided who is right. The parties have agreed to settle the lawsuit.

You are a member of the Settlement Class in this lawsuit if: (1) you were the user and/or subscriber of a cellular telephone number to which RMS placed a non-emergency telephone call using an automated dialer without your consent; and (2) your cellular telephone number was obtained by Defendant from a third-party skip trace company between January 5, 2012 and August 1, 2012. Notices about the proposed Settlement were mailed to Settlement Class members. If you did not receive a notice in the mail, call 1-866-247-8838 or go to www.TRMS-TCPAsettlement.com to provide your current address.

**SETTLEMENT CLASS MEMBERSHIP AND YOUR RIGHTS:** If you are a Settlement Class member and the Court gives final approval to the Settlement, you will be bound by all of the Settlement terms and release the Defendant from certain claims you may have against it, unless you exclude yourself. All of these options and the requirements for them are described in the Notice available at www.TRMS-TCPAsettlement.com or by calling 1-866-247-8838.

**REMAIN IN THE SETTLEMENT CLASS:** If you stay in the Settlement Class, you may submit a claim to receive up to $125 (final payments may be less) and you give-up certain claims you may have against Defendant. Claims may be submitted online at www.TRMS-TCPAsettlement.com and are due by November 18, 2014.

**EXCLUDE YOURSELF:** If you exclude yourself from the Settlement, you cannot object to it or receive a cash payment, but you will not give-up any claims you may have against Defendant. To exclude yourself, you must mail a written request for exclusion to the Settlement Administrator postmarked no later than November 11, 2014.

**OBJECT:** If you stay in the Settlement Class, you may object to some or all of the Settlement terms. Timely and complete objections will be heard and decided by the Court. Objections and motions regarding the Settlement are due by November 11, 2014.

The Court will hold a hearing at 10:00 AM on December 2, 2014 to consider whether to: (a) finally approve the Settlement; (b) dismiss the lawsuit with prejudice; (c) approve the amount of attorneys' fees and costs to be awarded to Plaintiff's counsel (up to 30% of the $1.5 million Settlement amount); and (d) to approve the amount to be awarded to Plaintiff for her service as Class Representative (up to a limit of $5,000). You can appear at the court approval hearing, but do not have to. You can also hire your own attorney, at your own expense, to represent you at the hearing. The Notice explains the specific procedures that must be followed to appear at the hearing.

More information, including the Notice and Settlement Agreement, is available at www.TRMS-TCPAsettlement.com, by calling 1-866-247-8838 or by writing to the Settlement Administrator, TRMS TCPA Settlement Administrator P.O. Box 43274, Providence, RI 02940-3274. Questions should be directed to Class Counsel: Keith J. Keogh or Timothy J. Sostrin, Keogh Law Ltd., 55 W. Monroe, Suite 3390, Chicago, IL 60603, Tel: (866) 726-1092; e-mail: TCPAsettlement@keoghlaw.com.

**Exhibit D**

ADVERTISEMENT

# The Shop



**Big Sur, California**

## California Coast

### 8 Day Tour $1295 +tax, fees

From San Francisco to Los Angeles, with Yosemite, Sonoma and Monterey. Caravan makes it easy and affordable for you to enjoy the best of the Golden State!

**Affordable Guided Vacations** (+tax, fees)

9 days $1095 Costa Rica Natural Paradise
8 days $1195 Panama with Canal Cruise
8 days $1295 New England Fall Foliage
10 days $1395 Nova Scotia

The **#1 In Value.**
Call now for choice dates!

**FREE Info Guide**

Caravan.com  1-800-Caravan

## CARAVAN
### Guided Vacations Since 1952

---

### World's Finest Eye Cream
**As Featured in FIFTY Magazines!**

Refreshing, anti-aging Airbrush Eye Refining Treatment hydrates, soothes, reduces crows feet and puffiness, and promotes collagen for younger, brighter looking eyes.

**20% Off**

20% off! Code: PEEP7788 at dremu.com or 800.542.0026

**AIRBRUSH**

---

Free Samples $2.75 S&H

### Bye Bye Ingrown Hairs & Razor Burn!

Tend Skin Liquid reduces the appearance of unsightly ingrown hairs and razor bumps from shaving, waxing, electrolysis or laser hair removal. For men & women. Ulta, Salons, & Shoppers Drug Mart, Walgreens.

800-940-8423

**TEND SKIN The Skin Care Solution**

www.tendskin.com

---



**ANTIMICROBIAL**

## steripod

### hassle free, clip-on toothbrush protection.

steripod kills odor-causing germs and lasts 3 months! - no batteries or cables make steripod ideal for home, travel, gym or dorm room.

look for steripod at
**BED BATH & BEYOND**  Walmart

visit getsteripod.com to find a store or to purchase online with **free shipping in the U.S.A***

* Free Shipping on selected products only

---



## FIGHT THE FRIZZ

**Kinky-Curly ORIGINAL CURLING CUSTARD NATURAL STYLING GEL** 16 oz (472ml)

Detangle, Moisturize, and Define your Curls. Achieve shiny, healthy hair with Kinky-Curly Hair Products. Made with all-natural ingredients, our products are lightweight, nongreasy, and great for all hair types. Available nationwide at Whole Foods Market and TARGET stores or

**kinky-curly.com**

---

To advertise contact M.I. Integrated Media at 860.542.5180.

---

**Legal Notice**

**IF YOU WERE THE USER OR SUBSCRIBER OF A CELLULAR TELEPHONE NUMBER TO WHICH THE RECEIVABLE MANAGEMENT SERVICES CORPORATION ("DEFENDANT" OR "RMS") PLACED A NON-EMERGENCY TELEPHONE CALL USING AN AUTOMATED DIALER AFTER OBTAINING THE NUMBER FROM A THIRD PARTY SKIP TRACE COMPANY BETWEEN JANUARY 5, 2012 TO AUGUST 1, 2012.**

A proposed Settlement has been reached in a class action lawsuit that may affect your rights. The lawsuit, *Lopera v. The Receivable Management Services Corp.*, is pending in the U.S. District Court for the Northern District of Illinois before the Honorable Andrea R. Wood. Plaintiff alleges that RMS violated the Telephone Consumer Protection Act (TCPA) by making debt collection calls as RMS or The Receivable Management Services Corporation to cellular telephone numbers using an automated dialer without consent. Defendant denies Plaintiff's claim and denies liability in any amount. The Court has not decided who is right. The parties have agreed to settle the lawsuit.

You are a member of the Settlement Class in this lawsuit if: (1) you were the user and/or subscriber of a cellular telephone number to which RMS placed a non-emergency telephone call using an automated dialer without your consent; and (2) your cellular telephone number was obtained by Defendant from a third-party skip trace company between January 5, 2012 and August 1, 2012. Notices about the proposed Settlement were mailed to Settlement Class members. If you did not receive a notice in the mail, call 1-866-247-8838 or go to www.TRMS-TCPAsettlement.com to provide your current address.

**SETTLEMENT CLASS MEMBERSHIP AND YOUR RIGHTS:** If you are a Settlement Class member and the Court gives final approval to the Settlement, you will be bound by all of the Settlement terms and release the Defendant from certain claims you may have against it, unless you exclude yourself. All of these options and the requirements for them are described in the Notice available at www.TRMS-TCPAsettlement.com or by calling 1-866-247-8838.

**REMAIN IN THE SETTLEMENT CLASS:** If you stay in the Settlement Class, you may submit a claim to receive up to $125 (final payments may be less) and you give-up certain claims you may have against Defendant. Claims may be submitted online at www.TRMS-TCPAsettlement.com and are due by November 18, 2014.

**EXCLUDE YOURSELF:** If you exclude yourself from the Settlement Class, you cannot object to it or receive a cash payment, but you will not give-up any claims you may have against Defendant. To exclude yourself, you must mail a written request for exclusion to the Settlement Administrator postmarked no later than November 11, 2014.

**OBJECT:** If you stay in the Settlement Class, you may object to some or all of the Settlement terms. Timely and complete objections will be heard and decided by the Court. Objections and motions regarding the Settlement are due by November 11, 2014.

The Court will hold a hearing at 10:00 AM on December 2, 2014 to consider whether to: (a) finally approve the Settlement; (b) dismiss the lawsuit with prejudice; (c) approve the amount of attorneys' fees and costs to be awarded to Plaintiff's counsel (up to 30% of the $1.5 million Settlement amount); and (d) to approve the amount to be awarded to Plaintiff for her service as Class Representative (up to a limit of $5,000). You can appear at the court approval hearing, but do not have to. You can also hire your own attorney, at your own expense, to represent you at the hearing. The Notice explains the specific procedures that must be followed to appear at the hearing.

More information, including the Notice and Settlement Agreement, is available at www.TRMS-TCPAsettlement.com, by calling 1-866-247-8838 or by writing to the Settlement Administrator, TRMS TCPA Settlement Administrator P.O. Box 43274, Providence, RI 02940-3274. Questions should be directed to Class Counsel: Keith J. Keogh or Timothy J. Sostrin, Keogh Law Ltd., 55 W. Monroe, Suite 3390, Chicago, IL 60603, Tel: (866) 726-1092; e-mail: TCPAsettlement@keoghlaw.com.

# Exhibit E

TRMS TCPA Settlement Administrator
P.O. Box 43274
Providence, RI 02940-3274

## RML-DEF-II

«Barcode»

Claim #: RML-**DEF**-«ClaimID»    «MailRec»
«First1» «Last1»
«CO»
«Addr1» «Addr2»
«City», «St»  «Zip»  «Country»

Name/Address Changes (if any):

First Name _____  Last Name _____

Address _____

City _____, State _____ Zip _____

Home phone:  (_____) _____

Alternate phone:  (_____) _____

E-Mail Address: _____

## NOTICE OF DEFICIENT CLAIM FORM

«MailDate»

Dear «First1» «Last1»:

**We have received your Claim Form in the *Lopera v. The Receivable Management Services Corporation* case.**

Your claim has been determined to be deficient for the following reason:

•      You did not select either box on your Claim Form for the second of the required statements in Section C.  A copy of your original Claim Form is attached.  Please choose which option (True or False) applies to you.

You must return this letter along with the attached Claim For with a postmark no later than **November 18, 2014** for your claim to be eligible.

Sincerely,

TRMS TCPA Settlement Administrator
1-866-247-8838





RMLDF21

# Exhibit F

TRMS TCPA Settlement Administrator
P.O. Box 43274
Providence, RI 02940-3274

## RML-DEF-IV

«Barcode»
Claim #: RML-**DEF**-«ClaimID»   «MailRec»
«First1» «Last1»
«CO»
«Addr1» «Addr2»
«City», «St»  «Zip»  «Country»

Name/Address Changes (if any):

First Name _____ Last Name _____

Address _____

City _____, State _____ Zip _____

Home phone:  (_____) _____

Alternate phone:  (_____) _____

E-Mail Address: _____

### NOTICE OF DEFICIENT CLAIM FORM

«MailDate»

Dear «First1» «Last1»:

**We have received your Claim Form in the *Lopera v. The Receivable Management Services Corporation* case.**

Your claim has been determined to be deficient for the following reason:

• You did not sign your Claim Form.  A copy of your original Claim Form is attached.  Please sign the bottom of Section D.

You must return this letter along with the attached Claim For with a postmark no later than **November 18, 2014** for your claim to be eligible.

Sincerely,

TRMS TCPA Settlement Administrator
1-866-247-8838




«ClaimID»


RMLDF41


# Exhibit G

**TRMS TCPA Settlement Administrator**
P.O. Box 43274
Providence, RI 02940-3274

## RML-DEF-V

«Barcode»

Claim #: RML-**DEF**-«ClaimID»    «MailRec»
«First1» «Last1»
«CO»
«Addr1» «Addr2»
«City», «St»  «Zip»  «Country»

Name/Address Changes (if any):

First Name _____ Last Name _____

Address _____

City _____, State _____ Zip _____

Home phone: (_____) _____

Alternate phone: (_____) _____

E-Mail Address: _____

## NOTICE OF DEFICIENT CLAIM FORM

«MailDate»

Dear «First1» «Last1»:

**We have received your Claim Form in the *Lopera v. The Receivable Management Services Corporation* case.**

Your claim has been determined to be deficient for the following reason:

• The cellular phone number you provided does not match any of the numbers in the Defendant's records that may bring you within the scope of the proposed settlement.

Please provide any cellular phone number(s) to which you believe The Receivable Management Services Corp. ("RMS" or "Defendant") placed a non-emergency telephone call using an automated dialer after obtaining that number from a third party skip trace company between January 5, 2012 to August 1, 2012.

Cellular Phone Number(s) called by Defendant:

1. (___ ___ ___) ___ ___ ___ - ___ ___ ___ ___          4. (___ ___ ___) ___ ___ ___ - ___ ___ ___ ___

2. (___ ___ ___) ___ ___ ___ - ___ ___ ___ ___          5. (___ ___ ___) ___ ___ ___ - ___ ___ ___ ___

3. (___ ___ ___) ___ ___ ___ - ___ ___ ___ ___          6. (___ ___ ___) ___ ___ ___ - ___ ___ ___ ___

You must return this letter with a postmark no later than «DueDate» for your claim to be eligible.

Sincerely,

TRMS TCPA Settlement Administrator
1-866-247-8838




RMLDF51

