UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ISABEL M. LOPERA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE RECEIVABLE MANAGEMENT SERVICES CORP.,<br><br>Defendant. | Civil Action No. 1:12-cv-09649 |

**DECLARATION OF BROOKS R. BROWN CONCERNING CLASS SETTLEMENT**

I, Brooks R. Brown, hereby depose and state as follows:

1. I am a partner at the law firm of Goodwin Procter LLP, and lead counsel for defendant The Receivable Management Services Corporation ("RMS") in the above-captioned action.

2. I am a member of the bars of this Court and the Commonwealth of Massachusetts, State of California, District of Columbia, the United States Supreme Court, and numerous other federal courts.

3. Except as indicated below, I make these statements based upon my personal knowledge and/or upon a review of public records and other non-privileged records kept by Goodwin Procter LLP in the regular course of its business.

4. I have participated in the defense of over one hundred (100) class action lawsuits, and have been directly involved in the settlement of many such cases. I have significant experience defending class actions in both state and federal courts, and specialize in the defense of putative class actions involving the consumer finance industries.

5. I submit this Declaration in advance of the Court Approval Hearing in this matter scheduled for December 2, 2014 to consider the parties' class action settlement agreement dated June 11, 2014 (the "Settlement Agreement"), which was preliminarily approved by this Court by order dated June 30, 2014. ECF No. 109. Capitalized terms in this Declaration shall, unless otherwise defined, have the same meaning as in the Settlement Agreement.

## THE SETTLEMENT

6. The settlement negotiations that led to the Settlement Agreement were lengthy, difficult, and time-consuming.

7. In late 2013, the parties, through their respective counsel, engaged in informal settlement discussions. During those discussions, it became apparent that the parties had widely divergent views about liability, class certification, merits, and settlement valuation issues. As a result, in November 2013, the parties agreed to explore a potential resolution with the assistance of a professional mediator. By this point in the litigation, the parties had engaged in wide ranging discovery (fact and expert) and plaintiff had filed her motion for class certification.

8. The parties agreed to mediate with The Honorable Morton Denlow (Ret.) of JAMS in Chicago. I understand and am informed from a review of publicly available information that Judge Denlow is a retired magistrate judge of this Court, is a nationally recognized mediator, and has successfully mediated numerous putative class actions, including many asserting claims under the Telephone Consumer Protection Act (TCPA).

9. In advance of the mediation, the parties (a) had an initial telephone conference with Judge Denlow to discuss the case and its potential resolution; and (b) supplied Judge Denlow with mediation statements outlining their respective settlement positions, relevant orders

and pleadings from the litigation, and relevant caselaw concerning certain of the core legal issues in the case.

10. The parties participated in a mediation with Judge Denlow on December 16, 2013. That day-long mediation session was not successful, primarily because of the parties' widely divergent views about Plaintiff's prospects for securing class certification.

11. Following the December 16, 2013 mediation, Judge Denlow continued to engage the parties, by telephone, in additional settlement discussions. These discussions took place in numerous telephone conferences among Judge Denlow and the parties in December 2013 and January 2014, with the parties exchanging multiple offers and counteroffers during this period.

12. Ultimately, as a result of the progress made during these discussions and additional direct negotiations between them in January 2014, the parties reached an agreement in principle upon the terms of a class settlement on or about January 17, 2014. That agreement in principle was, however, expressly conditioned upon the negotiation and execution of a mutually-agreeable settlement agreement and related settlement documentation.

13. After reaching the agreement in principle, it took the parties approximately six (6) months to draft, negotiate, and execute the Settlement Agreement and related settlement documents. During this period, frequent additional negotiations were necessary over specific terms and language of the Settlement Agreement and related documents.

14. On June 12 and 13, 2014, the parties executed the Settlement Agreement.

15. Thereafter, on June 13, 2014, Plaintiff moved this Court to preliminarily approve the Settlement Agreement. This Court granted that Motion and issued an Order preliminarily approving the Settlement Agreement on June 30, 2014. *See* Dkt. No. 109 ("*Order Preliminarily Approving Settlement*").

## 28 U.S.C. § 1715 NOTICES

16. In accordance with 28 U.S.C. § 1715, I, together with firm personnel working under my direction, caused the requisite notice of the Settlement Agreement and Preliminary Approval Order (the "Section 1715 Notice") to be served upon (a) the United States Attorney General, (b) the Attorneys General of all fifty (50) states, the District of Columbia, Puerto Rico, Guam and the U.S. Virgin Islands, and (c) and numerous other state business, financial and banking regulators on June 23, 2014. A true and correct copy of the Section 1715 Notice (without exhibits) I caused to be served upon these persons and entities is attached hereto as Exhibit A.

17. To date, I have not received (and I am not aware of my office having received) any objection, inquiry, or other response to the Section 1715 Notice, excepting only that a handful of state Attorneys Generals' office contacted me to request additional copies of the materials included as part of the Section 1715 Notice and/or to request additional information about this action. In response to each inquiry, I, together with firm personnel working under my direction and supervision, caused the requested materials and/or information to be provided promptly to the requesting Attorney General's office.

## LITIGATION

18. Plaintiff filed this lawsuit on December 4, 2012 against RMS. During the more than year-long period between the filing of the Complaint and the time the Settlement Agreement was executed on June 13, 2014, and as a review of the docket in this matter confirms, Plaintiff and RMS engaged in motion practice, fact and expert discovery, and other litigation proceedings in this case. These proceedings included, without limitation, the litigation and resolution of discovery motions, the filing of Plaintiff's class certification motion, and the parties' extensive

settlement negotiations leading up to, at and following the December 16, 2013 mediation. In connection with these proceedings, the parties engaged in substantial and wide-ranging fact and expert discovery, including, among other things, RMS producing voluminous amounts of data, thousands of pages of documents, answering interrogatories about a host of issues, and proffering witnesses for depositions.

19. Through these formal and informal proceedings, the parties were able to acquire a well-developed understanding of the legal and factual issues in the case, and explore their respective factual and legal positions in detail. RMS demonstrated that it had numerous class certification and merits defenses that exposed Plaintiff to a substantial risk of recovering nothing for herself and/or the putative class in the absence of settlement. For example, as to class certification, RMS had substantial defenses that no class could be certified because, among other reasons, numerous individualized inquiries would be required to resolve RMS's defenses of consent and arbitration/class action waiver. Indeed, in the absence of settlement, RMS was prepared to demonstrate that, to determine whether any member of the putative class gave prior express consent, the facts and circumstances relating to each class member's interactions with his or her original creditor and any debtor collector preceding RMS would need to be examined class-member-by-class-member. Similarly, a separate and independent issue that exposed Plaintiff to substantial risk that certification would be denied was that many of the putative class members were subject to binding arbitration agreements that prevented them from pursuing their claims in a class action.

**<u>SUBMISSIONS BY SETTLEMENT CLASS MEMBERS</u>**

20. According to review of the docket for this matter as of today's date (approximately, two (2) weeks after the November 11, 2014 deadline for objections set by this

Court), there have been no objections to the Settlement filed with this Court. In addition, I have not received (and I am not aware of my office having received) any written objections to the Settlement. Nor have I received (or, to my knowledge, my office received) any communications (written or oral) concerning the Settlement from any member of the Settlement Class (or anyone acting or purporting to act on behalf of any member of the Settlement Class).

21. According to information provided by the Settlement Administrator as of today's date (approximately, two (2) weeks after the November 11, 2014 deadline for opt-outs set by this Court), no Successful Opt-Outs had been submitted.

I declare under the penalties of perjury of the laws of the United States of America that the foregoing is true and correct to the best of my knowledge information and belief.

Executed this 25th day of November, 2014.

/s/ Brooks R. Brown

Brooks R. Brown
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4432
202.346.4000
bbrown@goodwinprocter.com

*Attorney for Defendant RMS*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 25, 2014.

/s/ Brooks R. Brown